The Honorable Ricardo S. Martinez

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

| | |
|---|---|
| UNITED STATES OF AMERICA, Petitioner, v. MICROSOFT CORPORATION, Respondent. | No. 2:14-mc-00117-RSM<br>DECLARATION OF MICHAEL J. BERNARD IN SUPPORT OF MOTION FOR STATUS CONFERENCE |

I, Michael J. Bernard, pursuant to 28 U.S.C. § 1746, declare as follows:

1. I am Microsoft's U.S. Tax Counsel and have served in that capacity since the early 1990s. I have been involved in the Internal Revenue Service ("IRS") audit of Microsoft's taxable years ended December 31, 2004, 2005, and 2006, which are at issue in this case, and I have personal knowledge of the matters set forth herein.

2. Microsoft has not been served with the Government's Petition to Enforce Internal Revenue Service Summons. Rather, we learned of its filing through news reports published on December 15, 2014.

3. The summons dated October 30, 2014 (the "Summons") is not a typical summons under 26 U.S.C. § 7602, but is alleged to be a "designated summons" as described in 26 U.S.C. § 6503(j). The Petition fails to disclose that, during the 30 days after the



K&L GATES LLP
925 FOURTH AVENUE
SUITE 2900
SEATTLE, WASHINGTON 98104-1158
TELEPHONE: (206) 623-7580
FACSIMILE: (206) 623-7022

Summons was issued, the IRS issued an additional eighteen allegedly "related summonses" within the meaning of 26 U.S.C. § 6503(j)(1)(A)(ii) to Microsoft, KPMG LLP ("KPMG"), Ernst and Young LLP (E&Y), and current or former Microsoft, KPMG, and EY employees.

4. The IRS's audit of Microsoft's 2004-2006 taxable years began in January 2007, nearly eight years ago. Microsoft has cooperated throughout the audit, producing approximately 1.2 million pages of documents and making over 50 employees available for interviews, in response to 220 Information Document Requests ("IDRs") issued by the IRS. No summonses were issued to Microsoft before October 30, 2014.

5. On May 3, 2011, over three and one-half years ago, the IRS concluded the 2004-2006 field audit and issued a thirty-day letter, a revenue agent's report, and an external economist's report determining the IRS's proposed values for the buy-in royalties required to be paid by foreign participants as arm's length consideration to Microsoft under 26 U.S.C. § 482 for pre-existing intangibles made available by Microsoft in two cost sharing arrangements. These cost sharing arrangements covered the production and distribution of software products in certain Asian and Pacific markets and Western Hemisphere markets (the "APAC Cost Sharing Arrangement" and the "Americas Cost Sharing Arrangement," respectively).

6. In response to the thirty-day letter, Microsoft filed a protest brief on June 29, 2011. Microsoft's protest would normally have resulted in the IRS Examination Division's forwarding this dispute to the IRS Appeals Division, which has the authority to settle tax disputes on behalf of the IRS.



K&L GATES LLP
925 FOURTH AVENUE
SUITE 2900
SEATTLE, WASHINGTON 98104-1158
TELEPHONE: (206) 623-7580
FACSIMILE: (206) 623-7022

7. The IRS did not allow the dispute to proceed to the IRS Appeals Division. Instead, the Director of Transfer Pricing Operations ("TPO") within the IRS Large Business & International Examination Division asked for six months to conduct additional field work for the purpose of developing a secondary or alternative buy-in value and a transfer pricing adjustment with respect to the Americas Cost Sharing Arrangement. The six-month extended audit has gone on now for three years. The IRS engaged over a half dozen additional external experts in economics, finance, software technology, marketing, and the software industry. They produced an economic model, expert reports, and oral advice to the IRS in support of an alternative buy-in valuation and transfer pricing adjustment with respect to the Americas Cost Sharing Arrangement. The IRS presented its alternative buy-in/pricing model, two supporting expert reports, and a summary of the experts' oral advice to Microsoft in a meeting on January 14, 2014.

8. Throughout the extended audit Microsoft repeatedly expressed its desire that, once the IRS completed its secondary valuation, the case move to the IRS Appeals Division for settlement negotiations. At the January 2014 presentation, the TPO asked us to enter into direct settlement negotiations before the case would be sent to the IRS Appeals Division. After some preliminary discussions, we declined to negotiate with the TPO, because the TPO wanted to limit such discussions to agreeing upon modifications to the secondary valuation model without any discussion of the parties' respective litigation hazards under 26 U.S.C. § 482, the regulations thereunder, and the decided case law.

9. On May 19, 2014, unbeknownst to Microsoft at that time, the IRS engaged the law firm of Quinn Emanuel Urquhart & Sullivan, LLP ("Quinn Emanuel"). The TPO



K&L GATES LLP
925 FOURTH AVENUE
SUITE 2900
SEATTLE, WASHINGTON 98104-1158
TELEPHONE: (206) 623-7580
FACSIMILE: (206) 623-7022

disclosed Quinn Emanuel's involvement in a letter dated August 28, 2014. In September, 2014, the IRS gave us a copy of the Performance Work Statement from the government contract, which described the engagement of Quinn Emanuel as "an expert in commercial litigation (the 'Contractor') to assist with the evaluation, analysis, presentation and defense of claims or adjustments related to the issues under examination."

10. On June 14, 2014, less than one month after the IRS engaged Quinn Emanuel, the Treasury Department issued in proposed and temporary form an amended regulation, 26 C.F.R. § 301.7602-1(T)(b)(1).

11. During the summer of 2014, the TPO advised us, for the first time, that the IRS was considering whether to "designate for litigation" the Microsoft case pursuant to Internal Revenue Manual ("IRM") Part 33.3.6. Under IRM Part 33.3.6.1(2), designating a case for litigation bars the IRS Appeals Division from settling the case other than by the taxpayer's 100% concession of the designated issue. The TPO advised Microsoft that it would decide whether to seek designation after taking 32 depositions in September and October 2014.

12. Following these depositions, the IRS did not advise us whether it would designate the case for litigation. Instead, on October 30, 2014, it issued the Summons that is at issue here. The Summons states 48 separate document requests. Many of these requests are new requests and seek documents not previously requested in IDRs. The IRS set a response date of November 20, 2014, and refused to extend the response date. We responded to the Summons on November 20, 2014, and we currently are conducting due diligence to ascertain whether there are additional documents responsive to these requests.



K&L GATES LLP
925 FOURTH AVENUE
SUITE 2900
SEATTLE, WASHINGTON 98104-1158
TELEPHONE: (206) 623-7580
FACSIMILE: (206) 623-7022

13. We granted eight extensions of the statute of limitations (IRS Forms 872) during the audit. The statute of limitations under 26 U.S.C. § 6501 is set to expire on December 31, 2014. Based on discussions with the Examination team to verify certain amounts to be included in a statutory notice of deficiency, I understand that the IRS was prepared to issue the statutory notice of deficiency on or about December 15, 2014, asserting its primary and/or secondary valuations with respect to the APAC and Americas Cost Sharing Arrangements.

I declare under penalty of perjury that the foregoing is true and correct.

Executed on this 18th day of December, 2014.

/s/ Michael J. Bernard

MICHAEL J. BERNARD



K&L GATES LLP
925 FOURTH AVENUE
SUITE 2900
SEATTLE, WASHINGTON 98104-1158
TELEPHONE: (206) 623-7580
FACSIMILE: (206) 623-7022

**CERTIFICATE OF SERVICE**

I hereby certify under penalty of perjury that on December 18, 2014, I electronically filed the foregoing with the Clerk of the Court using the CM/ECF system, which will send notification of such filing to all parties.

s/ Robert B. Mitchell
Robert B. Mitchell
K&L GATES LLP



K&L GATES LLP
925 FOURTH AVENUE
SUITE 2900
SEATTLE, WASHINGTON 98104-1158
TELEPHONE: (206) 623-7580
FACSIMILE: (206) 623-7022