1

2

3

4

5

6

7

IN THE UNITED STATES DISTRICT COURT FOR THE

8                         WESTERN DISTRICT OF WASHINGTON

9

10   UNITED STATES OF AMERICA,                )
                                              )        Case No. 2:14-mc-00117-RSM
11              Petitioner,                    )
                                              )        **UNITED STATES' OPPOSITION TO**
12              v.                            )        **RESPONDENT'S MOTION FOR A**
                                              )        **STATUS CONFERENCE**
13   MICROSOFT CORPORATION,                   )
                                              )
14              Respondent.                    )
     _____)

15

16          The United States, through undersigned counsel, opposes respondent's motion for a

17   status conference.  Indeed, holding a status conference would represent a significant retreat from

18   the customary and Supreme Court-sanctioned procedure of treating summons enforcement cases

19   as summary in nature and proceeding expeditiously to a show cause hearing preceded by an

20   opportunity for full briefing by both parties.

21          Microsoft professes to seek a status conference to educate the court about the nature of

22   the IRS examination, including Microsoft's affirmative defenses to enforcement of the summons,

23   "and to discuss whether an evidentiary hearing would be helpful to the Court."  It notes later in

United States' Opposition to Respondent's            **U.S. Department of Justice**
Motion for a Status Conference                       P.O. Box 683
                                                     Washington, D.C. 20044-0683

1

1   its submission that it intends to show that the IRS has acted in bad faith in issuing the designated

2   summons and that enforcement would be an abuse of process.  As discussed in greater detail

3   below, however, a status conference is hardly the proper forum to discuss these substantive

4   matters.  Whatever affirmative defenses Microsoft believes it has to enforcement, and any facts

5   and circumstances it believes support the need for an evidentiary hearing, can be presented to the

6   Court in an orderly fashion at the show cause hearing, prior to which both parties will be able to

7   fully brief the Court on all issues.

8                                                  **STATEMENT OF FACTS**

9          The United States does not believe it is appropriate at this stage to specifically address

10  the Statement of Facts contained in Microsoft's motion, as this Court is not being requested to

11  make factual findings.  In any event, these facts do not, as Microsoft alleges, support any finding

12  of institutional bad faith or improper purpose on the part of the IRS.[1]

13         As Microsoft notes, in addition to issuing the designated summons at issue, the IRS has

14  also issued a number of related summonses.  The United States has filed enforcement actions as

15  to nine of these related summonses as miscellaneous cases in this judicial district:

16         *United States v. Ballmer*,  MC14-0127-JCC-BAT
           *United States v. Allchin*,  MC14-0128-RSM-MAT
17         *United States v. Roskill*,  MC14-0129-RAJ-JPD
           *United States v. Ayala*,  MC14-0130-MJP-MAT

18
_____

19
20         [1]  Contrary to Microsoft's suggestion that something is amiss because it was not served with a copy
    of the petition, but instead read about the petition in the newspaper, the ordinary procedure is for the
    respondent in a summons enforcement action not to be served with the petition, supporting declaration,
21  and the Order to Show Cause setting forth a briefing schedule until after the Court has entered the Order
    to Show Cause.  *See* Fed. R. Civ. P. 4.1 (setting forth procedures for serving process other than a
22  summons under Rule 4).

23

United States' Opposition to Respondent's                    **U.S. Department of Justice**
Motion for a Status Conference                               P.O. Box 683
                                                             Washington, D.C. 20044-0683

*United States v. Raikes*,  MC14-0126-JLR-MAT
*United States v. Mundie*,  MC14-0125-RAJ-BAT
*United States v. Ernst & Young*, MC14-0131-MJP-JPD
*United States v. Microsoft* (November 19 related summons) (filed December 24, docket
        number not available)
*United States v. Microsoft* (November 20 related summons) (filed December 24, docket
        number not available)

The first six actions involve testimonial related summonses issued to current or former Microsoft

employees; the action filed against Ernst & Young involves a related summons issued to third-

party recordkeeper Ernst & Young; and the two additional actions against Microsoft involve

related summonses issued to Microsoft for additional documents.[2]  In addition, the United States

has filed two summons enforcement actions for related summonses in two other judicial districts:

*United States v. Veghte*, 4:14-cv-05565-JST (N.D. Cal. filed Dec. 22, 2014), and *United States v.*

*Mathews*, 2:14-mc-1169 (C.D. Cal. filed Dec. 22, 2014).  Both involve testimonial related

summonses issued to former Microsoft employees who now reside in California.

## ARGUMENT

### I.      Legal background.

Before explaining why a status conference is not warranted, it may be helpful to the

Court to set out briefly the legal background for summons enforcement proceedings generally,

and for designated summonses in particular.

---

[2]  The United States notes that, because the factual and legal issues relating to the various
enforcement actions differ somewhat, it may be beneficial for this Court to group together, for briefing
and decision, the six individual, testimonial summons enforcement actions and the two related summons
issued to Microsoft, while leaving the instant designated summons action and the related summons action
filed against Ernst & Young to be briefed and heard separately.

United States' Opposition to Respondent's                    **U.S. Department of Justice**
Motion for a Status Conference                               P.O. Box 683
                                                             Washington, D.C. 20044-0683

3

1    **A.      Summary nature of summons enforcement proceedings.**

2          The IRS routinely issues summonses to taxpayers to request information (which may

3    include both documents and testimony) in support of an examination into the taxpayer's liability.

4    *See* 26 U.S.C. § 7602 *et seq.* (describing IRS summons authority and procedures).  As the courts

5    have repeatedly noted, the IRS summons authority is "broad."  *See, e.g.*, *United States v. Clarke*,

6    — U.S. —, 134 S. Ct. 2361, 2364-2365 (2014).

7           Because a summons is not self-enforcing, however, "[t]he IRS must seek enforcement

8    from a federal district court" if the summoned party does not comply.  *United States v. Gilleran*,

9    992 F.2d 232, 233 (9th Cir. 1993) (*citing United States v. Samuels, Kramer & Co.,* 712 F.2d

10   1342, 1344 (9th Cir. 1983)).  While enforcement proceedings are adversarial in nature (not *ex*

11   *parte*), courts – including the Supreme Court – "have also emphasized that summons

12   enforcement proceedings are to be 'summary in nature,'" as the purpose of judicial enforcement

13   is not to make a liability determination, but simply to allow the IRS to obtain the remaining

14   information it needs to complete its administrative-level examination and make a determination

15   of liability.  *United States v. Clarke, supra*, 134 S. Ct. at 2367 (citations omitted).  As the

16   Supreme Court has recognized, "such an investigatory tool . . . is a crucial backstop in a tax

17   system based on self-reporting."  *Id.* (citations omitted).

18          Accordingly, to obtain enforcement of an IRS summons, the longstanding rule,

19   established in *United States v. Powell*, 379 U.S. 48, 57-58 (1964), is that United States may

20   establish the IRS's "good faith" in issuing the summons by making a showing that the summons:

21   (1) was issued for a legitimate purpose; (2) seeks information that may be relevant to that

22   purpose; (3) seeks information that is not already within the IRS's possession; and (4) satisfies

23   all administrative steps required by the United States Code.  As the Ninth Circuit has explained,

United States' Opposition to Respondent's                      **U.S. Department of Justice**
Motion for a Status Conference                                 P.O. Box 683
                                                               Washington, D.C. 20044-0683

1   "the government's burden under *Powell* 'is 'a slight one,'" *see Stewart v. United States*, 511 F.3d

2   1251, 1254 (9th Cir. 2008) (*quoting Fortney v. United States*, 59 F.3d 117, 120 (9th Cir. 1995)),

3   which the IRS typically satisfies by submitting a declaration from the investigating agent.  *See,*

4   *e.g., Clarke, supra* (citation omitted)*; see also Stewart, supra*.  Once the United States has

5   established the IRS's good faith, "the district court issues an order requiring the taxpayer to show

6   cause, at an enforcement hearing, why the summons should not be enforced."  *Gilleran*, 992 F.2d

7   at 233 (*citing Samuels, Kramer and Co.*, 712 F.2d at 1345).

8          At the enforcement hearing, the taxpayer has a "heavy" burden to defeat enforcement by

9   showing an "abuse of process" or "the lack of institutional good faith."  *Fortney*, 59 F.3d at 119.

10  In a case decided just last term, the Supreme Court addressed the standard a taxpayer must meet

11  in order to be permitted to question the examining agents at an evidentiary hearing.  In *United*

12  *States v. Clarke,* — U.S. —, 134 S. Ct. 2361, 2367 (2014), the Court held that a taxpayer is

13  required to "point to specific facts or circumstances plausibly raising an inference of bad faith."

14  "Naked allegations of improper purpose are not enough."  *Id*.  The Court expressed confidence

15  that this standard will not "turn[] every summons dispute into a fishing expedition for official

16  wrongdoing."  *Id.*

17          **B.     Issuance of designated summonses.**

18          In connection with its examinations of large corporations that are being examined under

19  the "Coordinated Industry Case" program,  the IRS may issue a designated summons.  26 U.S.C.

20

21

22

23

United States' Opposition to Respondent's                    **U.S. Department of Justice**
Motion for a Status Conference                               P.O. Box 683
                                                             Washington, D.C. 20044-0683

§ 6503(j)(1); I.R.M. § 25.5.3.3(2).[3]  Although issuance of a designated summons does not itself toll the running of the statute of limitations on assessment, the IRS may unilaterally extend the statute by seeking judicial enforcement of the designated summons (or of any related summonses issued within thirty days of the issuance of the designated summons) before the expiration of the statute of limitations.  Once the summons enforcement action is timely filed, the statute of limitations is tolled during the judicial enforcement period and for either 60 or 120 days thereafter.  26 U.S.C. § 6503(j)(1), (3).

A designated summons must meet three specific requirements:

(1)     Prior to issuance, a designated summons must be reviewed by Area Counsel of the Office of Chief Counsel, for the region where the examination is being conducted.  26 U.S.C. § 6503(j)(2)(A)(i);

(2)     A designated summons must be issued at least 60 days before the statute of limitations will expire (including any extensions the taxpayer has agreed to).  26 U.S.C. § 6503(j)(2)(A)(ii);

(3)     The summons must specifically state on its face that it is a designated summons.  26 U.S.C. § 6503(j)(2)(A)(iii).

In this case, the declaration of IRS Senior Internal Advisor Eli Hoory established that the IRS took all administrative steps required by the Internal Revenue Code for issuance of a designated summons.  (Hoory Decl., ¶ 13.)

---

[3]  The statute refers to the "coordinated examination program (or any successor program)."  26 U.S.C. § 6503 (j)(1).  The Coordinated Industry Case program is the successor to the coordinated examination program.  *See* I.R.M. § 25.5.3.3.1(1)(a).

1    The standard for enforcing a designated summons remains the *Powell* standard; the IRS

2    need not make any showing that the taxpayer had been uncooperative in the audit prior to the

3    issuance of the summons.  *United States v. Derr,* 968 F.2d 943 (9th Cir. 1992).

4    Although the IRS may issue only one designated summons per return, it may issue other

5    summonses that relate to the same return within the 30-day period beginning when the

6    designated summons is issued, and those related summonses, if filed prior to the expiration of the

7    statute of limitations, will also toll the statute during the judicial enforcement period.   26 U.S.C.

8    § 6503(j)(1)(A)(ii).   As  noted in Microsoft's motion and above, the IRS did issue related

9    summonses in this matter, and has filed enforcement actions as to eleven of them, nine of which

10   are pending in this judicial district.

11              **II.      A status conference is not warranted at this time.**

12   Presumably one of the major points Microsoft wishes to address at a status conference is

13   its statement that the filing of this summons enforcement action was "at best premature," as

14   Microsoft is allegedly cooperative and has purportedly "advised the IRS of its intent to comply

15   with the IRS's document requests."  (Motion, at 6.)  But this argument wildly misses the mark.

16   Whether Microsoft has been cooperative in the past and will be cooperative in the future is

17   irrelevant, for purposes of whether the IRS was permitted to file this enforcement action.  With

18   the looming expiration of the statute of limitations on December 31, 2014, the IRS was faced

19   with a binary choice:  either issue a statutory notice of deficiency by that date, based on what it

20   believes is incomplete information; or file a timely petition to enforce the designated summons –

21   as Congress has expressly permitted it to do – thereby extending the statute and preserving the

22   opportunity to obtain more complete information before making a final determination as to any

23   notice of deficiency.

United States' Opposition to Respondent's                      **U.S. Department of Justice**
Motion for a Status Conference                                 P.O. Box 683
                                                               Washington, D.C. 20044-0683

7

1      A status conference is generally held to discuss scheduling and other procedural matters,

2  not to delve into the substance of a case.  In a summons enforcement proceeding, however,

3  where the only question before the Court is whether the IRS is entitled to the information sought,

4  there is no need to discuss these types of procedural matters.[4]  Once an Order to Show Cause is

5  issued, based on the *prima facie* showing made in the Petition and supporting Declaration,

6  Microsoft will be able to present its affirmative defenses to enforcement of the summons, and to

7  present for the Court's consideration the specific facts and circumstances that it believes

8  plausibly raise an inference of bad faith.

9                      **CONCLUSION**

10      There is a well-established summary procedure for summons enforcement cases.  There

11  is not one procedure for most taxpayers and a different procedure for large taxpayers or for

12  designated summons cases.  The Court should proceed to issue the United States' proposed

13  Order to Show Cause and allow the parties to brief their respective positions on enforcement.

14

15

16

17

18

---

19

20      [4] Moreover, this Court's own local rules exempt from scheduling orders any cases filed as miscellaneous matters, as well as any cases exempt from initial disclosure requirements under Fed. R. Civ. P. 26, *see* LCR 16(b)(5), further calling into question the need for a status conference.  (*See* Fed. R.

21  Civ. P. 26(a)(1)(B)(v) (exempting actions to enforce an administrative summons from initial disclosure)).

22

23

United States' Opposition to Respondent's         **U.S. Department of Justice**
Motion for a Status Conference              P.O. Box 683
                                     Washington, D.C. 20044-0683

1    Dated this 24th day of December, 2014.

2                         DAVID A. HUBBERT
                            Deputy Assistant Attorney General

3

4                         */s Noreene Stehlik*
                         */s Jeremy Hendon*
                         */s Amy Matchison*

5                         NOREENE STEHLIK
                         Senior Litigation Counsel, Tax Division

6                         JEREMY HENDON
                         AMY MATCHISON

7                         Trial Attorneys, Tax Division
                         U.S. Department of Justice

8                         P.O. Box 683, Ben Franklin Station
                         Washington, DC 20044-0683

9                         Email:  Noreene.C.Stehlik@usdoj.gov
                                      Jeremy.Hendon@usdoj.gov

10                                      Amy.T.Matchison@usdoj.gov
                                      Western.TaxCivil@usdoj.gov

11                         Telephone:    (202) 514-6489
                                        (202) 353-2466

12                                        (202) 307-6422

13                         ANNETTE L. HAYES
                         Acting United States Attorney

14                         Western District of Washington
                         *Attorneys for the United States of America*

15

16

17

18

19

20

21

22

23

United States' Opposition to Respondent's        **U.S. Department of Justice**
Motion for a Status Conference                 P.O. Box 683
                                             Washington, D.C. 20044-0683

9

1

## <u>CERTIFICATE OF SERVICE</u>

2      IT IS HEREBY CERTIFIED that service of the foregoing **UNITED STATES'**

3 **OPPOSITION TO RESPONDENT'S MOTION FOR A STATUS CONFERENCE** has been

4 made this 24th day of December, 2014, via the Court's ECF system to all parties.

5                                   <u>/s/ Amy Matchison</u>
                                         AMY MATCHISON
6                                   Trial Attorney, Tax Division
                                         U.S. Department of Justice

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

United States' Opposition to Respondent's                    **U.S. Department of Justice**
Motion for a Status Conference                                P.O. Box 683
                                                              Washington, D.C. 20044-0683