The Honorable Ricardo S. Martinez

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>                                 Petitioner,<br><br>    v.<br><br>MICROSOFT CORPORATION,<br><br>                                 Respondent. | No. 2:14-mc-00117-RSM<br><br>REPLY IN SUPPORT OF MICROSOFT'S MOTION FOR A STATUS CONFERENCE<br><br>NOTE ON MOTION CALENDAR: December 26, 2014 |

## I.   INTRODUCTION

On December 11, 2014, the United States petitioned this Court to enforce an IRS summons against Microsoft. By December 24, petitioner had filed at least 11 additional actions seeking to enforce "related" summonses against Microsoft, against current and former Microsoft executives, and against a Microsoft consultant. More such actions appear to be imminent. This fusillade reinforces the appropriateness of a status conference at which the Court can consider case consolidation and a briefing schedule, among other preliminary matters.

## II.   STATEMENT OF FACTS

Petitioner's Opposition does not challenge the facts set forth in the Declaration of Michael J. Bernard in Support of Microsoft's Motion for a Status Conference (Dkt. 7). To the

REPLY BRIEF IN SUPPORT OF
MICROSOFT'S MOTION FOR A
STATUS CONFERENCE– 1
Case No. 2:14-mc-00117-RSM

K&L GATES LLP
925 FOURTH AVENUE
SUITE 2900
SEATTLE, WASHINGTON 98104-1158
TELEPHONE: (206) 623-7580
FACSIMILE: (206) 623-7022

contrary, petitioner confirms Mr. Bernard's statement about the issuance of numerous "related" summonses, which petitioner previously failed to disclose to the Court. *Compare* Bernard Decl., ¶ 3, *with* Opposition at 2-3. Petitioner admits that the IRS's purpose in issuing this barrage of summonses with unreasonable and inflexible deadlines, followed shortly thereafter by enforcement actions, was aimed at unilaterally suspending the statute of limitations. *Compare* Bernard Decl., ¶¶ 12-13, *with* Opposition at 6-7. Petitioner implicitly admits that Microsoft has cooperated throughout the IRS's seven-year-long audit. *Compare* Bernard Decl., ¶ 4, *with* Opposition at 7 ("Whether Microsoft has been cooperative in the past or will be cooperative in the future is irrelevant . . . ."). Petitioner ignores Mr. Bernard's testimony about the IRS's own conduct, evidently hoping that this, too, "is irrelevant."

## III. ARGUMENT

Petitioner asserts that a status conference is "not warranted at this time" (Opposition at 7). Petitioner's Opposition, however, reinforces why a status conference would serve the interest of judicial economy.

Petitioner argues that granting a status conference would be inconsistent with the summary nature of a summons enforcement proceeding under *United States v. Powell*, 379 U.S. 48, 85 S.Ct. 248, 13 L.Ed.2d 112 (1964). This argument rests on the mistaken premise that the status conference would be a substitute for a show-cause hearing. Furthermore, the argument assumes, erroneously, that the IRS has already carried its burden under *Powell* to make a prima facie showing that supports the issuance of a show-cause order.

REPLY BRIEF IN SUPPORT OF
MICROSOFT'S MOTION FOR A
STATUS CONFERENCE– 2
Case No. 2:14-mc-00117-RSM

K&L GATES LLP
925 FOURTH AVENUE
SUITE 2900
SEATTLE, WASHINGTON  98104-1158
TELEPHONE: (206) 623-7580
FACSIMILE: (206) 623-7022

Microsoft requested the status conference so that the Court could address several procedural issues in order to *streamline* any show-cause hearing, *not replace it*. Such a conference would assist the Court in:

- addressing whether the IRS is entitled to a show-cause hearing, given that the Petition and supporting declaration fail to allege specific facts showing the IRS's satisfaction of the pre-issuance review requirement under 26 U.S.C. § 6503(j)(2)(a)(i), a statutory condition precedent to the issuance of a valid designated summons. *See* Motion at 2 n.2.

- clarifying the potential scope of the proceeding, given that the IRS has issued eighteen "related" summonses;

- establishing a briefing schedule, given that Microsoft will be asserting affirmative and other defenses to the summonses' enforcement; and

- discussing whether an evidentiary hearing under *United States v. Clarke*, _ U.S. _, 134 S. Ct. 2361 (2014), is appropriate and, if so, when that hearing should be held.

As the Supreme Court recognized in *Powell* and *Clarke*, the summoned party is entitled to argument, if not also an evidentiary hearing, to enable a court, if appropriate, to decline to enforce the summons on the basis that the summons was issued in bad faith or for an improper purpose or that its enforcement would be an abuse of the court's process.

Now that petitioner has filed nine other show-cause petitions in the Western District of Washington, as well as two other show-cause petitions in California,[1] this Court is faced with the urgent question of how best to deal with all these related actions. Microsoft believes that

---

[1] The United States has yet to file petitions to enforce six other "related" summonses issued in

REPLY BRIEF IN SUPPORT OF
MICROSOFT'S MOTION FOR A
STATUS CONFERENCE– 3
Case No. 2:14-mc-00117-RSM

K&L GATES LLP
925 FOURTH AVENUE
SUITE 2900
SEATTLE, WASHINGTON  98104-1158
TELEPHONE: (206) 623-7580
FACSIMILE: (206) 623-7022

all of them should be consolidated with this case, in this Court.  Petitioner suggests that the other Western District petitions should be consolidated for consideration separate from the alleged "designated" summons at issue here (Opposition at 3 n.2) and from the "related" summons issued to Microsoft's consultant, but this makes no sense:

- All of the other summonses (including two directed to Microsoft itself) are admittedly "related" to the "designated" summons in this case.
- The IRS served Microsoft with notice under 26 U.S.C. § 7609(a) with respect to each of the other summonses, and Microsoft is entitled to intervene as of right in those summons enforcement proceedings.
- Many if not all affirmative defenses apply to all of the summonses.

Judicial economy and efficiency will plainly be served if one judge can rule on these many summonses.  Accordingly, Microsoft intends to file a motion to consolidate the related Western District enforcement proceedings with the instant case.  Microsoft further intends to file motions in the related enforcement proceedings pending in other districts to change venue to the Western District or to stay these proceedings pending the outcome of the instant case.

Another procedural issue for discussion at a status conference is the setting of an appropriate briefing schedule, should a show-cause order be issued.  Petitioner's proposed show-cause order calls for petitioner to be given a longer response time than normal (namely, 25 days), no doubt in anticipation that Microsoft will be asserting affirmative defenses.  It would be useful for the Court to set reasonable dates for both parties' briefing of the issues.  Those dates depend, in part, on the scope of this proceeding.

---

this case.

REPLY BRIEF IN SUPPORT OF
MICROSOFT'S MOTION FOR A
STATUS CONFERENCE– 4
Case No. 2:14-mc-00117-RSM

K&L GATES LLP
925 FOURTH AVENUE
SUITE 2900
SEATTLE, WASHINGTON  98104-1158
TELEPHONE: (206) 623-7580
FACSIMILE: (206) 623-7022

A final procedural issue for discussion at a status conference is how *Clarke* applies here. In that case, the Supreme Court ruled that an evidentiary hearing is appropriate if the facts or circumstances "plausibly rais[e] an inference of bad faith." 134 S.Ct. at 2367. *Clarke* provides no guidance on when, during an enforcement proceeding, this determination should be made. In the present case, the Court may prefer to decide whether Microsoft has met the standard for an evidentiary hearing either before or after any show-cause hearing. Microsoft respectfully submits that the interests of judicial economy and efficiency will best be served by a decision on an evidentiary hearing *before* any show-cause hearing takes place, so that witnesses can testify as part of the show-cause hearing if an evidentiary hearing is warranted.

Apart from *United States v. Derr*, 968 F.2d 943 (9th Cir. 1992), which predated the pre-issuance review requirement under 26 U.S.C. § 6503(j)(2)(a)(i), no court has been asked to rule on the enforceability of a designated summons. *Derr* held that a taxpayer's cooperation in producing information during an audit is not an absolute defense to enforcement of a designated summons, and that the *Powell* standard applies to a designated summons. *See id*. at 945-46. Microsoft is not seeking to re-litigate *Derr*. Rather, Microsoft believes that, under *Powell* and *Clarke*, the allegedly "designated" summons and the "related" summonses should not be enforced. Contrary to petitioner's assertion that a status conference would somehow undermine the *Powell* standard, Microsoft submits that a status conference would assist the Court in applying the *Powell* standard in a show-cause hearing to the specific facts and circumstances in this case.

REPLY BRIEF IN SUPPORT OF
MICROSOFT'S MOTION FOR A
STATUS CONFERENCE– 5
Case No. 2:14-mc-00117-RSM

K&L GATES LLP
925 FOURTH AVENUE
SUITE 2900
SEATTLE, WASHINGTON 98104-1158
TELEPHONE: (206) 623-7580
FACSIMILE: (206) 623-7022

## IV. CONCLUSION

Microsoft respectfully requests that its motion be granted and that the Court issue an order scheduling a status conference before any show-cause order is issued.

Respectfully submitted this 26th day of December, 2014.

        K&L GATES LLP

        By /s/ Robert B. Mitchell
           Robert B. Mitchell, WSBA #10874
        Attorneys for Respondent
        Microsoft Corporation
        925 Fourth Ave., Suite 2900
        Seattle, WA 98104-1158
        (206) 623-7580
        (206) 623-7022 (Fax)
        rob.mitchell@klgates.com

| BAKER & McKENZIE LLP | BAKER & McKENZIE LLP |
|---|---|
| By /s/ James M. O'Brien | By /s/ Daniel Rosen |
|    James M. O'Brien, ILBA #6180576 |    Daniel Rosen, NYBA #2790442 |
| Attorneys for Respondent | Attorneys for Respondent |
| Microsoft Corporation | Microsoft Corporation |
| 300 East Randolph Street, Suite 5000 | 452 Fifth Avenue |
| Chicago IL  60601 | New York NY  10018 |
| (312) 861-8602 | (212) 626-4272 |
| (312) 698-2323 (Fax) | (212) 310-1672 (Fax) |
| james.m.o'brien@bakermckenzie.com | daniel.rosen@bakermckenzie.com |

REPLY BRIEF IN SUPPORT OF
MICROSOFT'S MOTION FOR A
STATUS CONFERENCE– 6
Case No. 2:14-mc-00117-RSM

K&L GATES LLP
925 FOURTH AVENUE
SUITE 2900
SEATTLE, WASHINGTON  98104-1158
TELEPHONE: (206) 623-7580
FACSIMILE: (206) 623-7022

## **CERTIFICATE OF SERVICE**

I hereby certify under penalty of perjury that on December 26, 2014, I electronically filed the foregoing with the Clerk of the Court using the CM/ECF system, which will send notification of such filing to all parties.

                                                  s/ Robert B. Mitchell
                                                  Robert B. Mitchell
                                                  K&L GATES LLP

REPLY BRIEF IN SUPPORT OF MICROSOFT'S MOTION FOR A STATUS CONFERENCE– 7

Case No. 2:14-mc-00117-RSM

K&L GATES LLP
925 FOURTH AVENUE
SUITE 2900
SEATTLE, WASHINGTON 98104-1158
TELEPHONE: (206) 623-7580
FACSIMILE: (206) 623-7022