1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26

UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF WASHINGTON

UNITED STATES OF AMERICA,

                              Petitioner,

        v.

MICROSOFT CORPORATION, et al.,

                              Respondents.

Case No. 2:15-cv-00102-RSM

ORDER TO SHOW CAUSE AND TO
SET BRIEFING SCHEDULE

This matter comes before the Court upon Motion for Status Conference by Intervenor Microsoft Corporation ("Microsoft") (Dkt. # 6), as well as request for issuance of a Show Cause Order by Petitioner the United States (*see* Dkt. # 1). Microsoft moves the Court to hold a scheduling conference prior to acting on Petitioner's request for a show cause order to address various preliminary matters. As set forth in this Court's parallel order in *United States v. Mundie*, C15-103, the Court finds the issues raised in Microsoft's motion to be largely moot and the remaining procedural matters readily capable of resolution by the parties without the Court's intervention. Accordingly, the Court denies Microsoft's request for a scheduling conference.

The Court finds that Petitioner has made the requisite *prima facie* showing to obtain enforcement of summonses with respect to each of the petitions in this consolidated action. *See United States v. Powell*, 379 U.S. 48, 57-58 (1964). Petitioner has submitted a declaration

of the responsible Internal Revenue Service ("IRS") investigating agent in support of each

petition, attesting to the lawful purpose of its investigations, the relevance and necessity of the

inquiries, and the satisfaction of administrative steps for issuance and service of summons.

*See United States v. Clarke*, 134 S.Ct. 2361, 2365 (2014) (noting that to satisfy its initial

burden, the IRS "usually files an affidavit from the responsible investigating agent").

Accordingly, the burden shifts to the taxpayer to show cause, at an enforcement hearing, why

the summons should not be enforced. *United States v. Gilleran*, 992 F.2d 232, 233 (9th Cir.

1993).

The only question remaining concerns the scheduling deadlines to precede the show

cause hearing. Microsoft represents that it will file a motion for an evidentiary hearing,

pursuant to *United States v. Clarke*, 134 S.Ct. 2361, which would be efficiently considered

prior to the hearing on issuance of summons. The Court agrees. As scheduling issues

pertaining to a putative evidentiary hearing and the instant show cause order may be

efficiently resolved without Court intervention, and in order to conserve judicial resources,

the Court instructs the parties to confer as to an appropriate briefing and hearing schedule and

to submit their proposed deadlines with the Court within five (5) days of the entry of this

Order.

Accordingly, it is hereby ORDERED that:

(1) Microsoft's Motion for Status Conference (Dkt. # 6) is DENIED.

(2) Respondents in these consolidated cases or their counsel are ORDERED to show

cause before United States Judge Ricardo S. Martinez why they should not be

compelled to comply with the Internal Revenue Service designated summonses

served upon them, in accordance with the timeline to be conferred upon forthwith by the parties and entered by the Court.

(3) The parties are directed to meet and confer regarding deadlines for briefing Microsoft's intended motion for evidentiary hearing as well as the instant show cause hearing. The parties are further directed to submit to the Court proposed deadlines, including the date for the show cause hearing, within five (5) days of the entry of this Order.

(4) A copy of this Order, together with the consolidated petitions and attached declaration and exhibits, shall be served upon Respondents' counsel James M. O'Brien in accordance with Fed. R. Civ. P. 4, within 30 days of the date that this Order is served upon counsel for the United States or as soon thereafter as possible. Pursuant to Fed. R. Civ. P. 4.1(a), the Court hereby appoints Revenue Agent Douglas M. Odell, and all other persons designated by him, to effect service in this case. Service may also be effectuated by the United States Marshal's Service.

(5) Proof of any service performed pursuant to paragraph 4 above shall be filed with the Clerk as soon as practicable.

(6) At the show cause hearing, the Court will consider all issues raised by Respondents. Only those issues brought into controversy by the responsive pleadings and supported by affidavit or declaration will be considered. Any contested allegation in the petitions will be considered admitted.

(7) Respondents may notify the Court, in a writing filed with the Clerk and served on counsel for the United States in Washington, D.C. at least 14 days prior to the date

to be set forth for the show cause hearing, that Respondents have no objection to
enforcement of the summons. The Respondents' appearance at the hearing will
then be excused.

Dated this 13th day of February 2015.


RICARDO S. MARTINEZ
UNITED STATES DISTRICT JUDGE

ORDER TO SHOW CAUSE AND TO SET BRIEFING SCHEDULE - 4