THE HONORABLE RICARDO S. MARTINEZ

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>                Petitioner,<br><br>  vs.<br><br>MICROSOFT CORPORATION, et al.,<br><br>                Respondents. | NO. 2:15-cv-00102 RSM<br><br>MOTION FOR EVIDENTIARY HEARING<br><br>ORAL ARGUMENT REQUESTED<br><br>NOTE ON MOTION CALENDAR:<br>April 24, 2015 |

The IRS issued summonses seeking documents and testimony in connection with its audit of Microsoft. The United States filed this case and a companion case asking the Court to enforce the summonses. The Court issued an order in each case to show cause why the Court should not enforce the summonses. For the reasons set forth below and in the accompanying Memorandum of Evidence and Authority ("Memorandum"), Microsoft is entitled to (1) an evidentiary hearing and (2) narrowly-tailored document discovery. Microsoft presents credible evidence plausibly raising an inference of abuse of process, which is a ground for not enforcing the summonses. This entitles Microsoft to an evidentiary hearing. And Microsoft makes a

MOTION FOR EVIDENTIARY HEARING - 1

Case No.: 2:15-cv-00102 RSM

substantial preliminary showing of an abuse of process. This warrants discovery to further support Microsoft's response to the Court's show-cause order.

The Court should grant Microsoft an evidentiary hearing. Once the Court considers Microsoft's evidentiary showing and rules that Microsoft has made the required showing, the Court should grant Microsoft the limited document discovery Microsoft seeks.

Only after the evidentiary hearing and subsequent document discovery should the Court receive briefing and argument on the ultimate question of whether Microsoft has shown cause why the Court should not enforce the summonses.

\* \* \*

The typical sequence of events in summons-enforcement proceedings is as follows:

1. Because IRS summonses are not self-enforcing, *see* 26 U.S.C. § 7604, to obtain a court's enforcement of a summons, the IRS must first make an initial showing that, among other things, it issued the summons to seek information relevant to a legitimate purpose, *United States v. Powell*, 379 U.S. 48 (1964).

2. If the IRS makes that initial showing, then the court issues an order to show cause why it should not enforce the summons. Here, the Court found that the government has made the requisite initial showing and issued a show-cause order.

3. Prior to responding to the show-cause order, and making its case for why the court should not enforce the summons, the taxpayer can seek an evidentiary hearing to present facts supporting a defense to enforcement of the summons. To obtain an evidentiary hearing, the taxpayer need only point to "some credible evidence" "plausibly raising an inference" of grounds for not enforcing the summons, such as an abuse of process, bad faith, or improper purpose. *United States v. Clarke*, 134 S. Ct. 2361, 2367 (2014). This requirement exists largely to shield IRS agents from vexatious requests for testimony when there is no realistic basis for resisting the summons. *See id.* at 2367-68.

MOTION FOR EVIDENTIARY HEARING - 2

Case No.: 2:15-cv-00102 RSM

LAW OFFICES
**CALFO HARRIGAN LEYH & EAKES LLP**
999 THIRD AVENUE, 44th FLOOR
SEATTLE, WASHINGTON 98104
TEL (206) 623-1700   FAX (206) 623-8717

4. If the court grants an evidentiary hearing, and the taxpayer makes "a substantial preliminary showing of abuse or wrongdoing," subsequent discovery may be warranted. *United States v. Stuckey*, 646 F.2d 1369, 1374 (9th Cir. 1981). Such document discovery of the IRS permits the taxpayer to further support its opposition to the summons before challenging enforcement of the summons in response to the court's show-cause order.

5. Finally, the taxpayer responds to the order to show cause, and makes its substantive case for why the court should not enforce the summons. Microsoft, like any taxpayer, is entitled "to urge the court to quash the summons 'on any appropriate ground.'" *Clarke*, 134 S. Ct. at 2365 (quoting *Reisman v. Caplin*, 375 U.S. 440, 49 (1964)). This Court will not enforce a summons if doing so would be an abuse of this Court's process: "It is the court's process which is invoked to enforce the administrative summons and a court may not permit its process to be abused." *Powell*, 379 U.S. at 58.

The accompanying Memorandum makes a substantial preliminary showing, based on the evidence available to Microsoft without discovery from the IRS, that enforcement of the summonses would be an abuse of process. The IRS has improperly attempted to insert a third-party contractor into what is an inherently governmental function. The IRS has retained a private law firm, Quinn Emanuel Urquhart & Sullivan, LLP ("Quinn Emanuel"), to prepare for litigation. The summonses contemplate that Quinn Emanuel will take sworn testimony in audit "interviews." The purported authority for the IRS to retain Quinn Emanuel to participate in the audit in this way is an invalid temporary regulation, issued without notice and comment, and which contravenes the clear statutory requirement that an officer or employee of the IRS conduct audit interviews. For reasons that are set forth more fully in the accompanying Memorandum, Quinn Emanuel's involvement in the Microsoft audit violates the Internal Revenue Code, relies upon an invalid regulation, and is an impermissible delegation of an

MOTION FOR EVIDENTIARY HEARING - 3

Case No.: 2:15-cv-00102 RSM

LAW OFFICES
**CALFO HARRIGAN LEYH & EAKES LLP**
999 THIRD AVENUE, 44th FLOOR
SEATTLE, WASHINGTON 98104
TEL (206) 623-1700 FAX (206) 623-8717

inherently governmental function. The Court should refuse to enforce the IRS's summonses because doing so under these circumstances would permit an abuse of the Court's process.

Microsoft's Memorandum serves two purposes:

First, the Memorandum makes the threshold case that an evidentiary hearing is warranted – that is, it presents "some credible evidence" "plausibly raising an inference" of an abuse of process. *Clarke*, 134 S. Ct. at 2367. That showing entitles Microsoft to an evidentiary hearing.

Second, the Memorandum presents the evidence that Microsoft will tender if the Court agrees that an evidentiary hearing is warranted. All that remains for the evidentiary hearing is for the IRS to present its evidence and for the Court to decide whether Microsoft has made the required showing. Microsoft submits that the Memorandum makes a "substantial preliminary showing of abuse or wrongdoing," warranting document discovery. *Stuckey*, 646 F.2d at 1374. Because of the circumstances here, Microsoft does not require live testimony from any IRS agent to make out its case. In a typical evidentiary hearing, a taxpayer might seek to cross-examine the IRS agent responsible for issuing the summons in order to establish that the IRS issued the summons for an improper purpose. But the Ninth Circuit has resisted "defin[ing] precisely the permissible scope of the evidentiary hearing," and "leave[s] that to the discretion of the district court." *United States v. Church of Scientology*, 520 F.2d 818, 825 (9th Cir. 1975). A hearing, of course, does not require live witness testimony. *See, e.g.*, *Int'l Molders' & Allied Workers' Local Union No. 164 v. Nelson*, 799 F.2d 547, 554-55 (9th Cir. 1986) (affirming preliminary injunction issued on the basis of affidavits alone and holding that an evidentiary hearing to resolve disputed facts need not be live); *United States ex rel. Stinson, Lyons, Gerlin & Bustamante, P.A. v. Prudential Ins. Co.*, 944 F.2d 1149, 1155 (3d Cir. 1991) (noting that "the term 'hearing' does not necessarily take the form of a live, formal proceeding"). Microsoft does not require testimony from any IRS agent on the existence of an

MOTION FOR EVIDENTIARY HEARING - 4

Case No.: 2:15-cv-00102 RSM

LAW OFFICES
**CALFO HARRIGAN LEYH & EAKES LLP**
999 THIRD AVENUE, 44th FLOOR
SEATTLE, WASHINGTON 98104
TEL (206) 623-1700 FAX (206) 623-8717

improper purpose. Rather, Microsoft claims that enforcement of the summonses would be an abuse of the Court's process. Enough evidence already exists for Microsoft to make "a substantial preliminary showing of abuse." *Id.* That evidence, in the form of exhibits and sworn declarations, is presented in the Memorandum.[1]

If, after considering the IRS's response to Microsoft's evidentiary showing, the Court determines that Microsoft has made the required showing, Microsoft requests targeted discovery rounding out the circumstances of Quinn Emanuel's hiring, its role in the audit, and its anticipated role in the interviews sought by the summonses. This discovery will further establish the impropriety of Quinn Emanuel's role – and the impropriety of the summonses in this case – but it will not be burdensome on the IRS. In fact, the discovery Microsoft seeks precisely tracks a subset of the information Microsoft has already sought through recent FOIA requests to the IRS (copies of which are attached to Microsoft's Memorandum as Exhibits F-G to the Declaration of James M. O'Brien). Microsoft is requesting the same information through discovery that it is also seeking by way of FOIA only because it needs the information in a more timely way than the FOIA procedures provide, in order to present this evidence to this Court in response to this Court's show-cause order.

In sum, the attached Memorandum makes not only the threshold showing of "some credible evidence" "plausibly raising an inference" of abuse required to obtain an evidentiary hearing, *Clarke*, 134 S. Ct. at 2367, but also the "substantial preliminary showing of abuse or wrongdoing" that warrants discovery in aid of Microsoft's response to the Court's show-cause order, *Stuckey*, 646 F.2d at 1374. If, after hearing from the IRS, the Court agrees that Microsoft has made out not only the threshold showing required for an evidentiary hearing, but

---

[1] Although Microsoft does not require live testimony to make out its "substantial preliminary showing of abuse," *Stuckey*, 646 F.2d at 1374, it stands ready to participate in a hearing with live testimony if the IRS decides to present any, or if the IRS shows or the Court believes that live testimony from Microsoft's declarants would be helpful.

MOTION FOR EVIDENTIARY HEARING - 5

Case No.: 2:15-cv-00102 RSM

LAW OFFICES
**CALFO HARRIGAN LEYH & EAKES LLP**
999 THIRD AVENUE, 44th FLOOR
SEATTLE, WASHINGTON 98104
TEL (206) 623-1700 FAX (206) 623-8717

also the more substantial showing required to obtain document discovery, then the Court should allow Microsoft the limited document discovery that it seeks before addressing the enforcement of the summonses on the order to show cause.

## CONCLUSION

The Court issued an order to show cause why it should not enforce the IRS's summonses. Microsoft will show that the summonses are unenforceable because they are an abuse of this Court's process. The IRS is attempting to insert a private litigation firm into its audit of Microsoft, which is an improper delegation of an inherently governmental function and a violation of the clear statutory requirement that officers or employees of the IRS conduct audits and take summoned testimony. Microsoft is entitled to an evidentiary hearing where, as here, it presents credible evidence plausibly raising an inference of an abuse of process. And Microsoft is entitled to document discovery in aid of its response to the show-cause order where, as here, it makes a substantial preliminary showing that enforcing the summonses would abuse the Court's processes. In the accompanying Memorandum, Microsoft has already made a substantial preliminary showing of abuse of process, and that it is entitled to discovery to support its response to the Court's show-cause order. The Court should grant an evidentiary hearing and allow Microsoft document discovery before addressing the enforcement of the summonses on the order to show cause.

DATED this 18th day of March, 2015.

/ / /

/ / /

/ / /

/ / /

/ / /

/ / /

MOTION FOR EVIDENTIARY HEARING - 6

Case No.: 2:15-cv-00102 RSM

LAW OFFICES
**CALFO HARRIGAN LEYH & EAKES LLP**
999 THIRD AVENUE, 44th FLOOR
SEATTLE, WASHINGTON 98104
TEL (206) 623-1700  FAX (206) 623-8717

CALFO HARRIGAN LEYH & EAKES LLP

By   *s/ Patricia A. Eakes*
By   *s/ Andrea D. Ostrovsky*
     Patricia A. Eakes, WSBA #18888
     Andrea D. Ostrovsky, WSBA #37749
     999 Third Avenue, Suite 4400
     Seattle, WA 98104
     Phone: (206) 623-1700
     Fax: (206) 623-8717
     Email: pattye@calfoharrigan.com
`        andreao@calfoharrigan.com

BAKER & McKENZIE LLP

By   *s/ Daniel A. Rosen*
     Daniel A. Rosen, *Pro Hac Vice*
     452 Fifth Avenue
     New York, NY 10018
     Phone: (212) 626-4272
     Fax: (212) 310-1600
     Email: daniel.rosen@bakermckenzie.com

BAKER & McKENZIE LLP

By   *s/ James M. O'Brien*
     James M. O'Brien, *Pro Hac Vice*
     300 E. Randolph Drive, Suite 5000
     Chicago, IL 60601
     Phone: (312) 861-8602
     Fax: (312) 861-2899
     Email: james.m.o'brien@bakermckenzie.com

*Attorneys for Respondent / Intervenor*
*Microsoft Corporation*

MOTION FOR EVIDENTIARY HEARING - 7

Case No.: 2:15-cv-00102 RSM

LAW OFFICES
**CALFO HARRIGAN LEYH & EAKES LLP**
999 THIRD AVENUE, 44th FLOOR
SEATTLE, WASHINGTON 98104
TEL (206) 623-1700  FAX (206) 623-8717

# CERTIFICATE OF SERVICE

I hereby certify that on March 18, 2015, I electronically filed the foregoing with the Clerk of the Court using the CM/ECF system which will send notification of such filing to the following: <u>Amy Matchison, Jeremy N. Henson, Noreene C. Stehlik and the U.S. Department of Justice; Daniel A. Rosen, James M. O'Brien and Baker & McKenzie LLP; Robert B. Mitchell, Hugh Frederick Bangasser and K&L Gates LLP; George E. Greer and Orrick Herrington & Sutcliffe; Stephen M. Rummage and Davis Wright Tremaine</u>, and I hereby certify that I have mailed by United States Postal Service the document to the following non CM/ECF participants: <u>N/A</u>.

                                                    *s/ D. Yvette Chambers*
                                                    D. Yvette Chambers

MOTION FOR EVIDENTIARY HEARING - 8

Case No.: 2:15-cv-00102 RSM

LAW OFFICES
**CALFO HARRIGAN LEYH & EAKES LLP**
999 THIRD AVENUE, 44th FLOOR
SEATTLE, WASHINGTON 98104
TEL (206) 623-1700 FAX (206) 623-8717