THE HONORABLE RICARDO S. MARTINEZ

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>　　　　　　　　　　Petitioner,<br><br>　　vs.<br><br>MICROSOFT CORPORATION, et al.,<br><br>　　　　　　　　　　Respondents. | NO.  2:15-cv-00102 RSM<br><br>MICROSOFT'S REPLY IN SUPPORT OF MOTION FOR EVIDENTIARY HEARING<br><br>Noted for:  April 24, 2015 |

MICROSOFT'S REPLY IN SUPPORT OF
MOTION FOR EVIDENTIARY HEARING

Case No.: 2:15-cv-00102 RSM

LAW OFFICES
**CALFO HARRIGAN LEYH & EAKES LLP**
999 THIRD AVENUE, 44th FLOOR
SEATTLE, WASHINGTON 98104
TEL (206) 623-1700   FAX (206) 623-8717

**INTRODUCTION**

The IRS filed this case and a companion case to enforce administrative summonses.  In response, Microsoft moved for (1) a limited evidentiary hearing, at which this Court would consider the record evidence that the parties have now submitted with their briefing, and (2) limited document discovery, which tracks a subset of documents already requested from the IRS under the Freedom of Information Act ("FOIA"), but which the IRS has failed to produce.

Microsoft seeks this limited discovery so that it can present to the Court, on a complete record, its challenges to enforcing these summonses.  Under the Court's scheduling order, Microsoft will present these challenges in the next phase of this case.

Microsoft has made a substantial preliminary showing of abuse of process, which entitles Microsoft to the evidentiary hearing and discovery it seeks.  *First*, substantial record evidence, including the IRS's contract with Quinn Emanuel, shows that the summonses are in furtherance of an audit in which the IRS is unlawfully deploying private lawyers from Quinn Emanuel.[1]  *Second*, substantial record evidence shows that the IRS intends to rely upon an invalid temporary regulation[2] to allow third-party contractors to take summoned testimony.  Indeed, the IRS has conceded that Quinn Emanuel is conducting key aspects of the IRS examination, and that Quinn Emanuel lawyers and other contractors will question the summoned witnesses, under oath, should the summonses be enforced.

The IRS attempts to paint Microsoft's objections as purely legal issues.  But Microsoft's legal challenges raise factual questions.  The IRS further disputes the facts of Quinn Emanuel's involvement.  Discovery is warranted where, as here, both parties have presented evidence, there are material disputes about the facts, and the IRS is withholding material evidence from Microsoft and from the Court.

---

[1] Just yesterday, the House Committee on Ways and Means called into question the legality of the IRS's practice of outsourcing the Microsoft audit to Quinn Emanuel. Majority Staff of H. Comm. on Ways and Means, 114th Cong., *Doing Less With Less: IRS's Spending Decisions Harm Taxpayers*, at 11-12 (Apr. 22, 2015), to be provided in hard copy to the Court.

[2] 26 C.F.R. § 301.7602-1T(b) (referred to herein as the "temporary regulation").

MICROSOFT'S REPLY IN SUPPORT OF
MOTION FOR EVIDENTIARY HEARING - 1

Case No.:  2:15-cv-00102 RSM

LAW OFFICES
**CALFO HARRIGAN LEYH & EAKES LLP**
999 THIRD AVENUE, 44th FLOOR
SEATTLE, WASHINGTON 98104
TEL  (206) 623-1700   FAX  (206) 623-8717

The Court should grant Microsoft's request for limited document discovery.

## ARGUMENT

### I. Microsoft Seeks Limited Relief.

Microsoft has already presented the evidence it will tender, in the form of exhibits and sworn declarations, should the Court agree that Microsoft has made the requisite showing to obtain an evidentiary hearing. An evidentiary hearing does not require live testimony. *See, e.g.*, *Int'l Molders' & Allied Workers' Local Union No. 164 v. Nelson*, 799 F.2d 547, 554-55 (9th Cir. 1986). The IRS does not contend otherwise.

If, after considering both parties' evidence, the Court decides that Microsoft has made the "substantial preliminary showing of abuse," then the Court should grant Microsoft the limited discovery it seeks. *United States v. Stuckey*, 646 F.2d 1369, 1374 (9th Cir. 1981). This limited discovery, which Microsoft has already presented to the Court in its motion, targets additional information relevant to whether enforcing the summonses would constitute an abuse of the Court's process.

This requested discovery is hardly burdensome: it precisely tracks a subset of documents that Microsoft has already requested under the Freedom of Information Act ("FOIA"), and which the IRS is statutorily required to produce, albeit on a schedule that allows the IRS to delay its production to a time when such documents would be useless to Microsoft in responding to the Court's show-cause order.[3]

---

[3] While the IRS derides Microsoft's request for limited document discovery as a "litigation tactic[,]" it appears that it is the IRS, not Microsoft, that is employing litigation tactics in an attempt to keep these documents away from Microsoft, as well as the Court, in these summons enforcement cases. The IRS goes so far as to argue that the Court should deny Microsoft limited document discovery on the stated ground that responsive documents would be protected by privilege, including the attorney-client privilege. The IRS, however, has maintained that Quinn Emanuel was not retained as outside counsel. Instead, the IRS has claimed that the Quinn Emanuel lawyers are "experts" hired to assist in an audit. Now, when Microsoft asks to see the IRS's communications with its "experts," the IRS asserts an attorney-client relationship. Whether the IRS can shield these communications from discovery through such sleight of hand is for another day. Hypothetical future privilege claims are not a ground for denying discovery. Moreover, the Second Declaration of Senior International Advisor Eli Hoory (Dkt. 40) ("Hoory Sec. Decl.") has affirmatively placed the IRS's communications with Quinn Emanuel at issue in this litigation, and has therefore waived whatever privileges might have otherwise protected these communications.

MICROSOFT'S REPLY IN SUPPORT OF
MOTION FOR EVIDENTIARY HEARING - 2

Case No.: 2:15-cv-00102 RSM

LAW OFFICES
**CALFO HARRIGAN LEYH & EAKES LLP**
999 THIRD AVENUE, 44th FLOOR
SEATTLE, WASHINGTON 98104
TEL (206) 623-1700   FAX (206) 623-8717

## II. Microsoft Has Presented Sufficient Evidence Warranting Limited Document Discovery.

Microsoft has made a substantial preliminary showing that enforcement of these summonses would constitute an abuse of the Court's process, thereby warranting discovery. *Stuckey*, 646 F.2d at 1374. The Court should order targeted discovery regarding Quinn Emanuel's involvement in the tax audit and investigation and the issuance of the temporary regulation.[4]

### A. Microsoft Has Made a Substantial Preliminary Showing that the IRS Has Unlawfully Outsourced Key Aspects of the Tax Audit to Quinn Emanuel.

The IRS has unlawfully outsourced to Quinn Emanuel tax examination functions expressly delegated by Congress to the Treasury Department. As a result, enforcement of the summonses would serve to perpetuate and empower the IRS's unlawful actions, and would constitute an abuse of the Court's process.

Congress authorized "the Secretary" *alone* to "make the inquiries, determinations, and assessments of all taxes[,]" "[t]o examine any books, papers, records, or other data[,]" and to take the testimony of a summoned person under oath. 26 U.S.C. §§ 6201, 7602(a)(1), and 7602(a)(3). Congress authorized *only* "officers or employees of the Treasury Department" to inquire into persons who may be liable for taxes. 26 U.S.C. § 7601. By expressly defining "the Secretary" to include only the Secretary of Treasury and properly delegated officers and employees of the Treasury Department, Congress has made clear who may and may not inquire into tax liability, examine the taxpayer's books and records, and take testimony. 26 U.S.C. § 7701(a)(11)(B) and (12)(A)(i). Because third-party contractors are not employees of the Treasury Department and do not fall within the definition of "the Secretary," they lack the authority to perform such functions.[5]

---

[4] Contrary to the United States' unsupported suggestion, the fact that Microsoft has asserted IRS abuse of process in seeking enforcement of the summonses, as opposed to IRS bad faith in the issuance of the summonses, is irrelevant. *See United States v. LaSalle Nat'l Bank*, 437 U.S. 298, 317 n.19 (1978).

[5] Consistent with the statute, the IRS's own internal guidelines recognize that properly delegated IRS employees must perform these functions. IRS "examiners must review sufficient documents/information to determine the accuracy of the taxpayer's return." Internal Revenue Manual ("I.R.M.") Parts 4.10.3.1 and 4.46.4.1(2). An IRS examiner "must determine the appropriate amount of evidence to accumulate and establish the proper depth of the

MICROSOFT'S REPLY IN SUPPORT OF
MOTION FOR EVIDENTIARY HEARING - 3

Case No.: 2:15-cv-00102 RSM

LAW OFFICES
**CALFO HARRIGAN LEYH & EAKES LLP**
999 THIRD AVENUE, 44th FLOOR
SEATTLE, WASHINGTON 98104
TEL (206) 623-1700   FAX (206) 623-8717

The IRS's contract with Quinn Emanuel reveals that Quinn Emanuel will perform unauthorized activities under 26 U.S.C. §§ 6201, 7601, 7602(a)(1), and 7602(a)(3).  Those unauthorized activities include an inquiry into Microsoft's tax liability and examining Microsoft's books and records.  The IRS has directed Quinn Emanuel to participate in "the evaluation, analysis, presentation, and defense of claims or adjustments related to the issues under examination."  Declaration of James M. O'Brien ("O'Brien Decl.") (Dkt. No. 36), Ex. D, at Microsoft-FOIA-00174.  The IRS has also given Quinn Emanuel responsibility for "investigation" of the facts and issues under examination.  *Id.*, at Microsoft-FOIA-00174.  The contract also requires Quinn Emanuel to "review all of the key documents (including reports, position papers, IDR responses, etc., prepared by or on behalf of the Taxpayer or the Service) and all relevant legal authorities."  *Id.*, at Microsoft-FOIA-00176.

The contract further requires Quinn Emanuel to inform the IRS of "additional materials that the Contractor [Quinn Emanuel] believes would be helpful and would like to review . . . [and] the Service *will* attempt to secure the requested records."  *Id.*, at Microsoft-FOIA-00176 (emphasis added).  Quinn Emanuel is directed to provide to the IRS its "findings, assessment, and recommendations with respect to the factual and legal state of the case, identifying strengths, weakness, and areas for further development."  *Id.*, at Microsoft-FOIA-00176.  And Quinn Emanuel is also responsible for the "continued development, analysis, evaluation, and preparation of the issues under examination."  *Id.*, at Microsoft-FOIA-00177.  Such "continued . . . examination" efforts include participating in "preparing, organizing and presenting the factual record and legal analysis of the case."  *Id.*, at Microsoft-FOIA-00177.

The IRS ignores the contract's terms, and claims, based only on the assertion of Mr. Hoory, that Quinn Emanuel was retained "simply to provide an advisory and supporting role." United States' Response, at 19.  The contract itself disproves Mr. Hoory's characterization.  In

---

examination."  I.R.M. Part 4.10.3.1(3).  These decisions are a "matter of judgment" on the part of the IRS examiner.  I.R.M. Part 4.10.3.1(3).

MICROSOFT'S REPLY IN SUPPORT OF
MOTION FOR EVIDENTIARY HEARING - 4

Case No.:  2:15-cv-00102 RSM

LAW OFFICES
**CALFO HARRIGAN LEYH & EAKES LLP**
999 THIRD AVENUE, 44th FLOOR
SEATTLE, WASHINGTON 98104
TEL  (206) 623-1700   FAX  (206) 623-8717

1  addition to the contract terms detailed above, the IRS never explains the "four phases" to

2  Quinn Emanuel's services (the contract describes only the first phase); Quinn Emanuel

3  providing services "dependent on the litigation schedule of the government;" or Quinn

4  Emanuel partners John Quinn and John Gordon personally stepping in, at some point in the

5  future, as "special government employee[s]" to litigate the case in the United States Tax Court.

6  O'Brien Decl. Ex. D, at Microsoft-FOIA-00173, Microsoft-FOIA-00191, Microsoft-FOIA-212.

7       Finally, the IRS ignores Mr. Hoory's admissions.  We now know that Quinn Emanuel

8  played a role in the August 28, 2014 revision of an Information Document Request; provided

9  input to the designated summons the IRS now seeks to enforce; obtained advance copies of

10  many of the related summonses; and prioritized both the summons interviewees and the

11  possible subject matter goals.  Hoory Sec. Decl. ¶¶ 81, 86-87.

12       The IRS's description of Quinn Emanuel's role and involvement does not withstand

13  scrutiny.  The IRS's contract and the direct and circumstantial evidence of Quinn Emanuel's

14  conduct support the conclusion that the law firm has been delegated functions that Congress

15  has reserved to Treasury officers and employees alone.  Microsoft has carried its burden of

16  establishing the right to conduct the limited discovery it has requested, so that Microsoft can

17  later present its legal challenges to the Court based upon the complete factual record.

18       **B.    Microsoft Has Made a Substantial Preliminary Showing That the Temporary Regulation is Invalid.**

19

20       The IRS concedes that Quinn Emanuel and other contractors will take testimony in the

21  audit if the Court enforces the summonses.  The IRS relies on the temporary regulation, which

22  it issued just weeks after retaining Quinn Emanuel.  As Microsoft will more fully brief in the

23  show-cause proceedings, the temporary regulation is invalid for three reasons:  (1) it is contrary

24  to the plain language of the statute, (2) it is procedurally defective under the Administrative

25  Procedure Act ("APA"), and (3) it is arbitrary and capricious and fails to reflect reasoned

decision-making under the APA.  The latter two grounds raise factual issues warranting the

MICROSOFT'S REPLY IN SUPPORT OF
MOTION FOR EVIDENTIARY HEARING - 5

Case No.:  2:15-cv-00102 RSM

LAW OFFICES
**CALFO HARRIGAN LEYH & EAKES LLP**
999 THIRD AVENUE, 44th FLOOR
SEATTLE, WASHINGTON 98104
TEL  (206) 623-1700   FAX  (206) 623-8717

discovery sought here into the facts leading to the promulgation of the temporary regulation.

*First*, the temporary regulation is contrary to the plain language of 26 U.S.C. § 7602(a)(3).  That section unambiguously authorizes the "Secretary" alone to "take such testimony" of summoned persons where that testimony may be relevant or material.  26 U.S.C. § 7701(a)(11)(B) and (a)(12)(A)(i) define "Secretary" to mean the Secretary of the Treasury and properly delegated officers and employees of the Treasury Department.  Thus, properly delegated Treasury officers and employees alone may take testimony pursuant to summons.

The IRS does not dispute that only properly delegated Treasury officers and employees may take testimony.  Instead, the IRS claims that the phrase "take testimony" is ambiguous, with the inference that the temporary regulation authorizes something other than taking testimony.  Questioning a witness pursuant to compulsory process, under oath, and at the risk of civil and criminal sanction for noncompliance, is, by any definition, "tak[ing] testimony."  The IRS's own preamble to the temporary regulation undermines its post hoc attempt to manufacture ambiguity where none exists.  That preamble "clarif[ies] that [third-party contractors] may be included as persons designated to . . . *take summoned testimony* under oath," which involves "questioning the person providing testimony under oath."  Participation of a Person Described in Section 6103(n) in a Summons Interview Under Section 7602(a)(2) of the Internal Revenue Code, 79 Fed. Reg. 34,625 (June 18, 2014) (emphasis added).

*Second*, the IRS's argument that Congress excused the IRS from the notice-and-comment requirements that apply to every other agency is similarly unavailing.  The IRS is subject to the same rules as every other agency.  *See Mayo Foundation v. United States*, 562 U.S. 44, 55 (2011) (refusing "to carve out an approach to administrative review good for tax law only"); *Cohen v. United States*, 650 F.3d 717, 723 (D.C. Cir. 2011).  No law may modify or supersede the APA without doing so expressly.  5 U.S.C. § 559.  In this regard, 26 U.S.C. § 7805(e) does not expressly (or impliedly) exempt temporary regulations from the requirements

MICROSOFT'S REPLY IN SUPPORT OF
MOTION FOR EVIDENTIARY HEARING - 6

Case No.:  2:15-cv-00102 RSM

LAW OFFICES
**CALFO HARRIGAN LEYH & EAKES LLP**
999 THIRD AVENUE, 44th FLOOR
SEATTLE, WASHINGTON 98104
TEL  (206) 623-1700   FAX  (206) 623-8717

of the APA, but instead provides additional requirements that the IRS must satisfy when it issues a temporary regulation (*i.e.*, it must also issue a proposed regulation and the temporary regulation expires within three years).

The IRS, like all agencies, is permitted to issue a regulation that does not follow the notice-and-comment rulemaking procedures *only* if it satisfies one of the enumerated exceptions set forth in 5 U.S.C. § 553(b)(3)(A) and (B).  The IRS has made no such showing.  None of the exceptions apply.  The available evidence shows that the IRS did not have a legitimate reason for foregoing notice-and-comment rulemaking, and suggests that the IRS hastily issued the temporary regulation, immediately after hiring Quinn Emanuel, to concoct a regulatory fig leaf covering Quinn Emanuel's participation.  The discovery Microsoft seeks will assist the Court in understanding why the temporary regulation was issued without notice or the solicitation of public comment.

*Third,* the temporary regulation is arbitrary and capricious and does not reflect reasoned decision-making.  *See* 5 U.S.C. § 706(2)(A), (C), and (D); *Motor Vehicle Mfrs. Ass'n of the U.S., Inc. v. State Farm Mut. Auto. Ins. Co.*, 463 U.S. 29, 42-43 (1983).  The IRS did not engage in reasoned decision-making; rather, it arbitrarily pushed through the rule.  The IRS did so without reasoned explanation or careful analysis to explain its abrupt change in policy.

Congress identified two factors relevant to whether a person may take testimony: (1) whether the person is an officer or employee of the Treasury Department, and, if so, (2) whether the employee was properly delegated authority to take testimony.  26 U.S.C. §§ 7602(a), 7701(a)(11)(B) & (12)(A)(i).  It appears that the IRS ignored both factors in issuing the rule.  The IRS provided no reasoned analysis or explanation as to how its rule could be reconciled with the statute or the other relevant Treasury regulations, which make clear that only officers or employees of the Treasury Department may take testimony.  *See* 26 C.F.R. § 301.7701-9; 26 C.F.R. § 301.7602-1(a), (b)(1), and (b)(2).  Instead, the IRS justifications for

MICROSOFT'S REPLY IN SUPPORT OF
MOTION FOR EVIDENTIARY HEARING - 7

Case No.: 2:15-cv-00102 RSM

LAW OFFICES
**CALFO HARRIGAN LEYH & EAKES LLP**
999 THIRD AVENUE, 44th FLOOR
SEATTLE, WASHINGTON 98104
TEL (206) 623-1700  FAX (206) 623-8717

issuing the rule were the incorrect conclusion that the contractors would not be performing inherently governmental functions and an unrelated statutory provision not pertinent to the scope of authority granted by 26 U.S.C. § 7602(a)(3). 79 Fed. Reg. 34626. The temporary regulation is also arbitrary and capricious because, as described above, it "relie[s] on factors which Congress has not intended it to consider." *State Farm*, 463 U.S. at 43 (explaining rule invalid if agency "relied on factors which Congress has not intended it to consider").

The IRS has provided no reasoned explanation for the temporary regulation. *See id.*, 463 U.S. at 43 (agency must "articulate a satisfactory explanation for its action"). The IRS's post hoc rationalizations cannot change this. *SEC v. Chenery Corp.*, 332 U.S. 194, 196 (1947). The evidence raises a plausible inference that the IRS hastily issued the temporary regulation, immediately after retaining Quinn Emanuel, because neither the statute nor previous Treasury regulations authorized third-party contractors to take testimony and perform examination functions. This issue warrants further factual development — the IRS has failed to provide the Court with any evidence of the information the IRS considered in promulgating the temporary regulation. Several of Microsoft's discovery requests go directly to the reasons for the regulation and the role Quinn Emanuel played in its issuance, and will shed light on any additional factors that the IRS considered, but did not rely upon, to explain or justify its promulgation.

### III. The IRS's New, Disputed Allegations Show Why the Court Should Issue Limited Discovery.

Relying upon Mr. Hoory's second declaration, the IRS seeks to defeat Microsoft's request for discovery by asserting additional "facts" which attempt to rebut Microsoft's evidence. But the IRS's new assertions mischaracterize and omit critical facts, and as addressed below and in the attached Second Declaration of Michael J. Bernard in Support of the Motion for Evidentiary Hearing ("Bernard Sec. Decl."), demonstrate why the Court should order the limited discovery Microsoft seeks.

MICROSOFT'S REPLY IN SUPPORT OF
MOTION FOR EVIDENTIARY HEARING - 8

Case No.: 2:15-cv-00102 RSM

LAW OFFICES
**CALFO HARRIGAN LEYH & EAKES LLP**
999 THIRD AVENUE, 44th FLOOR
SEATTLE, WASHINGTON 98104
TEL (206) 623-1700  FAX (206) 623-8717

*Quinn Emanuel's Audit Role is Much Broader Than the IRS Suggests*:  The IRS claims that it has delegated no inherently governmental functions to Quinn Emanuel.  United States' Response, at 9 n.7, 15-16.  Yet, the contract with Quinn Emanuel reveals that their role is much broader than as described in Mr. Hoory's declaration.  Hoory Decl. ¶ 90.  The contract contemplates "four phases" and "special government employee" services, whereby Quinn Emanuel partners John Quinn and John Gordon would personally step in, at some point in the future, as "special government employees" to litigate the substantive tax case.  O'Brien Decl. (Dkt. No. 36), Ex. D, ¶ 12(d).  The IRS provides no explanation of these terms, and no analysis to show that the "Evaluation" and "Case Support" legal services under the contract do not involve improper delegations of examination functions to Quinn Emanuel, in violation of the Internal Revenue Code.  Microsoft's request for discovery of, among other things, documents exchanged between the IRS and Quinn Emanuel in connection with the contract goes directly to the issue of Quinn Emanuel's role and the true scope of their work.

*Quinn Emanuel Has Operated With Autonomy in the Audit*:  Mr. Hoory professes that "[a]t all times" Quinn Emanuel's work has been performed "under the direction" of the IRS.  Hoory Sec. Decl. ¶ 88.  But this was not the case during the taking of sworn testimony during the weeks of September 22 and October 6, 2014.  To the contrary, the transcripts reveal that the IRS often lacked any control over the questioning of witnesses by Quinn Emanuel.  Declaration of Daniel A. Rosen ("Rosen Decl.") ¶¶ 8-9 and Exs. P-R.  These interactions raise concerns, consistent with the terms of the contract, that Quinn Emanuel has also been operating autonomously in other parts of the audit.  Microsoft's request for discovery of, among other things, documents created or maintained by Quinn Emanuel under the contract goes directly to the autonomy with which Quinn Emanuel has operated in this audit.

*Quinn Emanuel Holds Itself Out as Representing the IRS*:  The IRS now claims that "the contract unequivocally prohibits Quinn Emanuel from performing 'inherently Governmental

MICROSOFT'S REPLY IN SUPPORT OF
MOTION FOR EVIDENTIARY HEARING - 9

Case No.:  2:15-cv-00102 RSM

LAW OFFICES
**CALFO HARRIGAN LEYH & EAKES LLP**
999 THIRD AVENUE, 44th FLOOR
SEATTLE, WASHINGTON 98104
TEL  (206) 623-1700   FAX  (206) 623-8717

1   Functions[,]' including 'portraying the Contractor as a representative of the government.'"
2   United States' Response, at 9 n.7.  Yet, Quinn Emanuel lawyers have routinely held themselves
3   out as representatives of the IRS in connection with the examination, on the record, without
4   any objection or correction from the IRS.  *See, e.g.*, Rosen Decl. Ex. B, at 6 (contrasting the
5   introductions for the record made by "Dan Kusnetzky, Kusnetzky Group," one of the IRS's
6   subject-matter experts, with "John Gordon, Quinn Emanuel, for the IRS.").  Microsoft's
7   request for discovery of, among other things, documents exchanged between the IRS and
8   Quinn Emanuel in connection with Quinn Emanuel's potential engagement goes directly to the
9   nature of this relationship.

10  *The IRS's Factual Development Claim is Contradicted by Its Own Documents*.  The IRS
11  suggests that major factual development was nowhere near completed when the IRS engaged
12  Quinn Emanuel.  *See* Hoory Sec. Decl. ¶¶ 35-36 (characterizing the IRS' presentation of its
13  alternative valuation in January 2014 as "work to-date").  However, the IRS's own audit
14  timelines contradict this characterization.  Hoory Sec. Decl., Exs. A, B, and C.  Those timelines
15  indicate that the IRS would complete the audit and the experts would complete their
16  evaluations *before* the IRS "presents conclusions to Taxpayer" in January 2014—months
17  before Quinn Emanuel was retained.  Bernard Sec. Decl. ¶ 7.  Microsoft's discovery requests
18  for the documents exchanged between Quinn Emanuel and the IRS, on or prior to the date that
19  the IRS retained Quinn Emanuel, go directly to the state of audit fact development at that time.
20  This, in turn, bears directly upon whether the IRS is using the cover of an audit as a subterfuge
21  to conduct trial preparation instead.

22  *The IRS Fails to Address Quinn Emanuel's Role Prior to July 15, 2014:* Mr. Hoory
23  states that Quinn Emanuel did not "perform any services under the contract" until the firm's
24  team cleared background checks and received documents from the IRS on July 15, 2014.
25  Hoory Sec. Decl. ¶¶ 79-80.  Mr. Hoory goes on to suggest that Quinn Emanuel was not

MICROSOFT'S REPLY IN SUPPORT OF
MOTION FOR EVIDENTIARY HEARING - 10

Case No.:  2:15-cv-00102 RSM

1 involved in shaping the IDRs that were issued in July 2014. *Id.* ¶ 81. While Mr. Hoory's

2 statement may be correct in term of providing billable services, the IRS's engagement of an

3 expert normally occurs only after multiple interviews in which the IRS discloses facts about the

4 case and solicits the expert's preliminary views and analysis. Such discussion would have

5 occurred weeks, if not months, before entering into the contract on May 19, 2014. Rosen Decl.

6 ¶¶ 3-5 (attached). Mr. Hoory's declaration does not contain any facts regarding the timing and

7 content of any investigative discussions with Quinn Emanuel. Several of Microsoft's

8 discovery requests go directly to the nature and extent of Quinn Emanuel's audit role prior to

9 July 15, 2014,[6] including during the time when the IRS prepared and issued several transfer

10 pricing IDRs.[7]

11 These are just a few of the factual issues arising from the IRS's representations to the

12 Court, which warrant discovery so that Microsoft may present its opposition to the enforcement

13 of the summonses based upon a complete record.

## CONCLUSION

15 The Court should grant Microsoft's Motion for Evidentiary Hearing. The Court now

16 has the parties' evidence before it. That evidence shows not only that Microsoft has made a

17 sufficient showing to warrant an evidentiary hearing, but also that the limited document

18 discovery that Microsoft seeks is both warranted and appropriate. After concluding this limited

19 document discovery, the Court will be able to consider Microsoft's opposition to the

20 enforcement of the summonses with the benefit of the full record.

---

[6] Contrary to the IRS's suggestion, Microsoft's analysis does not depend upon whether Quinn Emanuel played a role in the audit prior to July 15, 2014, which was well before the summonses were issued. However, the timing and extent of Quinn Emanuel's participation in the audit, including any such participation prior to this time, are relevant to whether the IRS has unlawfully outsourced key aspects of the tax audit to Quinn Emanuel.

[7] These discovery requests include: (1) documents exchanged between Quinn Emanuel and the IRS on or prior to May 19, 2014, in connection with the IRS's examination of Microsoft for the tax years under audit; and (2) documents exchanged between key IRS executives and Quinn Emanuel, on or prior to May 19, 2014, relating to or referencing Quinn Emanuel's potential engagement.

MICROSOFT'S REPLY IN SUPPORT OF
MOTION FOR EVIDENTIARY HEARING - 11

Case No.: 2:15-cv-00102 RSM

LAW OFFICES
**CALFO HARRIGAN LEYH & EAKES LLP**
999 THIRD AVENUE, 44th FLOOR
SEATTLE, WASHINGTON 98104
TEL  (206) 623-1700   FAX  (206) 623-8717

DATED this 23rd day of April, 2015.

        CALFO HARRIGAN LEYH & EAKES LLP

        By *s/ Patricia A. Eakes*

        By *s/ Andrea D. Ostrovsky*
          Patricia A. Eakes, WSBA #18888
          Andrea D. Ostrovsky, WSBA #37749
          999 Third Avenue, Suite 4400
          Seattle, WA  98104
          Phone:  (206) 623-1700
          Fax:  (206) 623-8717
          Email: pattye@calfoharrigan.com
             andreao@calfoharrigan.com

        BAKER & McKENZIE LLP

        By *s/ Daniel A. Rosen*
          Daniel A. Rosen, *Pro Hac Vice*
          452 Fifth Avenue
          New York, NY  10018
          Phone:  (212) 626-4272
          Fax:  (212) 310-1600
          Email: daniel.rosen@bakermckenzie.com

        By *s/ James M. O'Brien*
          James M. O'Brien, *Pro Hac Vice*
          300 E. Randolph Drive, Suite 5000
          Chicago, IL  60601
          Phone:  (312) 861-8602
          Fax:  (312) 861-2899
          Email: james.m.o'brien@bakermckenzie.com

        *Attorneys for Respondent / Intervenor*
        *Microsoft Corporation*

MICROSOFT'S REPLY IN SUPPORT OF
MOTION FOR EVIDENTIARY HEARING - 12

Case No.:  2:15-cv-00102 RSM

LAW OFFICES
**CALFO HARRIGAN LEYH & EAKES LLP**
999 THIRD AVENUE, 44th FLOOR
SEATTLE, WASHINGTON 98104
TEL  (206) 623-1700   FAX  (206) 623-8717

**CERTIFICATE OF SERVICE**

I hereby certify that on April 23, 2015 I electronically filed the foregoing with the Clerk of the Court using the CM/ECF system which will send notification of such filing to all parties.

                                                  *s/ D. Yvette Chambers*
                                                    D. Yvette Chambers

MICROSOFT'S REPLY IN SUPPORT OF
MOTION FOR EVIDENTIARY HEARING - 13

Case No.: 2:15-cv-00102 RSM

LAW OFFICES
**CALFO HARRIGAN LEYH & EAKES LLP**
999 THIRD AVENUE, 44th FLOOR
SEATTLE, WASHINGTON 98104
TEL (206) 623-1700   FAX (206) 623-8717