THE HONORABLE RICARDO S. MARTINEZ

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>                              Petitioner,<br><br>        vs.<br><br>MICROSOFT CORPORATION, et al.,<br><br>                              Respondents. | NO.  2:15-cv-00102 RSM<br><br>DECLARATION OF DANIEL A. ROSEN<br><br>Noted for:  April 24, 2015 |

I, Daniel A. Rosen, pursuant to 28 U.S.C. 1746, declare as follows:

1.      I am a partner in the law firm of Baker & McKenzie LLP and represent Microsoft Corporation ("Microsoft") in this case.  Prior to joining the Firm in 2014, I was employed as an attorney by the Internal Revenue Service for 16 years.  Between 2006 and 2014, I served as an IRS Special Trial Attorney.  I hold a Bachelor of Arts degree in Political Science from Hofstra University and a Juris Doctor degree from the Hofstra University School of Law.

2.      I have read the Second Declaration of Senior International Advisor Eli Hoory ("Hoory Sec. Decl."), filed in this case on April 14, 2015, particularly Paragraphs 76 through

DECLARATION OF DANIEL A. ROSEN - 1

Case No.:  2:15-cv-00102 RSM

1  90, addressing the IRS's engagement of the law firm of Quinn Emanuel Urquhart & Sullivan,
2  LLP ("Quinn Emanuel") and its role in this case.

3      3.    In Paragraphs 79 and 80, Mr. Hoory declares that "July 15, 2014 was the first
4  date Quinn Emanuel could, and did, perform any services under the contract" due to the IRS's
5  need to perform background checks on Quinn Emanuel personnel.  Mr. Hoory's Declaration
6  omits any facts regarding the nature and extent of prior discussions and exchanges with Quinn
7  Emanuel regarding the Microsoft case, which would have necessarily taken place in connection
8  with the IRS's decision to retain Quinn Emanuel under an expert contract, particularly given
9  the projected fee of $2.2 million.  In my experience as an IRS Special Trial Attorney, the IRS
10 would have necessarily disclosed a significant quantity of facts regarding the case and solicited
11 the expert's preliminary views, suggestions, and opinions.  In other words, there would have
12 necessarily been substantive investigative discussions between the IRS and Quinn Emanuel
13 about the matter (*i.e.*, complex civil litigation) for which Quinn Emanuel's skills were being
14 sought.

15     4.    Given that the contract envisions John Quinn and John Gordon becoming
16 "special government employee[s]" in the litigation arising out of this audit, which to my
17 knowledge has never been undertaken before in any other case litigated by the IRS, I would
18 expect the investigative interviews to be significantly more extensive than described in
19 Paragraph 3, above.  *See* Declaration of James M. O'Brien ("O'Brien Decl.") (Dkt. 36) ¶12(d)
20 and Ex. D at Microsoft-FOIA-00212.

21     5.    The IRS and Quinn Emanuel entered into a contract on May 19, 2014.  In my
22 experience, the foregoing investigative discussions would have preceded this date by weeks, if
23 not months.  The Internal Revenue Manual ("IRM") allows the IRS to disclose confidential
24 "taxpayer return information" to a potential expert under 26 U.S.C. § 6103(k)(6) prior to
25 contractually engaging the expert under 26 U.S.C. § 6103(n), and as a matter of practice, such

DECLARATION OF DANIEL A. ROSEN - 2

Case No.:  2:15-cv-00102 RSM

LAW OFFICES
**CALFO HARRIGAN LEYH & EAKES LLP**
999 THIRD AVENUE, 44th FLOOR
SEATTLE, WASHINGTON 98104
TEL  (206) 623-1700   FAX  (206) 623-8717

discussions commence prior to the implementation of a contract upon execution by the contractor of a nondisclosure agreement.  *See* I.R.M. Parts 11.3.21 and 11.3.24.1(2).  Mr. Hoory's Second Declaration does not disclose when such investigative discussions took place.

6.   Attached and marked as Exhibit A is a true and complete copy of a May 9, 2014 email message and attached draft statement of work from Cheryl Richardson, an IRS contracting officer, to Christopher Tayback of Quinn Emanuel, with carbon copies sent to IRS employees Tim Tuey and Eli Hoory.  Exhibit A was produced to me by the Department of Justice on January 14, 2015 in connection with *Microsoft Corporation v. Internal Revenue Service,* No. 1:14-cv-01982 (D.D.C.), a Freedom of Information Act lawsuit filed on November 24, 2014 which has since been concluded.  Ms. Richardson's cover email to Mr. Tayback reveals that Mr. Hoory and "other members of the IRS team" discussed the subject matter of the statement of work with Quinn Emanuel prior to May 9, 2014.

7.   Mr. Hoory declares in Paragraph 81 that the Information Document Requests ("IDRs") issued in July 2014 "were drafted, prepared and issued by IRS employees without any input from Quinn Emanuel."  This declaration may be temporally correct in the context of Mr. Hoory pegging July 15, 2014 as the date on which Quinn Emanuel began billing for services under the contract.  The draft statement of work attached as Exhibit A and the IRS/Quinn Emanuel contract, however, both describe Quinn Emanuel's Case Support Services as including "identifying and preparing new document requests, preparing for and participating in interviews" (O'Brien Decl. Ex. D at Microsoft-FOIA-00177), and it is unlikely that Quinn Emanuel did not give preliminary views and suggestions on additional IDRs during the foregoing investigative discussions.

8.   In September and October 2014, the IRS took the sworn, transcribed testimony of numerous Microsoft employees.  Quinn Emanuel lawyers were present for much of that testimony, and regularly entered appearances, on the record, as representatives of the IRS.

DECLARATION OF DANIEL A. ROSEN - 3

Case No.:  2:15-cv-00102 RSM

LAW OFFICES
**CALFO HARRIGAN LEYH & EAKES LLP**
999 THIRD AVENUE, 44th FLOOR
SEATTLE, WASHINGTON 98104
TEL  (206) 623-1700   FAX  (206) 623-8717

1  Attached and marked as Exhibits B-O are true and complete copies of pertinent transcript
2  excerpts, which reflect Quinn Emanuel's entries of appearances as representatives of the IRS.
3      9.     Quinn Emanuel attorney John Gordon participated in the foregoing, and the IRS
4  often lacked any control over his taking of testimony.  Attached and marked as Exhibits P-R
5  are true and complete copies of the pertinent transcript excerpts.

    I declare under penalty of perjury that the foregoing is true and correct.

    Executed this 23rd day of April, 2015.

                                               DANIEL A. ROSEN
                                               By /s/ Daniel A. Rosen

                                               Baker & McKenzie LLP

DECLARATION OF DANIEL A. ROSEN - 4

Case No.:  2:15-cv-00102 RSM

LAW OFFICES
**CALFO HARRIGAN LEYH & EAKES LLP**
999 THIRD AVENUE, 44th FLOOR
SEATTLE, WASHINGTON 98104
TEL  (206) 623-1700   FAX  (206) 623-8717

**CERTIFICATE OF SERVICE**

I hereby certify that on April 23, 2015 I electronically filed the foregoing with the Clerk of the Court using the CM/ECF system which will send notification of such filing to all parties.

                                                *s/ D. Yvette Chambers*
                                                  D. Yvette Chambers

DECLARATION OF DANIEL A. ROSEN - 5

Case No.:  2:15-cv-00102 RSM

LAW OFFICES
**CALFO HARRIGAN LEYH & EAKES LLP**
999 THIRD AVENUE, 44th FLOOR
SEATTLE, WASHINGTON 98104
TEL (206) 623-1700   FAX (206) 623-8717