The Honorable Ricardo S. Martinez

IN THE UNITED STATES DISTRICT COURT FOR THE
WESTERN DISTRICT OF WASHINGTON

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | Case No. 2:15-cv-00102 RSM |
| Petitioner, | ) | |
| | ) | UNITED STATES' MOTION TO |
| v. | ) | EXCLUDE PROFFERED TESTIMONY |
| | ) | OF DANIEL ROSEN AND JAMES |
| MICROSOFT CORPORATION, *et al*. | ) | O'BRIEN OR IN THE ALTERNATIVE |
| | ) | TO DISQUALIFY THEM AS |
| Respondents. | ) | ATTORNEYS IN THIS MATTER |

The United States moves the Court to exclude the proffered testimony of Daniel Rosen

and James O'Brien, two of the attorneys for Microsoft, which has disclosed on its witness list

that they may testify on contested matters.  In the alternative, the Court should disqualify Mr.

Rosen and Mr. O'Brien from serving as attorneys for Microsoft in this matter.  Permitting them

to testify would be in violation of the Washington Rules of Professional Conduct, which

generally preclude an attorney from acting as an advocate at a trial in which the attorney is also a

witness.  As explained *infra*, if Mr. Rosen and Mr. O'Brien limit their "testimony" to their

previously submitted declarations, however, the United States will not seek either to exclude the

declarations nor disqualify them as attorneys in this case.

United States' Motion to Exclude Testimony or
Disqualify Attorneys - 1

**U.S. Department of Justice**
P.O. Box 683
Washington, D.C. 20044-0683

1

**ARGUMENT**

2        Attorneys practicing in the Western District of Washington must comply with the

3   Washington Rules of Professional Conduct.  LR 83.3(a)(2).  Rule 3.7 of those rules — which

4   closely tracks ABA Model Rule 3.7 — provides, in pertinent part:

5        (a)  A lawyer shall not act as advocate at a trial in which the lawyer is likely to be a

6   necessary witness unless:

7            (1)  the testimony relates to an uncontested issue;

8            (2)  the testimony relates to the nature and value of legal services rendered in the case;

9            (3)  disqualification of the lawyer would work substantial hardship on the client; or

10           (4)  the lawyer has been called by the opposing party and the court rules that the

11   lawyer may continue to act as an advocate.

12       The comments to the Washington rules note that the advocate-witness rule is intended to

13   protect the interests of the tribunal and of the opposing party:

14       A witness is required to testify on the basis of personal knowledge, while an advocate is
         expected to explain and comment on evidence given by others.  It may not be clear
15       whether a statement by an advocate-witness should be taken as proof or as an analysis of
         the proof.
16
    RPC 3.7, comment [2].  As the California Court of Appeals noted in *People v. Donaldson*, 93
17
    Cal. App. 4th 916, 927-28, 113 Cal. Rptr. 2d 548 (2001), the advocate-witness rule is necessary,
18
    in part, because:
19
         If a lawyer is both counsel and witness, he becomes more easily impeachable for interest
20       and thus may be a less effective witness. Conversely, the opposing counsel may be
         handicapped in challenging the credibility of the lawyer when the lawyer also appears as
21       an advocate in the case. An advocate who becomes a witness is in the unseemly and
         ineffective position of arguing his own credibility. The roles of an advocate and of a
22       witness are inconsistent; the function of an advocate is to advance or argue the cause of
         another, while that of a witness is to state facts objectively.
23
    *Id.* at 927-928 (internal citation omitted).

United States' Motion to Exclude Testimony or                    **U.S. Department of Justice**
Disqualify Attorneys - 2                                         P.O. Box 683
                                                                Washington, D.C. 20044-0683

1    Mr. Rosen had previously submitted a declaration (Docket Entry 44) in support of

2  Microsoft's motion for an evidentiary hearing, in which, based on his experience as an IRS Chief

3  Counsel attorney – and clearly lacking any personal knowledge as to the IRS's actual contract or

4  course of dealing with Quinn Emanuel – Mr. Rosen speculated on what had taken place.  For

5  example, Mr. Rosen stated "there would have necessarily been substantive investigative

6  discussions" (para. 3) and that he "would expect the investigative interviews to be significantly

7  more extensive than described" (para. 4).  In addition, Mr. Rosen made improper

8  characterizations of the evidence, stating (for example) that Quinn Emanuel had made "entries of

9  appearances as representatives of the IRS" (para. 8) and that "the IRS often lacked any control

10  over his taking of testimony." (para. 9)  Nevertheless, the United States determined not to move

11  to strike the testimony or to disqualify Mr. Rosen, because the Court already had before it actual

12  evidence on those points, including relevant portions of the transcripts, as well as Mr. Hoory's

13  letters of August 28 and September 9, 2014 (Exhibits 2 and 4 to Bernard Declaration, Docket

14  Entry 37), explaining that an attorney from Quinn Emanuel would attend the informal

15  interviews, "limited to assisting the IRS in its examination fact finding and providing their expert

16  advice to assist the IRS in evaluating the unagreed issues under examination."

17    The United States made a similar determination not to challenge Mr. O'Brien's

18  declaration (Docket  Entry 36) submitted in support of Microsoft's motion for evidentiary

19  hearing.  For the most part, Mr. O'Brien merely authenticated certain correspondence (*e.g.*, para.

20  11), and also described Microsoft's FOIA requests, lawsuits, and responses received, in the

21  course of attaching the FOIA responses (*e.g.*, paras. 9 -17).

22    Now, however, in its witness list Microsoft has stated that it "reserves the right" to call

23  Mr. Rosen to testify as to a greatly expanded set of contested matters, including his experience

United States' Motion to Exclude Testimony or
Disqualify Attorneys - 3

**U.S. Department of Justice**
P.O. Box 683
Washington, D.C. 20044-0683

working as an attorney in the Office of Chief Counsel and his knowledge of policies and procedures relating to promulgation of regulations, issuance of designated summonses, etc. This is all in the nature of opinion testimony.[1]  Microsoft also states that it "reserves the right" to call Mr. O'Brien to testify about additional factual matters, including "the IRS's recent audits of Microsoft" and "the IRS's retention of outside counsel."

None of the exceptions to Rule 3.7 applies here:  the proffered testimony of both Mr. Rosen and Mr. O'Brien goes to the heart of the contested factual issues to be determined by the Court.  The proffered testimony of both is directly related to Microsoft's allegations that the IRS had an improper purpose in issuing the summonses at issue in this case and that it has improperly delegated to Quinn Emanuel the inherent governmental function of a taxpayer examination. Were they to testify, the United States would need to cross examine them, and the Court would then be in the untenable position of having to evaluate the personal credibility of two of the advocates before it.  Moreover, it is clearly improper to permit an attorney in the case to testify as an expert witness.  *See, e.g.*, *West Cost Prods., LLC v. Shalabi*, 2013 WL 1694660, *2 (W.D. Wash. 2013) (attorney representing party at trial may not also testify as an expert witness).

Nor should the Court permit the testimony to proceed while simultaneously permitting them to remain as attorneys in the case, on the ground of "substantial hardship" to Microsoft. Given the large number of attorneys who have appeared in this matter for Microsoft, it is simply not credible for Microsoft to argue that disqualifying either attorney would result in a

---

[1] It is clear, under the ethics rules, that Mr. Rosen could not testify to any personal knowledge he might have of the Microsoft examination from his tenure in the IRS Office of Chief Counsel; and in any event the Government is not aware that he has any such personal knowledge.

"substantial hardship."  Although some courts have permitted counsel to continue representing a party in a case after being called as a witness, those situations typically arise where the *opposing party* has called the attorney as a witness – not where, as here, the party itself has called its own attorneys as witnesses.  *See, e.g.*, *Public Utility Dist. No. 1 of Klickitat Cty v. Int'l Ins. Co.*, 124 Wash. 2d 789, 811-812, 881 P.2d 1020 (1994).

## CONCLUSION

Because Mr. Rosen and Mr. O'Brien have been proffered as witnesses at the evidentiary hearing on contested factual matters, the Court should either order their testimony be excluded or disqualify them from serving as Microsoft's attorneys in this matter.

Dated this 14th day of July, 2015.

CAROLINE D. CIRAOLO
Acting Assistant Attorney General

*/s Noreene Stehlik*
*/s James E. Weaver*
*/s Jeremy Hendon*
*/s Amy Matchison*
NOREENE STEHLIK
JAMES E. WEAVER
Senior Litigation Counsel, Tax Division
JEREMY HENDON
AMY MATCHISON
Trial Attorneys, Tax Division
U.S. Department of Justice
P.O. Box 683, Ben Franklin Station
Washington, DC 20044-0683
Email:  Noreene.C.Stehlik@usdoj.gov
            James.E.Weaver@usdoj.gov
Telephone:     (202) 514-6489
                       (202) 305-4929

ANNETTE L. HAYES
Acting United States Attorney
Western District of Washington

*Attorneys for the United States of America*

## <u>CERTIFICATE OF SERVICE</u>

IT IS HEREBY CERTIFIED that service of the foregoing has been made this 14th day of

July, 2015, via the Court's ECF system to all parties and electronically to the following:


JAMES M. O'BRIEN
james.m.o'brien@bakermckenzie.com

ROBERT B. MITCHELL
robert.mitchell@klgates.com
dawnelle.patterson@klgates.com

DANIEL A. ROSEN
daniel.rosen@bakermckenzie.com


*/s Amy Matchison*
AMY MATCHISON
Trial Attorney, Tax Division
U.S. Department of Justice