THE HONORABLE RICARDO S. MARTINEZ

# UNITED STATES DISTRICT COURT
# WESTERN DISTRICT OF WASHINGTON
# AT SEATTLE

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>                        Petitioner,<br><br>    vs.<br><br>MICROSOFT CORPORATION, et al.,<br><br>                       Respondents. | NO. 2:15-cv-00102 RSM<br><br>OPPOSITION TO UNITED STATES' MOTION TO EXCLUDE PROFFERED TESTIMONY OF DANIEL ROSEN AND JAMES O'BRIEN OR IN THE ALTERNATIVE TO DISQUALIFY THEM AS ATTORNEYS IN THIS MATTER |

OPPOSITION TO UNITED STATES' MOTION TO EXCLUDE
PROFFERED TESTIMONY OF DANIEL ROSEN AND JAMES
O'BRIEN OR IN THE ALTERNATIVE TO DISQUALIFY THEM
AS ATTORNEYS IN THIS MATTER
Case No.: 2:15-cv-00102 RSM

LAW OFFICES
**CALFO HARRIGAN LEYH & EAKES LLP**
999 THIRD AVENUE, 44th FLOOR
SEATTLE, WASHINGTON 98104
TEL (206) 623-1700 FAX (206) 623-8717

Microsoft opposes the IRS's motion to exclude the testimony of Daniel Rosen and James O'Brien. Messrs. Rosen and O'Brien are two of the attorneys representing Microsoft in this matter.

Microsoft submitted declarations from Rosen and O'Brien months ago. Until a few days ago (July 13), the IRS never complained about these declarations. For the first time, the IRS now objects to the testimony of Rosen and O'Brien. The IRS states, however, that it will not object to testimony by Rosen or O'Brien at the July 21 evidentiary hearing as long as such testimony does not go beyond the four corners of their declarations.

The Court should deny the IRS's motion. First, the IRS filed the motion in violation of its obligations to meet and confer with Microsoft. Second, there is no legal basis in the Washington Rules of Professional Conduct ("RPC"), or elsewhere, to prevent Rosen or O'Brien from testifying beyond the four corners of their declarations. The lawyer-as-witness rule (RPC 3.7 or the Rule) is the only authority the IRS relies upon. That rule does not apply here. The Rule applies "at a trial;" the scheduled evidentiary hearing is not a "trial." In addition, the Rule only applies to lawyers who "act as advocate." Neither Mr. Rosen nor Mr. O'Brien will be acting as an advocate before the Court at the evidentiary hearing. Third, RPC 3.7 does not support the remedies the IRS requests. RPC 3.7 prevents a lawyer from acting as advocate at a trial in which the lawyer is likely to be a necessary witness, unless an exception to the Rule applies. The Rule neither prevents a lawyer from testifying nor provides for disqualification of the lawyer.

**ARGUMENT**

**I.    The IRS Filed Its Motion in Violation of Its Obligation to Meet and Confer with Microsoft.**

The IRS filed its motion without meeting the requirements of the local rules, because the United States did not confer in good faith with Microsoft, as required by Local Civil Rule 7(d)(4).

OPPORTUNITY TO UNITED STATES' MOTION TO EXCLUDE
PROFFERED TESTIMONY OF DANIEL ROSEN AND JAMES
O'BRIEN OR IN THE ALTERNATIVE TO DISQUALIFY THEM
AS ATTORNEYS IN THIS MATTER - 1
Case No.: 2:15-cv-00102 RSM

LAW OFFICES
**CALFO HARRIGAN LEYH & EAKES LLP**
999 THIRD AVENUE, 44th FLOOR
SEATTLE, WASHINGTON 98104
TEL (206) 623-1700   FAX (206) 623-8717

Microsoft submitted declarations from Rosen and O'Brien months ago, in connection with its Motion for an Evidentiary Hearing. The United States did not object to the declarations, nor move to strike them. For the first time, by e-mail on July 13, 2015, the IRS notified Microsoft that it intended to "move the court to exclude [Rosen and O'Brien] as witnesses or in the alternative to disqualify [them] from serving as attorneys for Microsoft in this matter" unless Microsoft amended its witness list "to confine the testimony of [Rosen and O'Brien] solely to the existing declarations[.]" Declaration of Patty A. Eakes ("Eakes Decl."), Ex. A (July 13, 2015, Email from Noreene Stehlik to Daniel Rosen). The IRS stated that it believed testimony, beyond the four corners of the existing declarations, would be "completely improper" but provided no legal basis for any of its claims. *Id.*

Microsoft responded the next day. By email, Microsoft explained that it did not understand the IRS's position and requested additional information from the IRS, including the testimony that the IRS believes would be improper and the government's legal basis for excluding such testimony. Eakes Decl., Ex. B (July 14, 2015, Email from Daniel Rosen to Noreene Stehlik). Microsoft also explained that the issue, whatever it was, was not yet ripe. Microsoft also disclosed to the IRS that Microsoft does not presently plan to call O'Brien or Rosen at the hearing, but that whether Microsoft would end up doing so, and what the nature of any testimony would be, would depend on how the hearing develops, and especially on the substance of Mr. Hoory's testimony, which Microsoft cannot predict. *Id.* The IRS never responded. Instead, about one hour later, it filed its motion.

Further, the IRS has never explained its assertion that testimony within the scope of the O'Brien and Rosen declarations is permitted under RPC 3.7, but that testimony beyond the declarations would be improper. RPC 3.7 does not support the government's position or the attempt by the IRS to hamstring Microsoft's witnesses.

OPPOSITION TO UNITED STATES' MOTION TO EXCLUDE
PROFFERED TESTIMONY OF DANIEL ROSEN AND JAMES
O'BRIEN OR IN THE ALTERNATIVE TO DISQUALIFY THEM
AS ATTORNEYS IN THIS MATTER - 2
Case No.: 2:15-cv-00102 RSM

LAW OFFICES
**CALFO HARRIGAN LEYH & EAKES LLP**
999 THIRD AVENUE, 44th FLOOR
SEATTLE, WASHINGTON 98104
TEL (206) 623-1700  FAX (206) 623-8717

## II. RPC 3.7(a) Does Not Apply Because the July 21, 2015 Evidentiary Hearing Is Not a "Trial."

The IRS solely relies on RPC 3.7(a), which provides that a lawyer shall not act as advocate "at a trial" in which the lawyer is likely to be a necessary witness. The IRS ignores the Rule's plain language. This Court, in a case the IRS omits from its motion, adopted a plain reading of RPC 3.7(a) in *Microsoft Corp. v. Immersion Corp.*, No. C07-936RSM, 2008 WL 682246, at *3 (W.D. Wash. March 7, 2008) (Martinez, J.). This Court explained that "the plain language of Washington RPC 3.7(a) is unequivocally clear in only prohibiting attorneys from acting as an advocate *at trial.*" *Id.* (emphasis in original). RPC 3.7(a) is "focused on the trial, where the lawyer's dual role as advocate and witness intersect in a way that the rule is designed to prevent." Mark J. Fucile, *The Lawyer-Witness Rule: What It Is and What It Isn't*, Washington State Bar News 36, 37-38 (Oct. 2007) (copy attached as Eakes Decl., Ex. C).

The July 21 hearing is not a "trial." It is a *preliminary evidentiary hearing* to determine whether Microsoft is entitled to certain discovery. A summary proceeding is not a trial. Thus, there is no likelihood of the tribunal being misled, and no prejudice or harm to the client. *See* cmt 4 to RPC 3.7 ("Whether the tribunal is likely to be misled or the opposing party is likely to suffer prejudice depends on the nature of the case, the importance and probable tenor of the lawyer's testimony, and the probability that the lawyer's testimony will conflict with that of other witnesses."). As a result, RPC 3.7 does not apply.

## III. RPC 3.7(a) Does Not Apply Because Rosen and O'Brien Will Not Be Acting as "Advocate[s]" at the Hearing.

RPC 3.7(a) only applies to prohibit a lawyer from acting as an "advocate" at a trial in which the lawyer is likely to be a necessary witness. Even if the hearing were a "trial," the Rule would not apply here because Rosen and O'Brien will not be acting as Microsoft's advocates. They will not be examining witnesses or presenting oral argument. These activities will be performed by other attorneys representing Microsoft who have appeared in the case.

OPPOSITION TO UNITED STATES' MOTION TO EXCLUDE
PROFFERED TESTIMONY OF DANIEL ROSEN AND JAMES
O'BRIEN OR IN THE ALTERNATIVE TO DISQUALIFY THEM
AS ATTORNEYS IN THIS MATTER - 3
Case No.: 2:15-cv-00102 RSM

LAW OFFICES
**CALFO HARRIGAN LEYH & EAKES LLP**
999 THIRD AVENUE, 44th FLOOR
SEATTLE, WASHINGTON 98104
TEL (206) 623-1700   FAX (206) 623-8717

Mr. Rosen and Mr. O'Brien will attend the hearing and assist and advise co-counsel, as appropriate, but will not advocate before this Court at the evidentiary hearing, which the IRS would have known had it satisfied the meet and confer requirement. As a result, the concern that motivates RPC 3.7—that "the trier of fact may be confused or misled by a lawyer serving as both advocate and witness"—is not implicated. Cmt. 2 to RPC 3.7. Because Rosen and O'Brien will not act as advocates at the hearing, by its plain language, RPC 3.7(a) is not implicated and cannot apply to exclude their testimony.

### IV. The Remedies That the IRS Requests Are Not Permitted Under RPC 3.7(a).

The IRS's motion asks the Court to grant two forms of relief, neither of which RPC 3.7(a) permits. The IRS asks to either: (1) exclude the testimony of Mr. Rosen and Mr. O'Brien from the hearing, or (2) disqualify them from representing Microsoft in this case. RPC 3.7, when it applies, bars advocacy, not testimony. *See United States v. Vereen*, 429 F.2d 713, 715 n.3 (D.C. Cir. 1970) ("[D]oubts should be resolved in favor of the lawyer testifying and against his becoming or continuing as an advocate.") (quoting former ABA Code of Prof'l Responsibility EC 5-10). The Rule only bars advocacy before the fact finder at trial; it does not prevent the attorney from participating in other aspects of the case. *See* cmt. 3 to RPC 3.7 (rule prohibits lawyer "from *simultaneously* serving as advocate and necessary witness") (emphasis added); *In re Disciplinary Proceeding Against Pfefer*, 182 Wn.2d 716, 726, 344 P.3d 1200 (2015) (finding no error where counsel had been permitted to "sit at counsel's table and advise [client] throughout the hearing" at which he also testified as a fact witness); *State v. Fackrell*, 44 Wn.2d 874, 876, 271 P.2d 679 (1954) ("Continuing to sit at the counsel table did not, under the circumstances here disclosed, constitute assistance in the trial of the case and hence, was not a violation of the canons of ethics."); Fucile, *The Lawyer-Witness Rule: What It Is and What It Isn't*, Washington State Bar News 36, 37 (Oct. 2007). Thus, RPC 3.7(a) does not require disqualification of Rosen and O'Brien from either continuing to participate in the case

OPPOSITION TO UNITED STATES' MOTION TO EXCLUDE
PROFFERED TESTIMONY OF DANIEL ROSEN AND JAMES
O'BRIEN OR IN THE ALTERNATIVE TO DISQUALIFY THEM
AS ATTORNEYS IN THIS MATTER - 4
Case No.: 2:15-cv-00102 RSM

LAW OFFICES
**CALFO HARRIGAN LEYH & EAKES LLP**
999 THIRD AVENUE, 44th FLOOR
SEATTLE, WASHINGTON 98104
TEL (206) 623-1700  FAX (206) 623-8717

or participating in the evidentiary hearing in a non-advocacy role.

## CONCLUSION

Microsoft respectfully requests that the IRS's motion be denied. The IRS violated its obligation to meet and confer with Microsoft. RPC 3.7 does not apply here and, even if it did, it permits none of the relief that the IRS seeks.

DATED this 16th day of July, 2015.

CALFO HARRIGAN LEYH & EAKES LLP

By  *s/ Patricia A. Eakes*
By  *s/ Andrea D. Ostrovsky*
Patricia A. Eakes, WSBA #18888
Andrea D. Ostrovsky, WSBA #37749
999 Third Avenue, Suite 4400
Seattle, WA 98104
Phone: (206) 623-1700
Fax: (206) 623-8717
Email: pattye@calfoharrigan.com
Email: andreao@calfoharrigan.com

BAKER & McKENZIE LLP

By  *s/ Daniel A. Rosen*
Daniel A. Rosen, *Pro Hac Vice*
452 Fifth Avenue
New York, NY 10018
Phone: (212) 626-4272
Fax: (212) 310-1600
Email: daniel.rosen@bakermckenzie.com

BAKER & McKENZIE LLP

By  *s/ James M. O'Brien*
James M. O'Brien, *Pro Hac Vice*
300 E. Randolph Drive, Suite 5000
Chicago, IL 60601
Phone: (312) 861-8602
Fax: (312) 861-2899
Email: james.m.o'brien@bakermckenzie.com

OPPOSITION TO UNITED STATES' MOTION TO EXCLUDE
PROFFERED TESTIMONY OF DANIEL ROSEN AND JAMES
O'BRIEN OR IN THE ALTERNATIVE TO DISQUALIFY THEM
AS ATTORNEYS IN THIS MATTER - 5
Case No.: 2:15-cv-00102 RSM

LAW OFFICES
**CALFO HARRIGAN LEYH & EAKES LLP**
999 THIRD AVENUE, 44th FLOOR
SEATTLE, WASHINGTON 98104
TEL (206) 623-1700   FAX (206) 623-8717

BAKER & McKENZIE LLP

By   *s/ Phillip Joseph Taylor*
By   *s/ Mireille R. Oldak*
    Phillip Joseph Taylor, *Pro Hac Vice*
    Mireille R. Oldak, *Pro Hac Vice*
    815 Connecticut Avenue NW
    Washington, DC 20006
    Phone: (202) 835-6176
    Fax: (202) 452-7074
    Email: phillip.taylor@bakermckenzie.com
    Email: mireille.oldak@bakermckenzie.com

BARTLIT BECK HERMAN PALENCHAR & SCOTT LLP

By   *s/ Philip S. Beck*
By   *s/ Sean W. Gallagher*
By   *s/ Brian S. Prestes*
By   *s/ Robert B. Tannenbaum*
    Philip S. Beck, *Pro Hac Vice*
    Sean W. Gallagher, *Pro Hac Vice*
    Brian S. Prestes, *Pro Hac Vice*
    Robert B. Tannenbaum, *Pro Hac Vice*
    54 West Hubbard Street
    Chicago, IL 60654
    Phone: (312) 494-4400
    Fax: (312) 494-4440
    Email: philip.beck@barlit-beck.com
    Email: Sean.gallagher@barlit-beck.com
    Email: brian.prestes@bartlit-beck.com
    Email: Robert.tannenbaum@bartlit-beck.com

*Attorneys for Respondent / Intervenor Microsoft Corporation*

OPPOSITION TO UNITED STATES' MOTION TO EXCLUDE PROFFERED TESTIMONY OF DANIEL ROSEN AND JAMES O'BRIEN OR IN THE ALTERNATIVE TO DISQUALIFY THEM AS ATTORNEYS IN THIS MATTER - 6
Case No.: 2:15-cv-00102 RSM

LAW OFFICES
**CALFO HARRIGAN LEYH & EAKES LLP**
999 THIRD AVENUE, 44th FLOOR
SEATTLE, WASHINGTON 98104
TEL (206) 623-1700 FAX (206) 623-8717

## CERTIFICATE OF SERVICE

I hereby certify that on July 16, 2015, I electronically filed the foregoing with the Clerk of the Court using the CM/ECF system which will send notification of such filing to the following: <u>Amy Matchison, Jeremy N. Henson, Noreene C. Stehlik, James E. Weaver and the U.S. Department of Justice; Daniel A. Rosen, James M. O'Brien and Baker & McKenzie LLP; Robert B. Mitchell, Hugh Frederick Bangasser and K&L Gates LLP; George E. Greer and Orrick Herrington & Sutcliffe; Stephen M. Rummage and Davis Wright Tremaine; Philip S. Beck, Sean W. Gallagher, Brian S. Prestes, Robert B. Tannenbaum and Bartlit Beck Herman Palenchar & Scott LLP</u>, and I hereby certify that I have mailed by United States Postal Service the document to the following non CM/ECF participants: <u>N/A</u>.

                                                  s/ Florine Fujita
                                                  Florine Fujita

OPPOSITION TO UNITED STATES' MOTION TO EXCLUDE PROFFERED TESTIMONY OF DANIEL ROSEN AND JAMES O'BRIEN OR IN THE ALTERNATIVE TO DISQUALIFY THEM AS ATTORNEYS IN THIS MATTER - 7
Case No.: 2:15-cv-00102 RSM

LAW OFFICES
**CALFO HARRIGAN LEYH & EAKES LLP**
999 THIRD AVENUE, 44th FLOOR
SEATTLE, WASHINGTON 98104
TEL (206) 623-1700  FAX (206) 623-8717