# EXHIBIT 11

ORRIN G. HATCH, UTAH, CHAIRMAN

CHUCK GRASSLEY, IOWA
MIKE CRAPO, IDAHO
PAT ROBERTS, KANSAS
MICHAEL B. ENZI, WYOMING
JOHN CORNYN, TEXAS
JOHN THUNE, SOUTH DAKOTA
RICHARD BURR, NORTH CAROLINA
JOHNNY ISAKSON, GEORGIA
ROB PORTMAN, OHIO
PATRICK J. TOOMEY, PENNSYLVANIA
DANIEL COATS, INDIANA
DEAN HELLER, NEVADA
TIM SCOTT, SOUTH CAROLINA

RON WYDEN, OREGON
CHARLES E. SCHUMER, NEW YORK
DEBBIE STABENOW, MICHIGAN
MARIA CANTWELL, WASHINGTON
BILL NELSON, FLORIDA
ROBERT MENENDEZ, NEW JERSEY
THOMAS R. CARPER, DELAWARE
BENJAMIN L. CARDIN, MARYLAND
SHERROD BROWN, OHIO
MICHAEL F. BENNET, COLORADO
ROBERT P. CASEY, Jr., PENNSYLVANIA
MARK R. WARNER, VIRGINIA

CHRIS CAMPBELL, STAFF DIRECTOR
JOSHUA SHEINKMAN, DEMOCRATIC STAFF DIRECTOR

United States Senate

COMMITTEE ON FINANCE
WASHINGTON, DC 20510–6200

May 13, 2015

The Honorable John Koskinen
Commissioner
Internal Revenue Service
1111 Constitution Avenue, NW
Washington, DC 20224

Dear Commissioner Koskinen:

As you know, the Senate Finance Committee has jurisdiction over the Internal Revenue Service and a responsibility to ensure that the Internal Revenue Code is administered correctly. As Chairman, I have the obligation to carry out that responsibility through congressional oversight. To that end, I write today concerning the IRS's issuance of temporary regulations and related actions which I believe call into question the integrity of the agency's examination process.

In a tax system based on voluntary compliance, the integrity of the tax administration process and protection of taxpayer rights is of paramount importance. To those ends, Congress put in place specific restrictions on government action in the examination process. One such restriction is the requirement that only Treasury officials carry out certain examination functions, such as taking sworn testimony from taxpayers.

The IRC authorizes the Secretary of the Treasury to make inquiries regarding tax liability, and permits the Secretary to delegate this authority to "officers or employees of the Treasury Department…."[1] This authority includes both the examination of "books, papers, records, or other data[,]" and the taking of testimony under oath.[2] While the Secretary has broad powers to delegate authorities, any delegation is limited to an "officer, employee, or agency of the Treasury Department" unless Congress expressly grants broader authority.[3] In addition to limitations on who can carry out these functions, Congress also created safeguards around the use of confidential taxpayer information by prohibiting officers and employees of the United States from disclosing taxpayer information except in limited circumstances.[4] By enacting these provisions, Congress made clear that certain revenue functions may be carried out only by specified officers of the Treasury Department and that taxpayer data can only be disclosed in limited circumstances.

Despite these statutory prohibitions against the outsourcing of certain revenue functions or sharing of confidential taxpayer information, in May of last year the IRS hired a litigation law

---

[1] 26 U.S.C. §§ 6201; 7601(a).
[2] 26 U.S.C. § 7602(a).
[3] 26 U.S.C. § 7701(a)(11)(B), (12)(A).
[4] 26 U.S.C. § 6103.

firm to assist in the income tax audit and investigation of a corporate taxpayer, including the conduct of sworn interviews. According to press reports, the IRS retained the law firm of Quinn Emanuel on a $2.2 million contract to perform functions inherent to the Secretary's inquiry authorities. This contract marks the first time, to the Committee's knowledge, that the agency has hired a private contractor to take such an involved role in an examination.

Only weeks after retaining the law firm, the Treasury Department and IRS issued a temporary regulation, without a notice and comment period, allowing third party contractors to take compulsory, sworn testimony in connection with an IRS investigation.[5] The new, temporary regulation would allow private contractors – in this case, litigation attorneys billing taxpayers over $1,000 an hour, according to the contract – to question a witness under oath and ask the witness to clarify objections or assertions of privilege. It would also give these attorneys access to confidential taxpayer information while raising questions over how well that information is then protected from further disclosure. The temporary regulation was issued as a "clarification," despite the fact that it is an unprecedented expansion of the role of outside contractors in the examination process, and one that violates the IRC provisions quoted above. Press reports indicate the IRS has already begun acting under the authority of the temporary regulation, issuing numerous summons for individuals related to the corporate taxpayer to give testimony before the private contractor.

The contract itself raises additional questions over your agency's compliance with federal law. As stated above, the IRC restricts the examination of "books, papers, records, or other data[,]" and the taking of testimony under oath, to the Secretary and limited delegates. Yet the contract in question explicitly provides for the private contractor to identify materials the agency should demand, "including any necessary data, documents, or interviews," and to take a role in "preparing for or participating in interviews[.]" Upon identification of materials, the contract states that "the Service will attempt to secure the requested records." This language suggests that the private contractor in this case will be taking on unauthorized activities in contravention of the IRC.

The IRS's hiring of a private contractor to conduct an examination of a taxpayer raises concerns because the action: 1) appears to violate federal law and the express will of the Congress; 2) removes taxpayer protections by allowing the performance of inherently governmental functions by private contractors; and 3) calls into question the IRS's use of its limited resources.

**Federal Law and the Will of Congress**

In writing the IRC, and specifically sections 6201, 7602, and 7701, the Congress intentionally chose to restrict the performance of certain revenue functions, such as examinations and the taking of sworn testimony, to the Secretary and limited delegates. When Congress has chosen to augment this authority, as it did in the case of private contractors performing tax collection functions, it has done so through explicit statutory authorization.[6] If the IRS believes it is necessary to expand the use of private contractors to question witnesses and assume other

---

[5] 26 C.F.R. § 301.7602-1T(b).
[6] The American Jobs Creation Act of 2004, P.L. 108-357, § 881(a)(1).

examination functions, the agency should consult with Congress and seek additional authorization.

**Taxpayer Protections**

Unlike private contractors, Treasury Department officials are required to swear an oath to the Constitution and are subject to rules of conduct and federal law regulating their interactions with taxpayers. This is one of the core reasons Congress has sought to limit certain examination actions to these officials, who are accountable to the public and for whom there is a clear chain of command. Turning over inherently government functions such as the conduct of an examination to private contractors not only jeopardizes the rights of taxpayers, but also confuses the examination process and changes the well-regulated relationship between revenue examiners and private taxpayers.

**IRS Resources**

As explained above, the IRS has hired the private contractor under a $2.2 million contract and is paying private attorneys over $1,000 an hour to carry out functions that are more properly carried out by Treasury officials. The IRS has over 40,000 employees dedicated to enforcement efforts, including more than 36,000 tasked specifically with exams and collections. If none of these employees, nor IRS Office of Chief Counsel or Department of Justice tax attorneys, have sufficient expertise to undertake the examination at hand, we should have a broader conversation about your agency's hiring practices and recruitment needs. In my experience as Chairman, I know that the both the IRS Office of Chief Counsel and Justice Department employ excellent attorneys who should be more than able to conduct an examination without turning over interviews and document requests to private contractors.

For these reasons, I ask that you immediately halt the use of the private contractors described above for both the examination of records and the taking of sworn testimony. I also ask that your agency brief my Committee staff without delay to: 1) explain the reasoning behind and procedure by which you issued the temporary regulation; 2) explain your agency's novel readings of the IRC provisions referenced above; 3) detail the use of private contractors for examination functions generally; 4) inform the Committee whether you intend to use private contractors to represent the IRS in litigation, either under contract and/or as special government employees; and 5) inform the Committee whether the practice described above will be used against other taxpayers. I thank you in advance for your cooperation in this matter.

Sincerely,

Orrin G. Hatch
Chairman, Senate Committee on Finance