# EXHIBIT 18

# FDIC Outside Counsel Deskbook

June 2005

# TABLE OF CONTENTS

Introduction

**CHAPTER 1**

## Representing the FDIC

1.1 Scope of the Deskbook
1.2 Identifying the FDIC as a Client
1.3 Statutory Compliance
1.4 Equal Employment Opportunity and Diversity
1.5 Ethical Considerations
1.6 File Retention
1.7 Audit Rights
1.8 Fees and Expenses
1.9 Malpractice Insurance
1.10 Contacts with the Media and the Public
1.11 Role of FDIC Oversight Attorney
1.12 Termination

**CHAPTER 2**

## Conflicts of Interest

2.1 Legal Division Conflicts Policies and Procedures
2.2 FDIC Regulations and Policies
2.3 Rules of the Legal Profession
2.4 Required Disclosures
2.5 Duty to Disclose at Application and Thereafter
2.6 Conflict Determination
2.7 Noncompliance
2.8 FDIC as Former Client
2.9 Questions Concerning Conflicts

**Westlaw.**

309 F.2d 399                                                     Page 1
159 Ct.Cl. 230, 309 F.2d 399
(Cite as: 159 Ct.Cl. 230, 309 F.2d 399)

▷

United States Court of Claims.
John BOYLE
v.
The UNITED STATES.

No. 300—60.
Nov. 7, 1962.

Action for refund of deductions made by defendant from plaintiff's compensation for legal services rendered under series of contract with the General Services Administration. The Court of Claims, Durfee, Judge, held that neither 1930 nor 1956 Civil Service Retirement Act was intended to include attorney fees paid on per diem basis, limited in time and amount under governmental restrictions, to one retained on attorney-client basis by government agency, within amounts subject to civil service retirement pay deductions.

Judgment for the plaintiff.

West Headnotes

[1] United States 393 ⚷═36

393 United States
    393I Government in General
        393k36 k. Appointment or employment and tenure of agents, clerks, and employees in general. Most Cited Cases
    Statutes vested government agency with authority to secure temporary or intermittent services of attorney by contract or appointment and authorized it to enter into independent contractor relationship with attorney as distinguished from employment status. Civil Service Act of 1930, § 2(b) as amended 5 U.S.C.A. § 715(b); Federal Property and Administrative Services Act of 1949, § 208(b) as amended 5 U.S.C.A. § 630h(b); Defense Production Act of 1950, § 710(c), 50 U.S.C.A.Appendix, § 2160(c); 5 U.S.C.A. § 55a.

[2] United States 393 ⚷═39(15)

393 United States
    393I Government in General
        393k39 Compensation of Officers, Agents, and Employees
            393k39(15) k. Pensions and retirement allowances. Most Cited Cases
    Neither under 1930 nor 1956 Civil Service Retirement Act was it intended to include attorney fees paid on per diem basis, limited in time and amount under governmental restrictions, to one retained on attorney-client basis by government agency, within amounts subject to civil service retirement pay deductions. Civil Service Act of 1930, § 2(b) as amended and § 13(b) as amended in 1956, 5 U.S.C.A. § 715(b) and § 2263(b).

[3] United States 393 ⚷═39(11.1)

393 United States
    393I Government in General
        393k39 Compensation of Officers, Agents, and Employees
            393k39(11) Recovery of Compensation
            393k39(11.1) k. In general. Most Cited Cases
    (Formerly 393k39(11))
    Statute precluded award of interest on sums wrongfully withheld by government from plaintiff's compensation for legal services rendered under series of contracts, as independent contractor, where contract did not provide for payment of interest. Defense Production Act of 1950, § 710, 50 U.S.C.A.Appendix, § 2160; 28 U.S.C.A. § 2516; Court of Claims Rules, rule 38(c), 28 U.S.C.A.

*399 Jess Larson, Washington, D.C., for plaintiff.

Kendall M. Barnes, Washington, D.C., with whom was Joseph D. Guilfoyle, Acting Asst. Atty. Gen., for defendant.

DURFEE, Judge.

© 2015 Thomson Reuters. No Claim to Orig. US Gov. Works.

Westlaw.

108 S.Ct. 2597
487 U.S. 654, 108 S.Ct. 2597, 101 L.Ed.2d 569, 56 USLW 4835
(Cite as: 487 U.S. 654, 108 S.Ct. 2597)

Page 1

▷

Supreme Court of the United States
Alexia MORRISON, Independent Counsel, Appellant,
v.
Theodore B. OLSON, Edward C. Schmults and Carol E. Dinkins.

No. 87-1279.
Argued April 26, 1988.
Decided June 29, 1988.

Three former government officials brought suit challenging authority of independent counsel appointed under provisions of Ethics and Government Act to issue subpoenas compelling their testimony before grand jury. The United States District Court for the District of Columbia, 665 F.Supp. 56, Aubrey E. Robinson, Jr., Chief Judge, found officials in contempt for failing to answer subpoenas, and they appealed. The Court of Appeals, 838 F.2d 476, Silberman, Circuit Judge, reversed, and appeal was taken. The Supreme Court, Chief Justice Rehnquist, held that: (1) Act did not violate appointments clause; (2) Act did not violate Article III; and (3) Act did not violate separation of powers doctrine.

Reversed.

Justice Scalia, dissented and filed opinion.

Justice Kennedy took no part in consideration or decision of case.

West Headnotes

[1] Contempt 93 €==66(3)

93 Contempt
   93II Power to Punish, and Proceedings Therefor
      93k66 Appeal or Error
         93k66(3) k. Presentation and reservation of grounds of review. Most Cited Cases
      Independent counsel waived objection to appellate review of constitutionality of independent counsel statute, in action finding defendants in contempt for failure to comply with grand jury subpoena, where prosecutor failed to object to district court's consideration of merits of defendants' constitutional claims.

[2] United States 393 €==35

393 United States
   393I Government in General
      393k35 k. Appointment, qualification, and tenure of officers. Most Cited Cases
      Independent counsel appointed pursuant to Ethics in Government Act was "inferior" officer, such that counsel's appointment by Special Division does not violate appointments clause of Federal Constitution, in that counsel was removable by higher Executive Branch official, was empowered to perform only certain, limited duties, and counsel's office was limited in jurisdiction and tenure. U.S.C.A. Const. Art. 2, § 2, cl. 2.

[3] Constitutional Law 92 €==2564

92 Constitutional Law
   92XX Separation of Powers
      92XX(C) Judicial Powers and Functions
         92XX(C)3 Encroachment on Executive
            92k2561 Powers, Duties, and Acts Under Legislative Authority
               92k2564 k. Judicial exercise of statutory authority as encroaching on executive. Most Cited Cases
      (Formerly 92k74)

United States 393 €==35

393 United States
   393I Government in General
      393k35 k. Appointment, qualification, and tenure of officers. Most Cited Cases
      Appointment of independent counsel, an "inferior" officer, by Special Division does not violate appointments clause of Federal Constitution;

© 2015 Thomson Reuters. No Claim to Orig. US Gov. Works.