# EXHIBIT 23



**Portfolio Media. Inc.** | 860 Broadway, 6th Floor | New York, NY 10003 | www.law360.com
Phone: +1 646 783 7100 | Fax: +1 646 783 7161 | customerservice@law360.com

# Tax Pros Question IRS Use Of Microsoft Info At Hearing

By **Eric Kroh**

Law360, New York (August 27, 2015, 6:38 PM ET) -- The government's airing of Microsoft Corp.'s transfer pricing practices during an evidentiary hearing on the Internal Revenue Service's hiring of Quinn Emanuel Urquhart & Sullivan LLP to assist with an audit of the company might cause some taxpayers to pause before requesting such hearings in the future.

On Tuesday, a Washington federal court held the hearing to consider a contract the IRS made with Quinn Emanuel to assist in the agency's ongoing examination of two cost-sharing arrangements the company entered into with affiliates in Puerto Rico and Asia.

At the evidentiary hearing, lawyers from the U.S. Department of Justice introduced documents on the underlying transactions at issue in the audit, over the objections of Microsoft. Among the evidence admitted at the hearing is an estimation of the fair market value of certain Microsoft entities, a letter from the company to the IRS protesting proposed adjustments to its 2004 through 2006 tax liability, internal company emails and notes from a Microsoft planning meeting, according to court documents.

Tax experts said the DOJ attorneys' actions may be contrary to a government practice of not disclosing unnecessary information in summons enforcement proceedings and show the need for attorneys and taxpayers to consider the possibility that information on underlying transactions could be disclosed in public before requesting an evidentiary hearing.

Stuart Bassin of the Bassin Law Firm PLLC said he didn't understand how documents on Microsoft's transfer pricing practices are relevant at a hearing involving a legal question on the statutory authority for a private law firm to assist the IRS in a summons interview.

"I have no idea how the complexity of Microsoft's transfer pricing practices, particularly the details of it, has anything to do with that," Bassin said. "It's arguably a punitive action for exercising your rights to challenge an IRS summons."

Microsoft is trying to block **enforcement of IRS summonses** against former CEO Steve Ballmer and other current and former Microsoft employees in the case, alleging Quinn Emanuel attorneys are not authorized to participate in the interviews.

Bassin said the government's actions brought to mind the controversy that erupted after the IRS disclosed the clients of KPMG LLP in a 2002 lawsuit against the accounting firm over the alleged promotion of tax shelters. Among the names disclosed were California politician William E. Simon Jr., racer Dale Earnhardt and several prominent businessmen. Amid a public backlash, the government adopted a policy of not disclosing unnecessary

information in summons enforcement proceedings, Bassin said.

In a July 2002 letter to the editor of The Wall Street Journal, U.S. Department of the Treasury general counsel David D. Aufhauser said mistakes were made in the disclosure and "no taxpayer should be 'gratuitously humiliated' in court proceedings." Aufhauser said the department would take precautions in the future to ensure that confidential information is preserved "unless the interests of justice clearly dictate otherwise."

Bassin added: "Everything that they said back then is contrary to what they seem to be saying now."

U.S. District Judge Ricardo S. Martinez **granted Microsoft's request** for an evidentiary hearing in a June order saying the company plausibly alleged that Quinn Emanuel's role in the summonses is improper and that there may be problems with temporary regulations the IRS issued in June 2014 providing that contractors are permitted to participate in a summons interview.

The IRS has **defended the contract** with Quinn Emanuel by saying that given the complexity of the issues presented in its audit of Microsoft, the agency would benefit from an independent analysis and support by seasoned commercial litigators.

Christine S. Hooks of Mayer Brown LLP said the government will ordinarily have to disclose some information regarding the taxpayer's transactions at evidentiary hearings in order to justify its use of the court's process to enforce the summons.

"However, disclosing more than is necessary for the sole purpose of punishing or deterring taxpayers from requesting evidentiary hearings would be inappropriate and inconsistent with the government's usual practice," Hooks said, adding it was unclear whether the government had done that at the Tuesday hearing.

Robert J. Kovacev, a partner with Steptoe & Johnson LLP and a former senior litigator in the DOJ tax division, said when he was representing the government in evidentiary hearings it was typical when there was an allegation of an abuse of process to go into the merits of the case, including bringing up the underlying transactions at issue.

That should factor in the equation when tax attorneys and taxpayers decide whether to request an evidentiary hearing, Kovacev said.

"The IRS has to be able to show it had a legitimate purpose for issuing a summons" at the hearings, Kovacev said. "That being said, you can go overboard," he said.

The U.S. Supreme Court in U.S. v. Clarke **held last year** that a taxpayer is entitled to an evidentiary hearing on an IRS summons if he can "point to specific facts or circumstances plausibly raising an inference of bad faith" and makes a "substantial preliminary showing of abuse or wrongdoing."

Hooks said many tax practitioners saw Clarke as potentially opening the door to more frequent evidentiary hearings in summons enforcement cases, but that so far there have been few examples. For that reason, the outcome of the Microsoft case will be closely watched by the tax community, she said.

Kovacev said the Microsoft suit is on track to be a "summons enforcement case for the ages."

"The outcome will shape how the IRS conducts examinations, not just in terms of hiring outsiders, such as Quinn Emanuel, but in terms of the care that they take in making sure that they have and document a proper purpose" in summons enforcement actions,

Kovacev said.

Microsoft declined to comment. The IRS does not comment on ongoing litigation.

Microsoft Corp. is represented by Andrea Delgadillo Ostrovsky and Patricia A. Eakes of Calfo Harrigan Leyh & Eakes LLP and Daniel A. Rosen and James M. O'Brien of Baker & McKenzie LLP.

The United States is represented by Amy Matchison, Jeremy N. Hendon and Noreene C. Stehlik of the U.S. Department of Justice, Tax Division.

The case is U.S. v. Microsoft Corp. et al., case number 2:15-cv-00102, in the U.S. District Court for the Western District of Washington.

--Editing by Chris Yates and Kelly Duncan.

All Content © 2003-2015, Portfolio Media, Inc.