# EXHIBIT 34



**Department of the Treasury**
**Internal Revenue Service**

**Publication 556**
(Rev. September 2013)
Cat. No. 15104N

# Examination of Returns, Appeal Rights, and Claims for Refund



**Get forms and other Information faster and easier by:**
**Internet IRS.gov**

Sep 26, 2013

## Contents

The IRS Mission . . . . . . . . . . . . . . . . . . . . . . . . . . . . 1

Reminders . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 1

Introduction . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 1

Examination of Returns . . . . . . . . . . . . . . . . . . . . . 2

Appeal Rights . . . . . . . . . . . . . . . . . . . . . . . . . . . . 8

Claims for Refund . . . . . . . . . . . . . . . . . . . . . . . 13

How To Get Tax Help . . . . . . . . . . . . . . . . . . . . . 17

Index . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 20

## The IRS Mission

Provide America's taxpayers top quality service by helping them understand and meet their tax responsibilities and by applying the tax law with integrity and fairness to all.

## Reminders

**Penalty for filing erroneous claim for refund or credit.** You may have to pay a penalty if you file an erroneous claim for refund or credit. See *Penalty for erroneous claim for refund*, later under *Claims for Refund*.

**Interest and penalties suspended If notice not mailed within 36 months.** If you file your return timely (including extensions), interest and certain penalties will be suspended if the IRS does not mail a notice to you within 36 months. See *Suspension of interest and penalties*, later under *Examination of Returns*.

**Fast track mediation.** The IRS offers fast track mediation services to help taxpayers resolve many disputes resulting from:

- Examinations (audits),
- Offers in compromise,
- Trust fund recovery penalties, and
- Other collection actions.

  See *Fast track mediation* under *If You Do Not Agree*.

## Introduction

The Internal Revenue Service (IRS) accepts most federal tax returns as filed. However, the IRS examines (or audits) some returns to determine if income, expenses, and credits are being reported accurately.

If your return is selected for examination, it does not suggest that you made an error or are dishonest. Returns are chosen by computerized screening, by random sample, or by an income document matching program. See *Examination selection criteria*, later. You should also know

that many examinations result in a refund or acceptance of the tax return without change.

This publication discusses general rules and procedures that the IRS follows in examinations. It explains what happens during an examination and your appeal rights, both within the IRS and in the federal court system. It also explains how to file a claim for refund of tax you already paid.

As a taxpayer, you have the right to be treated fairly, professionally, promptly, and courteously by IRS employees. Publication 1, Your Rights as a Taxpayer, explains your rights when dealing with the IRS.

**Comments and suggestions.** We welcome your comments about this publication and your suggestions for future editions.

You can write to us at the following address:

Internal Revenue Service
Tax Forms and Publications Division
1111 Constitution Ave. NW, IR-6526
Washington, DC 20224

We respond to many letters by telephone. Therefore, it would be helpful if you would include your daytime phone number, including the area code, in your correspondence.

You can send your comments from *www.irs.gov/ formspubs/*. Click on "More Information" and then on "Comment on Tax Forms and Publications."

Although we cannot respond individually to each comment received, we do appreciate your feedback and will consider your comments as we revise our tax products.

***Ordering forms and publications.*** Visit *www.irs.gov/ formspubs* to download forms and publications, call 1-800-TAX-FORM (1-800-829-3676), or write to the address below and receive a response within 10 days after your request is received.

Internal Revenue Service
1201 N. Mitsubishi Motorway
Bloomington, IL 61704-6613

***Tax questions.*** If you have a tax question, check the information available on *www.irs.gov* or call 1-800-829-1040. We cannot answer tax questions sent to either of the above addresses.

## Useful Items

You may want to see:

**Publication**

- ❏ **1**     Your Rights as a Taxpayer
- ❏ **5**     Your Appeal Rights and How To Prepare a Protest If You Don't Agree
- ❏ **547** Casualties, Disasters, and Thefts
- ❏ **594** The IRS Collection Process
- ❏ **910** Guide to Free Tax Services
- ❏ **971** Innocent Spouse Relief

- ❏ **1546** Taxpayer Advocate Service–Your Voice at the IRS
- ❏ **1660** Collection Appeal Rights
- ❏ **3605** Fast Track Mediation
- ❏ **3920** Tax Relief for Victims of Terrorist Attacks
- ❏ **4134** Low Income Taxpayer Clinic List

**Form (and Instructions)**

- ❏ **843**   Claim for Refund and Request for Abatement
- ❏ **911**   Request for Taxpayer Advocate Service Assistance (and Application for Taxpayer Assistance Order)
- ❏ **1040X** Amended U.S. Individual Income Tax Return
- ❏ **2848** Power of Attorney and Declaration of Representative
- ❏ **4506** Request for Copy of Tax Return
- ❏ **4506-T** Request for Transcript of Tax Return
- ❏ **8379** Injured Spouse Allocation
- ❏ **8857** Request for Innocent Spouse Relief

See *How To Get Tax Help*, near the end of this publication, for information about getting these publications and forms.

# Examination of Returns

Your return may be examined for a variety of reasons, and the examination may take place in any one of several ways. After the examination, if any changes to your tax are proposed, you can either agree with those changes and pay any additional tax you may owe, or you can disagree with the changes and appeal the decision.

**Examination selection criteria.** Your return may be selected for examination on the basis of computer scoring. A computer program called the Discriminant Inventory Function System (DIF) assigns a numeric score to each individual and some corporate tax returns after they have been processed. If your return is selected because of a high score under the DIF system, the potential is high that an examination of your return will result in a change to your income tax liability.

Your return may also be selected for examination on the basis of information received from third-party documentation, such as Forms 1099 and W-2, that does not match the information reported on your return. Or, your return may be selected to address both the questionable treatment of an item and to study the behavior of similar taxpayers (a market segment) in handling a tax issue.

In addition, your return may be selected as a result of information received from other sources on potential noncompliance with the tax laws or inaccurate filing. This information can come from a number of sources, including

newspapers, public records, and individuals. The information is evaluated for reliability and accuracy before it is used as the basis of an examination or investigation.

**Notice of IRS contact of third parties.** The IRS must give you reasonable notice before contacting other persons about your tax matters. You must be given reasonable notice in advance that, in examining or collecting your tax liability, the IRS may contact third parties such as your neighbors, banks, employers, or employees. The IRS must also give you notice of specific contacts by providing you with a record of persons contacted on both a periodic basis and upon your request.



*This provision does not apply:*

- *To any pending criminal investigation,*

- *When providing notice would jeopardize collection of any tax liability,*

- *Where providing notice may result in reprisal against any person, or*

- *When you authorized the contact.*

**Taxpayer Advocate Service.** The Taxpayer Advocate Service is an independent organization within the IRS whose goal is to help taxpayers resolve problems with the IRS. If you have an ongoing issue with the IRS that has not been resolved through normal processes, or your problems with the IRS are causing financial difficulty, contact the Taxpayer Advocate Service.



*Before contacting the Taxpayer Advocate Service, you should first discuss any problem with a supervisor. Your local Taxpayer Advocate will assist you if you are unable to resolve the problem with the supervisor.*

For more information, see Publication 1546. See *How To Get Tax Help*, near the end of this publication, for more information about contacting the Taxpayer Advocate Service.

**Comments from small business.** The Small Business and Agricultural Regulatory Enforcement Ombudsman and 10 Regional Fairness Boards have been established to receive comments from small business about federal agency enforcement actions. The Ombudsman will annually evaluate the enforcement activities of each agency and rate their responsiveness to small business. If you wish to comment on the enforcement actions of the IRS, you can take any of the following steps.

- Fax your comments to 1-202-481-5719.

- Write to the following address:
  Office of the National Ombudsman
  U.S. Small Business Administration
  409 3rd Street, SW
  Washington, DC 20416

- Call 1-888-734-3247.

- Send an email to *ombudsman@sba.gov*.

- File a comment or complaint online at *www.sba.gov/ ombudsman*.

# If Your Return Is Examined

Some examinations are handled entirely by mail. Examinations not handled by mail can take place in your home, your place of business, an Internal Revenue office, or the office of your authorized representative. If the time, place, or method is not convenient for you, the examiner will try to work out something more suitable. However, the IRS makes the final determination of when, where, and how the examination will take place.

Throughout the examination, you can act on your own behalf or have someone represent you or accompany you. If you filed a joint return, either you or your spouse, or both, can meet with the IRS. The person representing you can be any federally authorized practitioner, including an attorney, a certified public accountant, an enrolled agent (a person enrolled to practice before the IRS), an enrolled actuary, or the person who prepared the return and signed it as the preparer.

If you want someone to represent you in your absence, you must furnish that person with proper written authorization. You can use Form 2848 or any other properly written authorization. If you want to consult with an attorney, a certified public accountant, an enrolled agent, or any other person permitted to represent a taxpayer during an interview for examining a tax return or collecting tax, you should make arrangements with that person to be available for the interview. In most cases, the IRS must suspend the interview and reschedule it. The IRS cannot suspend the interview if you are there because of an administrative summons.

***Third party authorization.*** If you checked the box in the signature area of your income tax return (Form 1040, Form 1040A, or Form 1040EZ) to allow the IRS to discuss your return with another person (a third party designee), this authorization does not replace Form 2848. The box you checked on your return only authorizes the other person to receive information about the processing of your return and the status of your refund during the period your return is being processed. For more information, see the instructions for your return.

***Confidentiality privilege.*** Generally, the same confidentiality protection that you have with an attorney also applies to certain communications that you have with federally authorized practitioners.

Confidential communications are those that:

- Advise you on tax matters within the scope of the practitioner's authority to practice before the IRS,

- Would be confidential between an attorney and you, and

- Relate to noncriminal tax matters before the IRS, or

- Relate to noncriminal tax proceedings brought in federal court by or against the United States.

In the case of communications in connection with the promotion of a person's participation in a tax shelter, the confidentiality privilege does not apply to written communications between a federally authorized practitioner and that person, any director, officer, employee, agent, or representative of that person, or any other person holding a capital or profits interest in that person.

A tax shelter is any entity, plan, or arrangement, a significant purpose of which is the avoidance or evasion of income tax.

**Recordings.** You can make an audio recording of the examination interview. Your request to record the interview should be made in writing. You must notify the examiner 10 days in advance and bring your own recording equipment. The IRS also can record an interview. If the IRS initiates the recording, you must be notified 10 days in advance and you can get a copy of the recording at your expense.

**Transfers to another area.** Generally, your return is examined in the area where you live. But if your return can be examined more quickly and conveniently in another area, such as where your books and records are located, you can ask to have the case transferred to that area.

**Repeat examinations.** The IRS tries to avoid repeat examinations of the same items, but sometimes this happens. If your tax return was examined for the same items in either of the 2 previous years and no change was proposed to your tax liability, please contact the IRS as soon as possible to see if the examination should be discontinued.

## The Examination

An examination usually begins when you are notified that your return has been selected. The IRS will tell you which records you will need. The examination can proceed more easily if you gather your records before any interview.

Any proposed changes to your return will be explained to you or your authorized representative. It is important that you understand the reasons for any proposed changes. You should not hesitate to ask about anything that is unclear to you.

The IRS must follow the tax laws set forth by Congress in the Internal Revenue Code. The IRS also follows Treasury Regulations, other rules, and procedures that were written to administer the tax laws and court decisions. However, the IRS can lose cases that involve taxpayers with the same issue and still apply its interpretation of the law to your situation.

Most taxpayers agree to changes proposed by examiners, and the examinations are closed at this level. If you do not agree, you can appeal any proposed change by following the procedures provided to you by the IRS. A more complete discussion of appeal rights is found later under _Appeal Rights_.

### If You Agree

If you agree with the proposed changes, you can sign an agreement form and pay any additional tax you may owe. You must pay interest on any additional tax. If you pay when you sign the agreement, the interest is generally figured from the due date of your return (excluding any extension of time to file) to the date of your payment.

If you do not pay the additional tax when you sign the agreement, you will receive a bill that includes interest. If you pay the amount due within 10 business days of the billing date, you will not have to pay more interest or penalties. This period is extended to 21 calendar days if the amount due is less than $100,000.

If you are due a refund, you will receive it sooner if you sign the agreement form. You will be paid interest on the refund.

If the IRS accepts your tax return as filed, you will receive a letter in a few weeks stating that the examiner proposed no changes to your return. You should keep this letter with your tax records.

### If You Do Not Agree

If you do not agree with the proposed changes, the examiner will explain your appeal rights. If your examination takes place in an IRS office, you can request an immediate meeting with the examiner's supervisor to explain your position. If an agreement is reached, your case will be closed.

If you cannot reach an agreement with the supervisor at this meeting, or if the examination took place outside of an IRS office, the examiner will write up your case explaining your position and the IRS's position. The examiner will forward your case for processing.

**Fast track mediation.** The IRS offers fast track mediation services to help taxpayers resolve many disputes resulting from:

- Examinations (audits),

- Offers in compromise,

- Trust fund recovery penalties, and

- Other collection actions.

Most cases that are not docketed in any court qualify for fast track mediation. Mediation can take place at a conference you request with a supervisor, or later. The process involves an Appeals Officer who has been trained in mediation. You may represent yourself at the mediation session, or someone else can act as your representative. For more information, see Publication 3605.

**30-day letter and 90-day letter.** Within a few weeks after your closing conference with the examiner and/or supervisor, you will receive a package with:

- A letter (known as a 30-day letter) notifying you of your right to appeal the proposed changes within 30 days,
- A copy of the examination report explaining the examiner's proposed changes,
- An agreement or waiver form, and
- A copy of Publication 5.

You generally have 30 days from the date of the 30-day letter to tell the IRS whether you will accept or appeal the proposed changes. The letter will explain what steps you should take, depending on which action you choose. Be sure to follow the instructions carefully. *Appeal Rights* are explained later.

***90-day letter.*** If you do not respond to the 30-day letter, or if you later do not reach an agreement with an Appeals Officer, the IRS will send you a 90-day letter, which is also known as a notice of deficiency.

You will have 90 days (150 days if it is addressed to you outside the United States) from the date of this notice to file a petition with the Tax Court. Filing a petition with the Tax Court is discussed later under *Appeals to the Courts* and *Tax Court*.



*The notice will show the 90th (or 150th) day by which you must file your petition with the Tax Court.*

**Suspension of interest and penalties.** Generally, the IRS has 3 years from the date you filed your return (or the date the return was due, if later) to assess any additional tax. However, if you file your return timely (including extensions), interest and certain penalties will be suspended if the IRS does not mail a notice to you, stating your liability and the basis for that liability, within a 36-month period beginning on the later of:

- The date on which you filed your tax return, or
- The due date (without extensions) of your tax return.

If the IRS mails a notice after the 36-month period, interest and certain penalties applicable to the suspension period will be suspended.

The suspension period begins the day after the close of the 36-month period and ends 21 days after the IRS mails a notice to you stating your liability and the basis for that liability. Also, the suspension period applies separately to each notice stating your liability and the basis for that liability received by you.



*The suspension does not apply to a:*

- *Failure-to-pay penalty,*

- *Fraudulent tax return,*
- *Penalty, interest, addition to tax, or additional amount with respect to any tax liability shown on your return or with respect to any gross misstatement,*
- *Penalty, interest, addition to tax, or additional amount with respect to any reportable transaction that is not adequately disclosed or any listed transaction, or*
- *Criminal penalty.*

***Seeking relief from improperly assessed interest.*** You can seek relief if interest is assessed for periods during which interest should have been suspended because the IRS did not mail a notice to you in a timely manner.

If you believe that interest was assessed with respect to a period during which interest should have been suspended, submit Form 843, writing "Section 6404(g) Notification" at the top of the form, with the IRS Service Center where you filed your return. The IRS will review the Form 843 and notify you whether interest will be abated. If the IRS does not abate interest, you can pay the disputed interest assessment and file a claim for refund. If your claim is denied or not acted upon within 6 months from the date you filed it, you can file suit for a refund in your United States District Court or in the United States Court of Federal Claims.

If you believe that an IRS officer or employee has made an unreasonable error or delay in performing a ministerial or managerial act (discussed later under *Abatement of Interest Due to Error or Delay by the IRS*), file Form 843 with the IRS Service Center where you filed the tax return. If the IRS denies your claim, the Tax Court may be able to review that determination. See *Tax Court can review failure to abate interest* later under *Abatement of Interest Due to Error or Delay by the IRS*.

**If you later agree.** If you agree with the examiner's changes after receiving the examination report or the 30-day letter, sign and return either the examination report or the waiver form. Keep a copy for your records. You can pay any additional amount you owe without waiting for a bill. Include interest on the additional tax at the applicable rate. This interest rate is usually for the period from the due date of the return (excluding any extension of time to file) to the date of payment. The examiner can tell you the interest rate(s) or help you figure the amount.

You must pay interest on penalties and additions to tax for failing to file returns, for overstating valuations, for understating valuations on estate and gift tax returns, and for substantially understating tax liability. Interest is generally figured from the date (including extensions) the tax return is required to be filed to the date you pay the penalty and/or additions to tax.

If you pay the amount due within 10 business days after the date of notice and demand for immediate payment, you will not have to pay any additional penalties and interest. This period is extended to 21 calendar days if the amount due is less than $100,000.

## How To Stop Interest From Accruing

If you think that you will owe additional tax at the end of the examination, you can stop the further accrual of interest by sending money to the IRS to cover all or part of the amount you think you will owe. Interest on part or all of any amount you owe will stop accruing on the date the IRS receives your money.

You can send an amount either in the form of a deposit in the nature of a cash bond or as a payment of tax. Both a deposit and a payment stop any further accrual of interest. However, making a deposit or payment will stop the accrual of interest on only the amount you sent. Because of compounding rules, interest will continue to accrue on accrued interest, even though you have paid the underlying tax.

 *To stop the accrual of interest on both tax and interest, you must make a deposit or payment for both the tax and interest that has accrued as of the date of deposit or payment.*

## Payment or Deposit

Deposits differ from payments in two ways:

1. You can have all or part of your deposit returned to you without filing for a refund. However, if you request and receive your deposit and the IRS later assesses a deficiency for that period and type of tax, interest will be figured as if the funds were never on deposit. Also, your deposit will not be returned if one of the following situations applies:

   a. The IRS assesses a tax liability.

   b. The IRS determines that, by returning the deposit, it may not be able to collect a future deficiency.

   c. The IRS determines that the deposit should be applied against another tax liability.

2. Deposits returned to you will include interest based on the Federal short-term rate determined under section 6621(b).

The deposit returned will be treated as a tax payment to the extent of the disputed tax. A disputed tax means the amount of tax specified at the time of deposit as a reasonable estimate of the maximum amount of any tax owed by you, such as the deficiency proposed in the 30-day letter.

**Notice not mailed.** If you send money before the IRS mails you a notice of deficiency, you can ask the IRS to treat it as a deposit. You must make your request in writing.

If, after being notified of a proposed liability but before the IRS mails you a notice of deficiency, you send an amount large enough to cover the proposed liability, it will be considered a payment unless you request in writing that it be treated as a deposit. Keep copies of all correspondence you send to the IRS.

If the amount you send is at least as much as the proposed liability and you do not request that it be treated as a deposit, the IRS will not send you a notice of deficiency. If you do not receive a notice of deficiency, you cannot take your case to the Tax Court. See *Tax Court*, later under *Appeal Rights*.

**Notice mailed.** If, after the IRS mails the notice of deficiency, you send money without written instructions, it will be treated as a payment. You will still be able to petition the Tax Court.

If you send money after receiving a notice of deficiency and you have specified in writing that it is a "deposit in the nature of a cash bond," the IRS will treat it as a deposit if you send it before either:

- The close of the 90-day or 150-day period for filing a petition with the Tax Court to appeal the deficiency, or

- The date the Tax Court decision is final, if you have filed a petition.

## Using a Deposit To Pay the Tax

If you agree with the examiner's proposed changes after the examination, your deposit will be applied against any amount you may owe. The IRS will not mail you a notice of deficiency and you will not have the right to take your case to the Tax Court.

If you do not agree to the full amount of the deficiency after the examination, the IRS will mail you a notice of deficiency. Your deposit will be applied against the proposed deficiency unless you write to the IRS before the end of the 90-day or 150-day period stating that you still want the money to be treated as a deposit. You will still have the right to take your case to the Tax Court.

## Installment Agreement Request

You can request a monthly installment plan if you cannot pay the full amount you owe. To be valid, your request must be approved by the IRS. However, if you owe $10,000 or less in tax and you meet certain other criteria, the IRS must accept your request.

 *Before you request an installment agreement, you should consider other less costly alternatives, such as a bank loan. You will continue to be charged interest and penalties on the amount you owe until it is paid in full.*

Unless your income is below a certain level, the fee for an approved installment agreement has increased to $105 ($52 if you make your payments by electronic funds withdrawal). If your income is below a certain level, you may qualify to pay a reduced fee of $43.

For more information about installment agreements, see Form 9465, Installment Agreement Request.

## Interest Netting

If you owe interest to the IRS on an underpayment for the same period the IRS owes you interest on an

overpayment, the IRS will figure interest on the underpayment and overpayment at the same interest rate (up to the amount of the overpayment). As a result, the net rate is zero for that period.

# Abatement of Interest Due to Error or Delay by the IRS

The IRS may abate (reduce) the amount of interest you owe if the interest is due to an unreasonable error or delay by an IRS officer or employee in performing a ministerial or managerial act (discussed later). Only the amount of interest on income, estate, gift, generation-skipping, and certain excise taxes can be reduced.

The amount of interest will not be reduced if you or anyone related to you contributed significantly to the error or delay. Also, the interest will be reduced only if the error or delay happened after the IRS contacted you in writing about the deficiency or payment on which the interest is based. An audit notification letter is such a contact.

The IRS cannot reduce the amount of interest due to a general administrative decision, such as a decision on how to organize the processing of tax returns.

**Ministerial act.** This is a procedural or mechanical act, not involving the exercise of judgment or discretion, during the processing of a case after all prerequisites (for example, conferences and review by supervisors) have taken place. A decision concerning the proper application of federal tax law (or other federal or state law) is not a ministerial act.

*Example 1.* You move from one state to another before the IRS selects your tax return for examination. A letter stating that your return has been selected is sent to your old address and then forwarded to your new address. When you get the letter, you respond with a request that the examination be transferred to the area office closest to your new address. The examination group manager approves your request. After your request has been approved, the transfer is a ministerial act. The IRS can reduce the interest because of any unreasonable delay in transferring the case.

*Example 2.* An examination of your return reveals tax due for which a notice of deficiency (90-day letter) will be issued. After you and the IRS discuss the issues, the notice is prepared and reviewed. After the review process, issuing the notice of deficiency is a ministerial act. If there is an unreasonable delay in sending the notice of deficiency to you, the IRS can reduce the interest resulting from the delay.

**Managerial act.** This is an administrative act during the processing of a case that involves the loss of records or the exercise of judgment or discretion concerning the management of personnel. A decision concerning the proper application of federal tax law (or other federal or state law) is not a managerial act.

*Example.* A revenue agent is examining your tax return. During the middle of the examination, the agent is sent to an extended training course. The agent's supervisor decides not to reassign your case, so the work is unreasonably delayed until the agent returns. Interest from the unreasonable delay can be abated since both the decision to send the agent to the training class and not to reassign the case are managerial acts.

**How to request abatement of interest.** You request an abatement (reduction) of interest on Form 843. You should file the claim with the IRS Service Center where you filed the tax return that was affected by the error or delay.

If you have already paid the interest and you would like a credit or refund of interest paid, you must file Form 843 within 3 years from the date you filed your original return or 2 years from the date you paid the interest, whichever is later. If you have not paid any of the interest, these time limitations for filing Form 843 do not apply.

Generally, you should file a separate Form 843 for each tax period and each type of tax. However, complete only one Form 843 if the interest is from an IRS error or delay that affected your tax for more than one tax period or for more than one type of tax (for example, where 2 or more tax years were being examined).

If your request for abatement of interest is denied, you can appeal the decision to the IRS Appeals Office.

*Tax Court can review failure to abate interest.* The Tax Court can review the IRS's refusal to abate (reduce) interest if all of the following requirements are met:

- You filed a request for abatement of interest (Form 843) with the IRS after July 30, 1996.

- The IRS has mailed you a notice of final determination or a notice of disallowance.

- You file a petition with the Tax Court within 180 days of the mailing of the notice of final determination or the notice of disallowance.

The following requirements must also be met:

- For individual and estate taxpayers — your net worth must not exceed $2 million as of the filing date of your petition for review. For this purpose, individuals filing a joint return shall be treated as separate individuals.

- For charities and certain cooperatives — you must not have more than 500 employees as of the filing date of your petition for review.

- For all other taxpayers — your net worth must not exceed $7 million, and you must not have more than 500 employees as of the filing date of your petition for review.

## Abatement of Interest for Individuals Affected by Presidentially Declared Disasters or Military or Terrorist Actions

If you are (or were) affected by a Presidentially declared disaster occurring after 1996 or a terrorist or military action occurring after September 10, 2001, the IRS may abate (reduce) the amount of interest you owe on certain taxes. The IRS may abate interest for the period of any additional time to file or pay that the IRS provides on account of the disaster or the terrorist or military action. The IRS will issue a notice or news release indicating who are affected taxpayers and stating the period of relief.

If you are eligible for relief from interest, but were charged interest for the period of relief, the IRS may retroactively abate your interest. To the extent possible, the IRS can take the following actions:

- Make appropriate adjustments to your account.

- Notify you when the adjustments are made.

- Refund any interest paid by you where appropriate.

For more information on disaster area losses, see *Disaster Area Losses* in Publication 547. For more information on other tax relief for victims of terrorist attacks, see Publication 3920.

## Offer in Compromise

In certain circumstances, the IRS will allow you to pay less than the full amount you owe. If you think you may qualify, you should submit your offer by filing Form 656, Offer in Compromise. The IRS may accept your offer for any of the following reasons:

- There is doubt about the amount you owe (or whether you owe it).

- There is doubt as to whether you can pay the amount you owe based on your financial situation.

- An economic hardship would result if you had to pay the full amount owed.

- Your case presents compelling reasons that the IRS determines are a sufficient basis for compromise.

If your offer is rejected, you have 30 days to ask the Appeals Office of the IRS to reconsider your offer.

 *The IRS offers fast track mediation services to help taxpayers resolve many issues including a dispute regarding an offer in compromise. For more information, see Publication 3605.*

Generally, if you submit an offer in compromise, the IRS will delay certain collection activities. The IRS usually will not levy (take) your property to settle your tax bill during the following periods:

- While the IRS is evaluating your offer in compromise.

- The 30 days immediately after the offer is rejected.

- While your timely-filed appeal is being considered by Appeals.

Also, if the IRS rejects your original offer and you submit a revised offer within 30 days of the rejection, the IRS generally will not levy your property while it considers your revised offer.

For more information about submitting an offer in compromise, see Form 656.

# Appeal Rights

Because people sometimes disagree on tax matters, the IRS has an appeals system. Most differences can be settled within this system without expensive and time-consuming court trials.

However, your reasons for disagreeing must come within the scope of the tax laws. For example, you cannot appeal your case based only on moral, religious, political, constitutional, conscientious, or similar grounds.

In most instances, you may be eligible to take your case to court if you do not reach an agreement at your appeals conference, or if you do not want to appeal your case to the IRS Office of Appeals. See *Appeals to the Courts*, later, for more information.

## Appeal Within the IRS

You can appeal an IRS tax decision to a local Appeals Office, which is separate from and independent of the IRS office taking the action you disagree with. The Appeals Office is the only level of appeal within the IRS. Conferences with Appeals Office personnel are held in an informal manner by correspondence, by telephone, or at a personal conference.

If you want an appeals conference, follow the instructions in the letter you received. Your request will be sent to the Appeals Office to arrange a conference at a convenient time and place. You or your representative should be prepared to discuss all disputed issues at the conference. Most differences are settled at this level.

If agreement is not reached at your appeals conference, you may be eligible to take your case to court. See *Appeals to the Courts*, later.

### Protests and Small Case Requests

When you request an Appeals conference, you may also need to file either a formal written protest or a small case request with the office named in the letter you received. Also, see the special appeal request procedures in Publication 1660.

**Written protest.** You need to file a written protest in the following cases:

- All employee plan and exempt organization cases without regard to the dollar amount at issue.

- All partnership and S corporation cases without regard to the dollar amount at issue.

- All other cases, unless you qualify for the small case request procedure, or other special appeal procedures such as requesting Appeals consideration of liens, levies, seizures, or installment agreements.

If you must submit a written protest, see the instructions in Publication 5 about the information you need to provide. The IRS urges you to provide as much information as you can, as it will help speed up your appeal. That will save you both time and money.

 *Be sure to send the protest within the time limit specified in the letter you received.*

**Small case request.** If the total amount for any tax period is not more than $25,000, you may make a small case request instead of filing a formal written protest. In figuring the total amount, include a proposed increase or decrease in tax (including penalties), or claimed refund. If you are making an offer in compromise, include total unpaid tax, penalty, and interest due. For a small case request, follow the instructions in our letter to you by sending a letter:

- Requesting Appeals consideration,

- Indicating the changes you do not agree with, and

- Indicating the reasons why you do not agree.

## Representation

You can represent yourself at your appeals conference, or you can be represented by any federally authorized practitioner, including an attorney, a certified public accountant, an enrolled actuary, or an enrolled agent.

If your representative attends a conference without you, he or she can receive or inspect confidential information only if you have filed a power of attorney or a tax information authorization. You can use a Form 2848 or any other properly written power of attorney or authorization.

You can also bring witnesses to support your position.

**Confidentiality privilege.** Generally, the same confidentiality protection that you have with an attorney also applies to certain communications that you have with federally authorized practitioners. See *Confidentiality privilege* under *If Your Return Is Examined*, earlier.

## Appeals to the Courts

If you and the IRS still disagree after the appeals conference, you may be entitled to take your case to the United States Tax Court, the United States Court of Federal Claims, or a United States District Court. These courts are independent of the IRS.

If you elect to bypass the IRS's appeals system, you may be able to take your case to one of the courts listed above. However, a case petitioned to the United States Tax Court will normally be considered for settlement by an Appeals Officer before the Tax Court hears the case.

 *If you unreasonably fail to pursue the IRS's appeals system, or if your case is intended primarily to cause a delay, or your position is frivolous or groundless, the Tax Court may impose a penalty of up to $25,000. See* Appeal Within the IRS, *earlier.*

**Prohibition on requests to taxpayers to give up rights to bring civil action.** The Government cannot ask you to waive your right to sue the United States or a Government officer or employee for any action taken in connection with the tax laws. However, your right to sue can be waived if:

- You knowingly and voluntarily waive that right,

- The request to waive that right is made in writing to your attorney or other federally authorized practitioner, or

- The request is made in person and your attorney or other representative is present.

**Burden of proof.** For court proceedings resulting from examinations started after July 22, 1998, the IRS generally has the burden of proof for any factual issue if you have met the following requirements:

- You introduced credible evidence relating to the issue.

- You complied with all substantiation requirements of the Internal Revenue Code.

- You maintained all records required by the Internal Revenue Code.

- You cooperated with all reasonable requests by the IRS for information regarding the preparation and related tax treatment of any item reported on your tax return.

- You had a net worth of $7 million or less and not more than 500 employees at the time your tax liability is contested in any court proceeding if your tax return is for a corporation, partnership, or trust.

 *The burden of proof does not change on an issue when another provision of the tax laws requires a specific burden of proof with respect to that issue.*

**Use of statistical information.** In the case of an individual, the IRS has the burden of proof in court proceedings based on any IRS reconstruction of income solely through the use of statistical information on unrelated taxpayers.

**Penalties.** The IRS has the burden of initially producing evidence in court proceedings with respect to the liability of any individual taxpayer for any penalty, addition to tax, or additional amount imposed by the tax laws.

**Recovering litigation or administrative costs.** These are the expenses that you pay to defend your position to the IRS or the courts. You may be able to recover reasonable litigation or administrative costs if all of the following conditions apply:

- You are the prevailing party.

- You exhaust all administrative remedies within the IRS.

- Your net worth is below a certain limit (see _Net worth requirements_, later).

- You do not unreasonably delay the proceeding.

- You apply for administrative costs within 90 days of the date on which the final decision of the IRS Office of Appeals as to the determination of the tax, interest, or penalty was mailed to you.

- You apply for litigation costs within the time frames provided by Tax Court Rule 231, found at _www.ustaxcourt.gov_.

Prevailing party, reasonable litigation costs, and reasonable administrative costs are explained later.

**Note.** If the IRS denies your award of administrative costs, and you want to appeal, you must petition the Tax Court within 90 days of the date on which the IRS mails the denial notice.

**Prevailing party.** Generally, you are the prevailing party if:

- You substantially prevail with respect to the amount in controversy or on the most significant tax issue or set of issues in question, and

- You meet the net worth requirements, discussed later.

You will not be treated as the prevailing party if the United States establishes that its position was substantially justified. The position of the United States is presumed not to be substantially justified if the IRS:

- Did not follow its applicable published guidance (such as regulations, revenue rulings, notices, announcements, private letter rulings, technical advice memoranda, and determination letters issued to the taxpayer) in the proceeding (This presumption can be overcome by evidence.), or

- Has lost in courts of appeal for other circuits on substantially similar issues.

The court will generally decide who is the prevailing party.

**Reasonable litigation costs.** These include the following costs:

- Reasonable court costs.

- The reasonable costs of studies, analyses, engineering reports, tests, or projects found by the court to be necessary for the preparation of your case.

- The reasonable costs of expert witnesses.

- Attorney fees that generally may not exceed $125 maximum hourly rate as set by statute and indexed for inflation. See _Attorney fees_, later.

**Reasonable administrative costs.** These include the following costs:

- Any administrative fees or similar charges imposed by the IRS.

- The reasonable costs of studies, analyses, engineering reports, tests, or projects.

- The reasonable costs of expert witnesses.

- Attorney fees that generally may not exceed $125 per hour. See _Attorney fees_, later.

**Timing of costs.** Administrative costs can be awarded for costs incurred after the earliest of:

- The date the first letter of proposed deficiency is sent that allows you an opportunity to request administrative review in the IRS Office of Appeals,

- The date you receive notice of the IRS Office of Appeals' decision, or

- The date of the notice of deficiency.

**Net worth requirements.** An individual taxpayer may be able to recover litigation or administrative costs if the following requirements are met:

- For individuals — your net worth does not exceed $2 million as of the filing date of your petition for review. For this purpose, individuals filing a joint return are treated as separate individuals.

- For estates — your net worth does not exceed $2 million as of the date of the decedent's death.

- For charities and certain cooperatives — you do not have more than 500 employees as of the filing date of your petition for review.

- For all other taxpayers — as of the filing date of your petition for review, your net worth does not exceed $7 million, and you must not have more than 500 employees.

**Qualified offer rule.** You can also receive reasonable costs and fees and be treated as a prevailing party in a civil action or proceeding if:

- You make a qualified offer to the IRS to settle your case,

- The IRS does not accept that offer, and

- The tax liability (not including interest, unless interest is at issue) later determined by the court is equal to or less than the amount of your qualified offer.

You must also meet the remaining requirements, including the exhaustion of administrative remedies and the net worth requirement, discussed earlier, to get the benefit of the qualified offer rule.

**Qualified offer.** This is a written offer made by you during the qualified offer period. It must specify both the offered amount of your liability (not including interest) and that it is a qualified offer.

To be a qualified offer, it must remain open from the date it is made until the earliest of:

- The date it is rejected,
- The date the trial begins, or
- 90 days from the date it is made.

**Qualified offer period.** This period begins on the day the IRS mails you the first letter of proposed deficiency that allows you to request review by the IRS Office of Appeals. It ends 30 days before your case is first set for trial.

**Attorney fees.** Attorney fees generally may not exceed $125 maximum hourly rate as set by statute and indexed for inflation. However, this amount can be higher in certain limited circumstances depending on the level of difficulty of the issues in the case and the local availability of tax expertise. See IRS.gov for more information.

 **TIP** *Attorney fees include the fees paid by a taxpayer for the services of anyone who is authorized to practice before the Tax Court or before the IRS. In addition, attorney fees can be awarded in civil actions for unauthorized inspection or disclosure of a taxpayer's return or return information.*

Fees can be awarded in excess of the actual amount charged if:

- You are represented for no fee, or for a nominal fee, as a pro bono service, and
- The award is paid to your representative or to your representative's employer.

**Jurisdiction for determination of employment status.** The Tax Court can review IRS employment status determinations (for example, whether individuals hired by you are in fact your employees or independent contractors) and the amount of employment tax under such determinations. Tax Court review can take place only if, in connection with an audit of any person, there is a controversy involving a determination by the IRS that either:

- One or more individuals performing services for that person are employees of that person, or
- That person is not entitled to relief under *Section 530(a) of the Revenue Act of 1978*(discussed later).

The following rules also apply to a Tax Court review of employment status:

- A Tax Court petition to review these determinations can be filed only by the person for whom the services are performed,

- If you receive a Notice of Determination by certified or registered mail, you must file a petition for Tax Court review within 90 days of the date of mailing that notice (150 days if the notice is addressed to you outside the United States),
- If during the Tax Court proceeding, you begin to treat as an employee an individual whose employment status is at issue, the Tax Court will not consider that change in its decision,
- Assessment and collection of tax is suspended while the Tax Court review is taking place,
- Payment of the asserted employment tax deficiency is not required to petition the U.S. Tax Court for a determination of employment status.
- There can be a *de novo* review by the Tax Court (a review which does not consider IRS administrative findings), and
- At your request and with the Tax Court's agreement, small tax case procedures (discussed later) are available to simplify the case resolution process when the amount at issue (including additions to tax and penalties) is $50,000 or less for each tax period involved.

For further information, see Publication 3953, Questions and Answers About Tax Court Proceedings for Determination of Employment Status Under IRC Section 7436.

**Section 530(a) of the Revenue Act of 1978.** This section relieves an employer of certain employment tax responsibilities for individuals not treated as employees. It also provides relief to taxpayers under audit or involved in administrative or judicial proceedings.

**Tax Court review of request for relief from joint and several liability on a joint return.** As discussed later, at *Relief from joint and several liability on a joint return* under *Claims for Refund*, you can request relief from liability for tax you owe, plus related penalties and interest, that you believe should be paid by your spouse (or former spouse). You also can petition (ask) the Tax Court to review your request for innocent spouse relief or separation of liability if either:

- The IRS sends you a determination notice denying, in whole or in part, your request, or
- You do not receive a determination notice from the IRS within 6 months from the date you file Form 8857.

If you receive a determination notice, you must petition the Tax Court to review your request during the 90-day period that begins on the date the IRS mails the notice. See Publication 971 for more information.

**Note.** Your spouse or former spouse may file a written protest and request an Appeals conference to protest your claim of innocent spouse relief or separation of liability. See Rev. Proc. 2003-19, which is on page 371 of the Internal Revenue Bulletin 2003-5 at *www.irs.gov/pub/irs-irbs/irb03-05.pdf*.

## Tax Court

You can take your case to the United States Tax Court if you disagree with the IRS over:

- Income tax,
- Estate tax,
- Gift tax,
- Employment tax involving IRS employment status determinations, or
- Certain excise taxes of private foundations, public charities, qualified pension and other retirement plans, or real estate investment trusts.

For information on Tax Court review of a determination of employment status, see *Jurisdiction for determination of employment status*, earlier.

For information on Tax Court review of an IRS refusal to abate interest, see *Tax Court can review failure to abate interest*, earlier under *Examination of Returns*.

For information on Tax Court review of Appeals determinations with respect to lien notices and proposed levies, see Publication 1660.

You cannot take your case to the Tax Court before the IRS sends you a notice of deficiency. You can only appeal your case if you file a petition within 90 days from the date the notice is mailed to you (150 days if it is addressed to you outside the United States).

 *The notice will show the 90th (or 150th) day by which you must file your petition with the Tax Court.*

**Withdrawal of notice of deficiency.** If you consent, the IRS can withdraw a notice of deficiency. A notice of deficiency may be rescinded if the notice was issued as a result of an administrative error; the taxpayer submits information establishing the actual tax due is less than the amount shown in the notice; the taxpayer specifically requests a conference with the appropriate Appeals office for the purpose of entering into settlement negotiations. However, the notice may be rescinded only if the appropriate Appeals office first decides that the case is susceptible to agreement. See Revenue Procedure 98-54 for a more detailed explanation of the requirements. Once withdrawn, the limits on credits, refunds, and assessments concerning the notice are void, and you and the IRS have the rights and obligations that you had before the notice was issued. The suspension of any time limitation while the notice of deficiency was issued will not change when the notice is withdrawn.

 *After the notice is withdrawn, you cannot file a petition with the Tax Court based on the notice. Also, the IRS can later issue a notice of deficiency in a greater or lesser amount than the amount in the withdrawn deficiency.*

Generally, the Tax Court hears cases before any tax has been assessed and paid; however, you can pay the tax after the notice of deficiency has been issued and still petition the Tax Court for review. If you do not file your petition on time, the proposed tax will be assessed, a bill will be sent, and you will not be able to take your case to the Tax Court. Under the law, you must pay the tax within 21 days (10 business days if the amount is $100,000 or more). Collection can proceed even if you think that the amount is excessive. Publication 594 explains IRS collection procedures.

If you filed your petition on time, the court will schedule your case for trial at a location convenient to you. You can represent yourself before the Tax Court or you can be represented by anyone admitted to practice before that court.

**Small tax case procedure.** If the amount in your case is $50,000 or less for any 1 tax year or period, you can request that your case be handled under the small tax case procedure. If the Tax Court approves, you can present your case to the Tax Court for a decision that is final and that you cannot appeal. You can get more information regarding the small tax case procedure and other Tax Court matters from the United States Tax Court, 400 Second Street, N.W., Washington, DC 20217. More information can be found on the Tax Court's website at *www.ustaxcourt.gov*.

**Motion to request redetermination of interest.** In certain cases, you can file a motion asking the Tax Court to redetermine the amount of interest on either an underpayment or an overpayment. You can do this only in a situation that meets all of the following requirements:

- The IRS has assessed a deficiency that was determined by the Tax Court.
- The assessment included interest.
- You have paid the entire amount of the deficiency plus the interest claimed by the IRS.
- The Tax Court has found that you made an overpayment.

You must file the motion within one year after the decision of the Tax Court becomes final.

## District Court and Court of Federal Claims

Generally, the District Courts and the Court of Federal Claims hear tax cases only after you have paid the entire tax and penalties, and filed a claim for a credit or refund.

The taxpayer may litigate certain types of employment tax cases in either the United States District Court or the United States Court of Federal Claims. Before taxpayers can initiate suit in either of these courts with respect to certain employment taxes, they will have to pay, at a minimum, the employment tax assessment attributable to one employee for any one quarter and file a claim for refund of the tax. Once the claim for refund is denied or 6 months elapse without any action by the IRS, the taxpayer may initiate suit.

As explained later under *Claims for Refund*, you can file a claim with the IRS for a credit or refund if you think that the tax you paid is incorrect or excessive. If your claim is totally or partially disallowed by the IRS, you should receive a notice of claim disallowance. If the IRS does not act on your claim within 6 months from the date you filed it, you can then file suit for a refund.

You generally must file suit for a credit or refund no later than 2 years after the IRS informs you that your claim has been rejected. However, you can file suit if it has been 6 months since you filed your claim and the IRS has not yet delivered a decision.

You can file suit for a credit or refund in your United States District Court or in the United States Court of Federal Claims. However, you cannot appeal to the United States Court of Federal Claims if your claim is for credit or refund of a penalty that relates to promoting an abusive tax shelter or to aiding and abetting the understatement of tax liability on someone else's return.

For information about procedures for filing suit in either court, contact the Clerk of your District Court or of the United States Court of Federal Claims.

## Refund or Credit of Overpayments Before Final Determination

Any court with proper jurisdiction, including the Tax Court, can order the IRS to refund any part of a tax deficiency that the IRS collects from you during a period when the IRS is not permitted to assess that deficiency, or to levy or engage in any court proceeding to collect that deficiency. In addition, the court can order a refund of any part of an overpayment determined by the Tax Court that is not at issue on appeal to a higher court. The court can order these refunds before its decision on the case is final. Taxpayers should thoroughly review IRS settlement offers before signing a Tax Court Decision document to ensure that all adjustments are correct, including the inclusion of any tax credits that the taxpayer is allowed to claim.

**Note.** The court may no longer order a refund of an overpayment after the case is final.

Generally, the IRS is not permitted to take action on a tax deficiency during:

- The 90-day (or 150-day if outside the United States) period that you have to petition a notice of deficiency to the Tax Court, or

- The period that the case is under appeal if a bond is provided.

## Claims for Refund

If you believe you have overpaid your tax, you have a limited amount of time in which to file a claim for a credit or refund. You can claim a credit or refund by filing Form 1040X. See *Time for Filing a Claim for Refund*, later.

File your claim by mailing it to the IRS Service Center where you filed your original return. File a separate form for each year or period involved. Include an explanation of each item of income, deduction, or credit on which you are basing your claim.

Corporations should file Form 1120X, Amended U.S. Corporation Income Tax Return, or other form appropriate to the type of credit or refund claimed.

 *See Publication 3920 for information on filing claims for tax forgiveness for individuals affected by terrorist attacks.*

**Requesting a copy of your tax return.** You can obtain a copy of the actual return and all attachments you filed with the IRS for an earlier year. This includes a copy of the Form W-2 or Form 1099 filed with your return. Use Form 4506 to make your request. You will be charged a fee, which you must pay when you submit Form 4506.

**Requesting a copy of your tax account information.** Use Form 4506-T, Request for Transcript of Tax Return, to request free copies of your tax return transcript, tax account transcript, record of account, verification of nonfiling, or Form W-2, Form 1099 series, Form 1098 series, or Form 5498 series transcript. The tax return transcript contains most of the line items of a tax return. A tax account transcript contains information on the financial status of the account, such as payments, penalty assessments, and adjustments. A record of account is a combination of line item information and later adjustments to the account. Form W-2, Form 1099 series, Form 1098 series, or Form 5498 series transcript contains data from these information returns.

**Penalty for erroneous claim for refund.** If you claim an excessive amount of tax refund or credit relating to income tax (other than a claim relating to the earned income credit), you may be liable for a penalty of 20% of the amount that is determined to be excessive. An excessive amount is the amount of the claim for refund or credit that is more than the amount of claim allowable for the tax year. The penalty may be waived if you can show that you had a reasonable basis for making the claim.

## Time for Filing a Claim for Refund

Generally, you must file a claim for a credit or refund within 3 years from the date you filed your original return or 2 years from the date you paid the tax, whichever is later. If you do not file a claim within this period, you may no longer be entitled to a credit or a refund.

If the due date to file a return or a claim for a credit or refund is a Saturday, Sunday, or legal holiday, it is filed on time if it is filed on the next business day. Returns you filed before the due date are considered filed on the due date. This is true even when the due date is a Saturday, Sunday, or legal holiday.

**Disaster area claims for refund.** If you live in a Presidentially declared disaster area or are affected by

terroristic or military action, the deadline to file a claim for a refund may be postponed. This section discusses the special rules that apply to Presidentially declared disaster area refunds.

A Presidentially declared disaster is a disaster that occurred in an area declared by the President to be eligible for federal assistance under the Disaster Relief and Emergency Assistance Act.

***Postponed refund deadlines.*** The IRS may postpone for up to 1 year the deadlines for filing a claim for refund. The postponement can be used by taxpayers who are affected by a Presidentially declared disaster. The IRS may also postpone deadlines for filing income and employment tax returns, paying income and employment taxes, and making contributions to a traditional IRA or Roth IRA. For more information, see Publication 547.

If any deadline is postponed, the IRS will publicize the postponement in your area and publish a news release, revenue ruling, revenue procedure, notice, announcement, or other guidance in the Internal Revenue Bulletin.

 *A list of the areas eligible for assistance under the Disaster Relief and Emergency Assistance Act is available at the Federal Emergency Management Agency (FEMA) website at www.fema.gov and at the IRS website at www.irs.gov.*

**Nonfilers can get refund of overpayments paid within 3-year period.** The Tax Court can consider taxes paid during the 3-year period preceding the date of a notice of deficiency for determining any refund due to a nonfiler. This means that if you do not file your return, and you receive a notice of deficiency in the third year after the due date (with extensions) of your return and file suit with the Tax Court to contest the notice of deficiency, you may be able to receive a refund of excessive amounts paid within the 3-year period preceding the date of the notice of deficiency.

 *The IRS may postpone for up to 1 year certain tax deadlines, including the time for filing claims for refund, for taxpayers who are affected by a terrorist attack occurring after September 10, 2001. For more information, see Publication 3920.*

**Claim for refund by estates electing the installment method of payment.** In certain cases where an estate has elected to make tax payments through the installment method, the executor can file a suit for refund with a U.S. District Court or the U.S. Court of Federal Claims before all the installment payments have been made. However, all the following must be true before a suit can be filed:

• The estate consists largely of an interest in a closely-held business.

• All installment payments due on or before the date the suit is filed have been made.

• No accelerated installment payments have been made.

• No Tax Court case is pending with respect to any estate tax liability.

• If a notice of deficiency was issued to the estate regarding its liability for estate tax, the time for petitioning the Tax Court has passed.

• No proceeding is pending for a declaratory judgment by the Tax Court on whether the estate is eligible to pay tax in installments.

• The executor has not included any previously litigated issues in the current suit for refund.

• The executor does not discontinue making installment payments timely, while the court considers the suit for refund.

 *If in its final decision on the suit for refund the court redetermines the estate's tax liability, the IRS must refund any part of the estate tax amount that is disallowed. This includes any part of the disallowed amount previously collected by the IRS.*

**Protective claim for refund.** If your right to a refund is contingent on future events and may not be determinable until after the time period for filing a claim for refund expires, you can file a protective claim for refund. A protective claim can be either a formal claim or an amended return for credit or refund. Protective claims are often based on current litigation or expected changes in the tax law, other legislation, or regulations. A protective claim preserves your right to claim a refund when the contingency is resolved. A protective claim does not have to state a particular dollar amount or demand an immediate refund. However, to be valid, a protective claim must:

• Be in writing and be signed,

• Include your name, address, social security number or individual taxpayer identification number, and other contact information,

• Identify and describe the contingencies affecting the claim,

• Clearly alert the IRS to the essential nature of the claim, and

• Identify the specific year(s) for which a refund is sought.

Generally, the IRS will delay action on the protective claim until the contingency is resolved. Once the contingency is resolved, the IRS may obtain additional information necessary to process the claim and then either allow or disallow the claim.

Mail your protective claim for refund to the address listed in the instructions for Form 1040X, under *Where To File.*

## Exceptions

The limits on your claim for refund can be affected by the type of item that forms the basis of your claim.

**Special refunds.** If you file a claim for refund based on one of the items listed below, the limits discussed earlier

under *Time for Filing a Claim for Refund* may not apply. These special items are:

- A bad debt,
- A worthless security,
- A payment or accrual of foreign tax,
- A net operating loss carryback, and
- A carryback of certain tax credits.

The limits discussed earlier also may not apply if you have signed an agreement to extend the period of assessment of tax.

 *For information on special rules on filing claims for an individual affected by a terrorist attack, see Publication 3920.*

**Periods of financial disability.** If you are an individual (not a corporation or other taxpaying entity), the period of limitations on credits and refunds can be suspended during periods when you cannot manage your financial affairs because of physical or mental impairment that is medically determinable and either:

- Has lasted or can be expected to last continuously for at least 12 months, or
- Can be expected to result in death.

 *The period for filing a claim for refund will not be suspended for any time that someone else, such as your spouse or guardian, was authorized to act for you in financial matters.*

To claim financial disability, you generally must submit the following statements with your claim for credit or refund:

1. A written statement signed by a physician, qualified to make the determination, that sets forth:

   a. The name and a description of your physical or mental impairment,

   b. The physician's medical opinion that your physical or mental impairment prevented you from managing your financial affairs,

   c. The physician's medical opinion that your physical or mental impairment was or can be expected to result in death, or that it has lasted (or can be expected to last) for a continuous period of not less than 12 months,

   d. To the best of the physician's knowledge, the specific time period during which you were prevented by such physical or mental impairment from managing your financial affairs, and

2. A written statement by the person signing the claim for credit or refund that no person, including your spouse, was authorized to act on your behalf in financial matters during the period described in paragraph (1)(d) of the physician's statement. Alternatively, if a

person was authorized to act on your behalf in financial matters during any part of the period described in that paragraph, the beginning and ending dates of the period of time the person was so authorized.

 *The period of limitations will not be suspended on any claim for refund that (without regard to this provision) was barred as of July 22, 1998.*

## Limit on Amount of Refund

If you file your claim within 3 years after filing your return, the credit or refund cannot be more than the part of the tax paid within the 3 years (plus the length of any extension of time granted for filing your return) before you filed the claim.

*Example 1.* You made estimated tax payments of $1,000 and got an automatic extension of time from April 15, 2003, to August 15, 2003, to file your 2002 income tax return. When you filed your return on that date, you paid an additional $200 tax. Three years later, on August 15, 2006, you file an amended return and claim a refund of $700. Because you filed within 3 years after filing your return, you could get a refund of any tax paid after April 15, 2003.

*Example 2.* The situation is the same as in Example 1, except that you filed your return on October 31, 2003, 2 months after the extension period ended. You paid an additional $200 on that date. Three years later, on October 27, 2006, you file an amended return and claim a refund of $700. Although you filed your claim within 3 years from the date you filed your original return, the refund is limited to $200. The estimated tax of $1,000 was paid before the 3 years plus the 4-month extension period.

**Claim filed after the 3-year period.** If you file a claim after the 3-year period, but within 2 years from the time you paid the tax, the credit or refund cannot be more than the tax you paid within the 2 years immediately before you filed the claim.

*Example.* You filed your 2002 tax return on April 15, 2003. You paid $500 in tax. On November 2, 2004, after an examination of your 2002 return, you had to pay $200 in additional tax. On May 2, 2006, you file a claim for a refund of $300. Your refund will be limited to the $200 you paid during the 2 years immediately before you filed your claim.

## Processing Claims for Refund

Claims are usually processed shortly after they are filed. Your claim may be denied, accepted as filed, or it may be examined. If a claim is examined, the procedures are almost the same as in the examination of a tax return.

However, if you are filing a claim for credit or refund based only on contested income tax or on estate tax or gift tax issues considered in previously examined returns and you do not want to appeal within the IRS, you should request in writing that the claim be immediately rejected. A

notice of claim disallowance will then be promptly sent to you. You have 2 years from the date of mailing of the notice of disallowance to file a refund suit in a United States District Court or in the United States Court of Federal Claims.

## Explanation of Any Claim for Refund Disallowance

The IRS must explain to you the specific reasons why your claim for refund is disallowed or partially disallowed. Claims for refund are disallowed based on a preliminary review or on further examination. Some of the reasons your claim may be disallowed include the following:

- It was filed late.

- It was based solely on the unconstitutionality of the revenue acts.

- It was waived as part of a settlement.

- It covered a tax year or issues which were part of a closing agreement or an offer in compromise.

- It was related to a return closed by a final court order.

If your claim is disallowed for these reasons, or any other reason, the IRS must send you an explanation.

## Reduced Refund

Your refund may be reduced by an additional tax liability. Also, your refund may be reduced by amounts you owe for past-due child support, debts you owe to another federal agency, or past-due legally enforceable state income tax obligations. You will be notified if this happens. For those reductions, you cannot use the appeal and refund procedures discussed in this publication. However, you may be able to take action against the other agency.

**Offset of past-due state income tax obligations against overpayments.** Federal tax overpayments can be used to offset past-due, legally enforceable state income tax obligations. For the offset procedure to apply, your federal income tax return must show an address in the state that requests the offset. In addition, the state must first:

- Notify you by certified mail with return receipt that the state plans to ask for an offset against your federal income tax overpayment,

- Give you at least 60 days to show that some or all of the state income tax is not past due or not legally enforceable,

- Consider any evidence from you in determining that income tax is past due and legally enforceable,

- Satisfy any other requirements to ensure that there is a valid past-due, legally enforceable state income tax obligation, and

- Show that all reasonable efforts to obtain payment have been made before requesting the offset.

*Past-due, legally enforceable state income tax obligation.* This is an obligation (debt):

- Established by a court decision or administrative hearing and no longer subject to judicial review, or

- That is assessed, uncollected, can no longer be redetermined, and is less than 10 years overdue.

*Offset priorities.* Overpayments are offset in the following order:

1. Federal income tax owed.

2. Past-due child support.

3. Past-due, legally enforceable debt owed to a federal agency.

4. Past-due, legally enforceable state income tax debt.

5. Future federal income tax liability.

**Note.** If more than one state agency requests an offset for separate debts, the offsets apply against your overpayment in the order in which the debts accrued. In addition, state income tax includes any local income tax administered by the chief tax administration agency of a state.

**Note.** The Tax Court cannot decide the validity or merits of the credits or offsets (for example, collection of delinquent child support or student loan payments) made that reduce or eliminate a refund to which you were otherwise entitled.

**Injured spouse exception.** When a joint return is filed and the refund is used to pay one spouse's past-due child support, spousal support, or a federal debt, the other spouse can be considered an injured spouse. An injured spouse can get a refund for his or her share of the overpayment that would otherwise be used to pay the past-due amount.

You are considered an injured spouse if:

1. You are not legally obligated to pay the past-due amount and

2. You meet any of the following conditions:

    a. You made and reported tax payments (such as federal income tax withheld from wages or estimated tax payments).

    b. You had earned income (such as wages, salaries, or self-employment income) and claimed the earned income credit or the additional child tax credit.

    c. You claimed a refundable credit, such as the health coverage tax credit.

**Note.** If your residence was in a community property state at any time during the year, you can file Form 8379 even if only item (1) above applies.

If you are an injured spouse, you can obtain your portion of the joint refund by completing Form 8379. Follow the instructions on the form.

**Relief from joint and several liability on a joint return.** Generally, joint and several liability applies to all joint returns. This means that both you and your spouse (or former spouse) are liable for any tax shown on a joint return plus any understatement of tax that may become due later. This is true even if a divorce decree states that a former spouse will be responsible for any amounts due on previously filed joint returns.

In some cases, a spouse will be relieved of the tax, interest, and penalties on a joint tax return. Three types of relief are available.

- Innocent spouse relief.

- Separation of liability.

- Equitable relief.

**Form 8857.** Each kind of relief is different and has different requirements. You must file Form 8857, Request for Innocent Spouse Relief, to request relief. See the instructions for Form 8857 and Publication 971 for more information on these kinds of relief and who may qualify for them.

# How To Get Tax Help

Go online, use a smart phone, call or walk in to an office near you. Whether it's help with a tax issue, preparing your tax return or picking up a free publication or form, get the help you need the way you want it.

**Free help with your tax return.** Free help in preparing your return is available nationwide from IRS-certified volunteers. The Volunteer Income Tax Assistance (VITA) program is designed to help low-to-moderate income, elderly, persons with disabilities, and limited English proficient taxpayers. The Tax Counseling for the Elderly (TCE) program is designed to assist taxpayers age 60 and older with their tax returns. Most VITA and TCE sites offer free electronic filing and all volunteers will let you know about credits and deductions you may be entitled to claim. Some VITA and TCE sites provide taxpayers the opportunity to prepare their return with the assistance of an IRS-certified volunteer. To find the nearest VITA or TCE site, visit IRS.gov or call 1-800-906-9887.

As part of the TCE program, AARP offers the Tax-Aide counseling program. To find the nearest AARP Tax-Aide site, visit AARP's website at _www.aarp.org/money/taxaide_ or call 1-888-227-7669.

For more information on these programs, go to IRS.gov and enter "VITA" in the search box.

 **Internet.** IRS.gov and IRS2Go are ready when you are — every day, every night, 24 hours a day, 7 days a week.

- Apply for an Employer Identification Number (EIN). Go to IRS.gov and enter _Apply for an EIN_ in the search box.

- Request an Electronic Filing PIN by going to IRS.gov and entering _Electronic Filing PIN_ in the search box.

- Check the status of your 2013 refund with _Where's My Refund?_ Go to IRS.gov or the IRS2Go app, and click on _Where's My Refund?_ You'll get a personalized refund date as soon as the IRS processes your tax return and approves your refund. If you e-file, your refund status is usually available within 24 hours after the IRS receives your tax return or 4 weeks after you've mailed a paper return.

- Check the status of your amended return. Go to IRS.gov and enter _Where's My Amended Return?_ in the search box.

- Download forms, instructions, and publications, including some accessible versions.

- Order free transcripts of your tax returns or tax account using the _Order a Transcript_ tool on IRS.gov or IRS2Go. Tax return and tax account transcripts are generally available for the current year and past three years.

- Figure your income tax withholding with the _IRS Withholding Calculator_ on IRS.gov. Use it if you've had too much or too little withheld, your personal situation has changed, you're starting a new job or you just want to see if you're having the right amount withheld.

- Determine if you might be subject to the Alternative Minimum Tax by using the _Alternative Minimum Tax Assistant_ on IRS.gov.

- Locate the nearest Taxpayer Assistance Center using the _Office Locator_ tool on IRS.gov or IRS2Go. Stop by most business days for face-to-face tax help, no appointment necessary — just walk in. An employee can explain IRS letters, request adjustments to your tax account or help you set up a payment plan. Before you visit, check the _Office Locator_ for the address, phone number, hours of operation and the services provided. If you have an ongoing tax account problem or a special need, such as a disability, you can request an appointment. Call the local number listed in the Office Locator, or look in the phone book under _United States Government, Internal Revenue Service._

- Locate the nearest volunteer help site with the _VITA Locator Tool_ on IRS.gov. Low-to-moderate income, elderly, persons with disabilities, and limited English proficient taxpayers can get free help with their tax return from the nationwide Volunteer Income Tax Assistance (VITA) program. The Tax Counseling for the Elderly (TCE) program helps taxpayers 60 and older with their tax returns. Most VITA and TCE sites offer free electronic filing and some provide IRS-certified volunteers who can help prepare your tax return. AARP offers the Tax-Aide counseling program as part of the TCE program. Visit AARP's website to find the nearest Tax-Aide location.

- Research your tax questions.

- Search publications and instructions by topic or keyword.

- Read the Internal Revenue Code, regulations, or other official guidance.

- Read Internal Revenue Bulletins.

- Sign up to receive local and national tax news by email.

 **Phone.** You can call the IRS, or you can carry it in your pocket with the IRS2Go app on your smart phone or tablet.

- *Download the free IRS2Go mobile app* from the iTunes app store or from Google Play. Use it to watch the IRS YouTube channel, get IRS news as soon as it's released to the public, *order transcripts of your tax returns or tax account,* check your refund status, subscribe to filing season updates or daily tax tips, and follow the IRS Twitter news feed, @IRSnews, to get the latest federal tax news, including information about tax law changes and important IRS programs.

- *Call to locate the nearest volunteer help site,* 1-800-906-9887. Low-to-moderate income, elderly, persons with disabilities, and limited English proficient taxpayers can get free help with their tax return from the nationwide Volunteer Income Tax Assistance (VITA) program. The Tax Counseling for the Elderly (TCE) program helps taxpayers 60 and older with their tax returns. Most VITA and TCE sites offer free electronic filing. Some VITA and TCE sites provide IRS-certified volunteers who can help prepare your tax return. Through the TCE program, AARP offers the Tax-Aide counseling program; call 1-888-227-7669 to find the nearest Tax-Aide location.

- *Call to check the status of your 2013 refund,* 1-800-829-1954 or 1-800-829-4477. The automated *Where's My Refund?* information is available 24 hours a day, 7 days a week. If you *e-file,* your refund status is usually available within 24 hours after the IRS receives your tax return or 4 weeks after you've mailed a paper return. Before you call, have your 2013 tax return handy so you can provide your social security number, your filing status, and the exact whole dollar amount of your refund. *Where's My Refund?* can give you a personalized refund date as soon as the IRS processes your tax return and approves your refund. *Where's My Refund?* includes information for the most recent return filed in the current year and does not include information about amended returns.

- Call the Amended Return Hotline, 1-866-464-2050, to check the status of your amended return.

- *Call to order forms, instructions and publications,* 1-800-TAX-FORM (1-800-829-3676) to order current-year forms, instructions and publications, and prior-year forms and instructions (limited to 5 years). You should receive your order within 10 business days.

- *Call to order transcripts of your tax returns or tax account,* 1-800-908-9946. Follow the prompts to provide your Social Security Number or Individual Taxpayer

Identification Number, date of birth, street address and ZIP code.

- *Call for TeleTax topics,* 1-800-829-4477, to listen to pre-recorded messages covering various tax topics.

- *Call to ask tax questions,* 1-800-829-1040.

- *Call using TTY/TDD equipment,* 1-800-829-4059 to ask tax questions or order forms and publications. The TTY/TDD telephone number is for people who are deaf, hard of hearing, or have a speech disability. These individuals can also contact the IRS through relay services such as the Federal Relay Service available at *www.gsa.gov/fedrelay.*

 **Walk-in.** You can find a selection of forms, publications and services — in-person, face-to-face.

- *Products.* You can walk in to some post offices, libraries, and IRS offices to pick up certain forms, instructions, and publications. Some IRS offices, libraries, and city and county government offices have a collection of products available to photocopy from reproducible proofs.

- *Services.* You can walk in to your local TAC (Taxpayer Assistance Center) most business days for personal, face-to-face tax help. An employee can explain IRS letters, request adjustments to your tax account, or help you set up a payment plan. If you need to resolve a tax problem, have questions about how the tax law applies to your individual tax return, or you are more comfortable talking with someone in person, visit your local TAC where you can talk with an IRS representative face-to-face. No appointment is necessary—just walk in. Before visiting, check *www.irs.gov/ localcontacts* for hours of operation and services provided.

 **Mail.** You can send your order for forms, instructions, and publications to the address below. You should receive a response within 10 business days after your request is received.

Internal Revenue Service
1201 N. Mitsubishi Motorway
Bloomington, IL 61705-6613

## The Taxpayer Advocate Service Is Here to Help You.

The Taxpayer Advocate Service (TAS) is your voice at the IRS. Our job is to ensure that every taxpayer is treated fairly and that you know and understand your rights.

**What can TAS do for you?** We can offer you free help with IRS problems that you can't resolve on your own. We know this process can be confusing, but *the worst thing you can do is nothing at all!* TAS can help if you can't resolve your tax problem and:

- Your problem is causing financial difficulties for you, your family, or your business.

- You face (or your business is facing) an immediate threat of adverse action.
- You've tried repeatedly to contact the IRS but no one has responded, or the IRS hasn't responded by the date promised.

If you qualify for our help, you'll be assigned to one advocate who'll be with you at every turn and will do everything possible to resolve your problem. Here's why we can help:

- TAS is an independent organization within the IRS. Our advocates know how to work with the IRS.
- Our services are free and tailored to meet your needs.
- We have offices in every state, the District of Columbia, and Puerto Rico.

**How can you reach us?** If you think TAS can help you, call your local advocate, whose number is in your local directory and at *www.irs.gov/advocate*, or call us toll-free at 1-877-777-4778.

**How else does TAS help taxpayers?** TAS also works to resolve large-scale, systemic problems that affect many taxpayers. If you know of one of these broad issues, please report it to us through our Systemic Advocacy Management System at *www.irs.gov/sams*.

**Low Income Taxpayer Clinics.** Low Income Taxpayer Clinics (LITCs) serve individuals whose income is below a certain level and need to resolve tax problems such as audits, appeals, and tax collection disputes. Some clinics can provide information about taxpayer rights and responsibilities in different languages for individuals who speak English as a second language. Visit *www.TaxpayerAdvocate.irs.gov* or see IRS Publication 4134, *Low Income Taxpayer Clinic List*.

# Index

-ᗜ- To help us develop a more useful index, please let us know if you have ideas for index entries. See "Comments and Suggestions" in the "Introduction" for the ways you can reach us.

## A

Abatement of interest (See Interest, abatement)
Appeal rights 8, 9, 12
  (See also Tax Court)
Assistance (See Tax help)
Authorization, third party 3

## B

Burden of proof 9

## C

Civil action (See Waivers, tax suits, civil action)
Claim for refund 13
  Disallowance 16
  Estates on installment method 14
  Periods of financial disability 15
Comments on publication 2
Communications, privileged 3, 9
Confidentiality 3, 9

## D

Disability (See Financial disability, periods of)
Disaster areas, abatement of interest 8

## E

Employment status, Tax Court review of 11
Estates:
  Claim for refund 14
Examination of returns 2

## F

Fast track mediation 4
Financial disability, periods of:
  Claim for refund 15
Form:
  8379 16
  8857 17
Free tax services 17

## H

Help (See Tax help)

## I

Injured spouse 16
Innocent spouse relief 11, 17
Installment agreement 6
Installment method:
  Estates, claim for refund by 14
Interest:
  Abatement:
    Disaster areas 8
    Error or delay by IRS 7
    Terrorist attacks 8
  Netting, overlapping underpayments and overpayments 6
  Suspended 5

## J

Joint and several liability, relief from 11, 17

## L

Losses:
  Disaster area 13
Low Income Taxpayer Clinics 19

## M

Mediation, fast track 4
More information 2

## N

Notice of deficiency:
  Timely mailing 5
Notices:
  Third party contacts 3

## O

Offer in compromise 8
Overpayments:
  Offsets against state tax 16

## P

Penalties, suspended 5
Practitioners, federally authorized:
  Confidential communications 3, 9
Presidentially declared disaster 14
Publications (See Tax help)

## R

Refund 13, 15, 16
  Reduced 16
Refund deadline postponement 14
Refund or credit before court decision 13
Rights:
  Communications, privileged 3, 9
  Requests to waive 9

## S

Suggestions for publication 2

## T

Tax Court 9, 12
  Employment status, review of 11
  Innocent spouse relief, review of request for 11
  Refund or credit before decision 13
Tax help 17
Taxpayer Advocate 3
Taxpayer Advocate Service 3
Terrorist attacks, abatement of interest 8
Third party authorization 3
TTY/TDD information 17

## W

Waivers:
  Tax suits, civil action 9

## Z

Zero rate, overlapping periods of interest (See Interest, netting)