# EXHIBIT 37

IN THE UNITED STATES DISTRICT COURT FOR THE
WESTERN DISTRICT OF WASHINGTON

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | Case No. |
| Petitioner, | ) | |
| | ) | **DECLARATION OF SENIOR** |
| v. | ) | **INTERNATIONAL ADVISOR ELI** |
| | ) | **HOORY IN SUPPORT OF PETITION** |
| MICROSOFT CORPORATION, | ) | **TO ENFORCE INTERNAL** |
| | ) | **REVENUE SERVICE SUMMONS** |
| Respondent. | ) | |

I, Eli Hoory, pursuant to 28 U.S.C. § 1746, declare as follows:

1.     I am a Senior International Advisor in Transfer Pricing Operations ("TPO"), a unit in the Large Business & International Division of the Internal Revenue Service ("IRS").

2.     The IRS is conducting an examination of the federal income tax liabilities of Microsoft Corporation and Subsidiaries ("Microsoft") for the taxable years ending June 30, 2004, June 30, 2005, and June 30, 2006 (the "2004-2006 Examination").

3.     Microsoft is a U.S. corporation with its principal place of business in Redmond, Washington.

Declaration of Senior International Advisor Eli Hoory
in Support of Petition to Enforce
Internal Revenue Service Summons

**U.S. Department of Justice**
Ben Franklin Station
P.O. Box 683
Washington, D.C. 20044-0683

1

4.     I am assigned to advise the 2004-2006 Examination on transfer pricing of related party transactions under 26 U.S.C. § 482.

5.     Douglas M. Odell is a Revenue Agent in International Business Compliance, a unit in the Large Business & International Division.

6.     Revenue Agent Odell has a post of duty in Seattle, Washington, and is an International Examiner assigned to the 2004-2006 Examination.

7.     Revenue Agent Odell is authorized to issue IRS summonses pursuant to 26 U.S.C. § 7602, 26 C.F.R. § 301.7602-1, and IRS Delegation Order No. 25-1.

8.     In furtherance of the 2004-2006 Examination and in accordance with 26 U.S.C. §§ 7602 and 6503(j), on October 30, 2014, Revenue Agent Odell issued an IRS designated summons to Microsoft to produce for examination books, records, papers, and other data as described in the summons.  A copy of the summons is attached as Exhibit A.

9.     On October 30, 2014, Revenue Agent Odell served an attested copy of the summons on Microsoft by personal delivery to corporate officer Brad Smith, Executive Vice President and General Counsel for Microsoft, as evidenced by the certificate of service included as part of Exhibit A.

10.     On November 20, 2014, the date scheduled for compliance with the summons, Microsoft appeared and provided a partial response to the summons but did not fully comply by producing all the books, records, papers, and other data as demanded in the summons. Microsoft's partial response included some documents and a letter dated November 20, 2014.  A copy of the letter is attached as Exhibit B.

11.     Microsoft's failure to fully comply with the summons continues to the date of this

Declaration of Senior International Advisor Eli Hoory
in Support of Petition to Enforce
Internal Revenue Service Summons

**U.S. Department of Justice**
Ben Franklin Station
P.O. Box 683
Washington, D.C. 20044-0683

2

declaration.

12.    Except for responsive documents produced on November 20, December 8, and December 9, 2014, the books, records, papers, or other data sought by the summons are not already in the IRS's possession.

13.    All administrative steps required by the Internal Revenue Code for issuance of a designated summons have been taken.

14.    The books, records, papers, and other data sought by the summons may be relevant to determine Microsoft's correct federal income tax liabilities for the tax years ending June 30, 2004, June 30, 2005, and June 30, 2006.

15.    There is no "Justice Department referral," as that term is described in Section 7602(d)(2) of the Internal Revenue Code, in effect with respect to Microsoft for the taxable years ending June 30, 2004, June 30, 2005, and June 30, 2006.

16.    The facts set forth in the paragraphs below are based on my review of documents produced to date by Microsoft for the 2004-2006 Examination, including transfer pricing reports and related documents that Microsoft produced in response to information document requests (IDRs), documents produced in the 2000-2003 examination cited by Microsoft in its November 20, 2014 letter, and my attendance at recent interviews of Microsoft employees, as well as discussions with IRS staff and experts whom the IRS has retained to support the examination.

17.    The 2004-2006 examination was opened in 2007.

18.    The statutes of limitations on assessment for the taxable years ending June 30, 2004, June 30, 2005, and June 30, 2006, as extended by Microsoft, expires on December 31, 2014.

Declaration of Senior International Advisor Eli Hoory
in Support of Petition to Enforce
Internal Revenue Service Summons

**U.S. Department of Justice**
Ben Franklin Station
P.O. Box 683
Washington, D.C. 20044-0683

3

19.     The 2004-2006 Examination involves several unagreed international tax issues. The primary remaining areas on which the IRS needs additional information, and the focus of the designated summons, are transfer pricing issues involving intangibles and relating to two regional cost sharing arrangements between Microsoft and its affiliates.  The IRS is authorized to allocate income and deductions among commonly controlled or owned entities as necessary to prevent tax avoidance or to clearly reflect the income of such entities.  26 U.S.C. § 482.  In particular, when rights to intangible property are transferred or licensed between related entities, "the income with respect to such transfer or license shall be commensurate with the income attributable to the intangible."  *Id*.  "[T]he standard to be applied in every case is that of a taxpayer dealing at arm's length with an uncontrolled taxpayer."  Treas. Reg. § 1.482-1(b)(1).

20.     Microsoft divides its worldwide business operations into three geographic regions: (1) Europe, Middle-East & Africa ("EMEA"); (2) Asia-Pacific ("APAC"); and (3) the United States, Canada & Latin America ("Americas").  In each region it has entered into a cost sharing arrangement with an affiliate.

21.     Through a number of intercompany agreements, Microsoft entered into a cost sharing arrangement with its Puerto Rican affiliate, Microsoft Operations Puerto Rico, LLC ("MOPR"), effective July 1, 2005 (the "Americas cost sharing arrangement").  Under this arrangement, Microsoft divided rights to technology intangibles (e.g., software code) from rights to non-technology intangibles (everything other than technology intangibles, such as brands, trademarks and customer/partner relationships) supporting its Americas retail business.  This division is distinct from Microsoft's other cost sharing arrangements; Microsoft did not divide technology and non-technology intangible rights in its cost sharing arrangements for APAC and

Declaration of Senior International Advisor Eli Hoory
in Support of Petition to Enforce
Internal Revenue Service Summons

**U.S. Department of Justice**
Ben Franklin Station
P.O. Box 683
Washington, D.C. 20044-0683

4

1  EMEA.  Microsoft transferred to MOPR various rights to technology intangibles used in its

2  Americas retail business, while retaining rights to all non-technology intangibles.

3        22.     As a result of the Americas cost sharing arrangement, Microsoft treated MOPR,

4  for transfer pricing purposes, as the economic owner of all technology intangibles supporting its

5  Americas retail business and paid MOPR a share of the revenues from that business, based on

6  the relative shares of profit that Microsoft allocated to technology intangibles and to non-

7  technology intangibles.

8        23.     To value the technology intangible rights that were transferred, and also to set the

9  compensation that Microsoft would pay MOPR as the deemed owner of technology intangibles

10  after the transfer, Microsoft relied on certain assumptions about both historical and forecasted

11  revenues and expenses.  The valuation methodology adopted by Microsoft used research and

12  development expenses and a subset of sales and marketing expenses to estimate the relative

13  values of technology and non-technology intangibles to its Americas retail business.

14        24.     Through a number of intercompany agreements, Microsoft also entered into a cost

15  sharing arrangement with its affiliate, Microsoft Asia Island Limited ("MAIL"), a Bermuda

16  corporation, effective April 3, 2004 (the "APAC cost sharing arrangement").  Under this

17  arrangement (and in contrast to the Americas cost sharing arrangement), Microsoft transferred to

18  MAIL various rights to both technology and non-technology intangibles used in its APAC retail

19  business.

20        25.     As the result of the APAC cost sharing arrangement, Microsoft treated MAIL, for

21  transfer pricing purposes, as the economic owner of all intangibles supporting its APAC retail

22  business.  In valuing the intangible rights transferred to MAIL, however, Microsoft took the

23  Declaration of Senior International Advisor Eli Hoory         **U.S. Department of Justice**
in Support of Petition to Enforce                        Ben Franklin Station
Internal Revenue Service Summons               P.O. Box 683
                                              Washington, D.C. 20044-0683

position that, immediately prior to entering into the arrangement, Microsoft had owned only a fraction of the non-technology intangibles used in its APAC retail business, thus limiting the amount of compensation that MAIL would pay Microsoft for transferred non-technology intangible rights.

26.     To value the intangible rights transferred to MAIL, Microsoft relied on certain assumptions about both historical and forecasted revenues and expenses.  The valuation methodology adopted by Microsoft used research and development expenses and a subset of sales and marketing expenses to estimate the relative values of technology and non-technology intangibles to its APAC retail business.

27.     For transfer pricing purposes under 26 U.S.C. § 482, the Americas and APAC cost sharing arrangements both require valuing the intangible rights that were transferred.  In addition, because only technology intangible rights were transferred in the Americas cost sharing arrangement, that arrangement also requires an ongoing valuation of the relative contribution of technology intangibles and non-technology intangibles to the Americas retail business.

28.     The valuation methodologies Microsoft applied to its APAC and Americas cost sharing arrangements and the relative values that Microsoft adopted for the technology and non-technology intangibles used in its Americas and APAC retail businesses have billions of dollars of impact on Microsoft's taxable income in 2004, 2005, and 2006.

29.     The information sought in the designated summons issued to Microsoft may be relevant to the IRS's consideration of whether the transfer pricing Microsoft adopted for its APAC and Americas cost sharing arrangements satisfies the arm's length pricing standard under 26 U.S.C. § 482 and the regulations thereunder.  This includes, but is not limited to, evaluating

Declaration of Senior International Advisor Eli Hoory
in Support of Petition to Enforce
Internal Revenue Service Summons

**U.S. Department of Justice**
Ben Franklin Station
P.O. Box 683
Washington, D.C. 20044-0683

6

the relative values of the technology and non-technology intangibles that support those

businesses and evaluating the historical and forecasted revenues and expenses, including the

underlying assumptions on which Microsoft based its valuations.

30.     The summons demands some documents that the IRS had previously requested

from Microsoft informally during the course of the 2004-2006 Examination, but which Microsoft

has failed to produce.

31.     The summons also demands some documents that were only recently identified

during IRS interviews of Microsoft employees in September and October 2014.

32.     The summons expressly excludes documents that have previously been produced

to the IRS in the 2004-2006 Examination or the previous 2000-2003 examination.

33.     Microsoft's November 20, 2014  response included objections, explanations as to

the location of various responsive documents, promises to produce responsive documents,

statements that certain categories of requested documents have either already been produced or

that Microsoft has no responsive documents, and the production of some responsive documents

in OCR'd PDF format.  On December 8, 2014, Microsoft made a supplemental production of

documents that appear to be in native format but have been modified contrary to the instructions

of the summons.  Microsoft's response is deficient because it failed to produce the majority of

documents as demanded and also failed to produce responsive documents in native format

without any modifications to the document or the document's file name as instructed.  On

December 9, 2014, Microsoft made a supplemental production of documents in response to

Request #45, addressed below.  For these reasons and those detailed below, Microsoft has failed

to comply with the summons.

Declaration of Senior International Advisor Eli Hoory          **U.S. Department of Justice**
in Support of Petition to Enforce                              Ben Franklin Station
Internal Revenue Service Summons                              P.O. Box 683
                                                              Washington, D.C. 20044-0683

7

34.     In response to Request #1, Microsoft acknowledges that potentially responsive documents are in its possession, custody, or control, but it has failed to produce these documents. The documents sought by this request may be relevant to evaluating the role and relative value of non-technology intangibles in Microsoft's Americas and APAC businesses.

35.     In response to Request #2, Microsoft acknowledges that potentially responsive documents are in its possession, custody, or control, but it has failed to produce these documents. These documents may be relevant to evaluating the role of marketing in Microsoft's business, how Microsoft sought to distinguish its products in the marketplace (e.g., cost, features, support, etc.), and the relative value of technology and non-technology intangibles in Microsoft's Americas and APAC businesses.

36.     Request #3 seeks "all Return on Marketing Investment studies (also known as ROMI studies) and all Documents relating to such studies, conducted by or on behalf of Microsoft *for or during* FY03 through FY06" (emphasis added).  In response, Microsoft asserted that no ROMI studies were created during the relevant period.  The request is not limited in time to creation, however.  Moreover, the limited ROMI materials currently in the IRS's possession indicate that ROMI studies were ongoing during FY06 (July 1, 2005 to June 30, 2006) and resulted in the creation of at least some ROMI study documents during the period FY03 through FY06.  ROMI documents may be relevant to evaluating the role of marketing and the relative value of non-technology intangibles in Microsoft's Americas and APAC businesses.

37.     In response to Request #5, Microsoft acknowledges that potentially responsive documents are in its possession, custody, or control, but it has failed to produce these documents. The documents sought in this request may be relevant to evaluating the role of sales spending

Declaration of Senior International Advisor Eli Hoory
in Support of Petition to Enforce
Internal Revenue Service Summons

**U.S. Department of Justice**
Ben Franklin Station
P.O. Box 683
Washington, D.C. 20044-0683

8

1  and sales activity and the relative value of non-technology intangibles in Microsoft's Americas

2  and APAC businesses.

3         38.    Microsoft has not responded to Request #6 but indicates it will do so this month.

4  The documents sought in this request may be relevant to evaluating the role of research and

5  development spending and activity and the relative value of technology intangibles in

6  Microsoft's Americas and APAC businesses.

7         39.    In response to Requests #7, #8, #9 and #13, Microsoft acknowledges that

8  potentially responsive documents are in its possession, custody or control, but it has failed to

9  produce these documents.  The documents sought in these requests may be relevant to evaluating

10 the role of marketing in Microsoft's Americas and APAC businesses and the relative value of

11 non-technology intangibles in those businesses.

12        40.    In response to Request #10, Microsoft acknowledges that potentially responsive

13 documents are in its possession, custody or control, but it has failed to produce these documents.

14 The documents sought in this request may be relevant to evaluating the role of sales and

15 customer support spending and activity in Microsoft's Americas and APAC businesses and the

16 relative value of non-technology intangibles in those businesses.

17        41.    In response to Request #11, Microsoft acknowledges that potentially responsive

18 documents are in its possession, custody or control, but it has failed to produce these documents.

19 This request may be relevant to evaluating the role of marketing and other decision makers in

20 designing SKUs, considering how product packaging, bundling and pricing supports Microsoft's

21 Americas and APAC businesses, and evaluating the relative value of non-technology intangibles

22 in those businesses.

23
Declaration of Senior International Advisor Eli Hoory          **U.S. Department of Justice**
in Support of Petition to Enforce                             Ben Franklin Station
Internal Revenue Service Summons                              P.O. Box 683
                                                              Washington, D.C. 20044-0683

42.     In response to Request #12, Microsoft acknowledges that potentially responsive documents are in its possession, custody or control, but it has failed to produce these documents. The documents sought in this request may be relevant to evaluating the developer evangelism activities and developer relationships related to Microsoft's Americas and APAC businesses and the relative value of non-technology intangibles in those businesses.

43.     In response to Requests #14, #15, #16, #17, #18 and #19, Microsoft acknowledges that potentially responsive documents are in its possession, custody or control, but it has failed to produce these documents.  The documents sought in these requests may be relevant to evaluating Microsoft's valuations for its APAC and Americas cost sharing arrangements, as those valuations depend, in large part, on assumed revenue and expense projections for the Americas and APAC businesses.

44.     In response to Requests #20 through #30, Microsoft acknowledges that responsive documents are in its possession, custody or control, but it has failed to produce these documents. The evaluations and related documents sought by these requests, including, but not limited to, self-input/assessments and customer and partner experience survey results, may be relevant to evaluating the role of the various divisions in Microsoft's business and the relative value of technology and non-technology intangibles in that business.

45.     In response to Requests #31 and #32, Microsoft acknowledges that potentially responsive documents are in its possession, custody or control, but it has failed to produce these documents.  The documents sought in this request may be relevant to evaluating customer relationships, the value of non-technology intangibles, and the revenue outlook for Microsoft's Americas and APAC businesses.

Declaration of Senior International Advisor Eli Hoory
in Support of Petition to Enforce
Internal Revenue Service Summons

**U.S. Department of Justice**
Ben Franklin Station
P.O. Box 683
Washington, D.C. 20044-0683

10

Case 2:15-cv-00102-RSM   Document 4-37   Filed 09/18/15   Page 12 of 15

46.     In response to Request #33, Microsoft acknowledges that potentially responsive documents are in its possession, custody or control, but it has failed to produce these documents. The documents sought in this request may be relevant to evaluating forecasts for the Americas and APAC businesses and also may be relevant to evaluating synergies between Microsoft products that are sold together.

47.     In response to Request #34, Microsoft acknowledges that potentially responsive documents are in its possession, custody or control, but it has failed to produce these documents. The documents sought in this request may be relevant to evaluating Microsoft's relationships with its customers and the relative value of non-technology intangibles in its Americas and APAC businesses.

48.     In response to Request #35, Microsoft acknowledges that potentially responsive documents are in its possession, custody or control, but it has failed to produce these documents. The documents sought in this request may be relevant to evaluating the role and value of Microsoft's marketing spending in its Americas and APAC businesses and the relative value of non-technology intangibles in those businesses.

49.     In response to Request #36, Microsoft acknowledges that responsive documents are in its possession, custody or control, but it has failed to produce these documents because it claims the documents are privileged as set forth in a privilege log produced during the course of the audit and incorporated by reference in Microsoft's November 20, 2014 letter.  The documents sought in this request may be relevant because they generally relate to Microsoft's planning, structuring and/or valuation of its Americas cost sharing arrangement.

50.     In response to Request #37, Microsoft failed to produce a document without any

Declaration of Senior International Advisor Eli Hoory
in Support of Petition to Enforce
Internal Revenue Service Summons

**U.S. Department of Justice**
Ben Franklin Station
P.O. Box 683
Washington, D.C. 20044-0683

modifications to the document or the document's file name as instructed.  The document sought

in this request may be relevant to evaluating the role of sales and marketing spending and

activities that support Microsoft's Americas and APAC businesses and the relative value of non-

technology intangibles in those businesses.

51.     In response to Requests #38 and #39, Microsoft acknowledges that potentially

responsive documents are in its possession, custody or control, but it has failed to produce these

documents.  The documents sought in these requests relate to Microsoft's planning and/or

response to perceived competition and may be relevant to evaluating the role and relative value

of technology and non-technology intangibles in Microsoft's Americas and APAC businesses.

52.     In response to Request #40, Microsoft asserts that there are no responsive

documents in its possession, custody, or control.  Request #40 seeks documents described in a

Microsoft Memorandum, dated April 25, 2005, as "Partner Drilldown Memos."  The documents

sought in this request may be relevant because they relate to Microsoft's partner relationships

and evaluation of the role and value of Microsoft's non-technology intangibles in its Americas

and APAC businesses.

53.     In response to Request #41, Microsoft failed to produce a document without any

modifications to the document or the document's file name as instructed.  Moreover, the

document produced appears to be a version of a partner business plan; it is not a set of plans for

the 10 largest partners, by revenue, as requested.  Furthermore, the document produced is a non-

binding proposal that was not finalized or executed.  The documents sought in this request may

be relevant because they relate to Microsoft's efforts to align partner business plans with, and

allocate sales and marketing resources to, sales and marketing priorities.  The documents sought

Declaration of Senior International Advisor Eli Hoory
in Support of Petition to Enforce
Internal Revenue Service Summons

**U.S. Department of Justice**
Ben Franklin Station
P.O. Box 683
Washington, D.C. 20044-0683

12

also may be relevant to evaluating the role and relative value of Microsoft's non-technology

intangibles in its Americas and APAC businesses.

54.     In response to Request #42, Microsoft failed to produce documents without any

modifications to the document or the document's file name as instructed.  Request #42 generally

seeks documents related to retention policies that set forth guidelines for retention of documents

created in or existing during FY03 through FY06.  The documents sought in this request may be

relevant because Microsoft has cited a 5-year document retention policy as its reason for not

producing documents, although it has produced many documents older than five years, including

at least one document from as early as 1989.

55.     In response to Request #45, Microsoft acknowledges that responsive documents

are in its possession, custody or control, but in its December 9, 2014 supplemental production

has failed to produce all of the requested documents.  The documents sought in this request may

be relevant because Microsoft's financial reporting systems provide significant inputs to its

Americas and APAC retail business valuation models.

56.     Request #46 seeks "all Documents related to interviews conducted at any time by

or on behalf of Microsoft and related to any transfer pricing analysis of or relating to Microsoft's

business during the period FY99 through FY06."  In response to Request #46, Microsoft

acknowledges that responsive documents may be in its possession, custody, or control.

Microsoft has indicated that its search for documents responsive to this request is ongoing.

Based on information previously provided during the 2004-2006 Examination, it appears that

documents regarding actual interviews or contemplated interviews have not been produced.  The

documents sought in this request may be relevant because they relate to transfer pricing analyses

Declaration of Senior International Advisor Eli Hoory
in Support of Petition to Enforce
Internal Revenue Service Summons

**U.S. Department of Justice**
Ben Franklin Station
P.O. Box 683
Washington, D.C. 20044-0683

of Microsoft's business and, regardless of whether prepared by Microsoft or another party, are probative of related-party transactions that overlap with or are similar to the transfer pricing issues for Microsoft's Americas and APAC businesses.

57.    In response to Request #47, Microsoft acknowledges that potentially responsive documents are in its possession, custody or control, but it has failed to produce these documents. The documents sought in this request may be relevant to evaluating the role and relative value of Microsoft's non-technology intangibles related to sales activities or functions.

58.    In response to Request #48, Microsoft acknowledges that potentially responsive documents are in its possession, custody or control, but it has failed to produce these documents. The documents sought in this request may be relevant to evaluating the role and relative value of Microsoft's non-technology intangibles related to marketing activities or functions.

I declare under penalty of perjury that the foregoing is true and correct.

Executed this _10_ day of December, 2014.

_____
Eli Hoory
Senior International Advisor

Declaration of Senior International Advisor Eli Hoory
in Support of Petition to Enforce
Internal Revenue Service Summons

**U.S. Department of Justice**
Ben Franklin Station
P.O. Box 683
Washington, D.C. 20044-0683