# EXHIBIT 38

IN THE UNITED STATES DISTRICT COURT FOR THE
WESTERN DISTRICT OF WASHINGTON

| | |
|---|---|
| UNITED STATES OF AMERICA, ) | |
| ) | Case No. |
| Petitioner, ) | |
| ) | **DECLARATION OF SENIOR** |
| v. ) | **INTERNATIONAL ADVISOR ELI** |
| ) | **HOORY IN SUPPORT OF PETITION** |
| MICROSOFT CORPORATION, ) | **TO ENFORCE INTERNAL** |
| ) | **REVENUE SERVICE SUMMONS** |
| Respondent. ) | |

I, Eli Hoory, pursuant to 28 U.S.C. § 1746, declare as follows:

1. I am a Senior International Advisor in Transfer Pricing Operations ("TPO"), a unit in the Large Business & International Division of the Internal Revenue Service ("IRS").

2. The IRS is conducting an examination of the federal income tax liabilities of Microsoft Corporation and Subsidiaries ("Microsoft") for the taxable years ending June 30, 2004, June 30, 2005, and June 30, 2006 (the "2004-2006 Examination").

3. Microsoft is a U.S. corporation with its principal place of business in Redmond, Washington.

Declaration of Senior International Advisor Eli Hoory  
in Support of Petition to Enforce  
Internal Revenue Service Summons

**U.S. Department of Justice**  
Ben Franklin Station  
P.O. Box 683  
Washington, D.C. 20044-0683

1

4. I am assigned to advise the 2004-2006 Examination on transfer pricing of related party transactions under 26 U.S.C. § 482.

5. Douglas M. Odell is a Revenue Agent in International Business Compliance, a unit in the Large Business & International Division.

6. Revenue Agent Odell has a post of duty in Seattle, Washington, and is an International Examiner assigned to the 2004-2006 Examination.

7. Revenue Agent Odell is authorized to issue IRS summonses pursuant to 26 U.S.C. § 7602, Treas. Reg. § 301.7602-1, and IRS Delegation Order No. 25-1.

8. In furtherance of the 2004-2006 Examination and in accordance with 26 U.S.C. §§ 7602 and 6503(j), on October 30, 2014, Revenue Agent Odell issued an IRS designated summons to Microsoft to produce for examination books, records, papers and other data as described in the summons.

9. In furtherance of the 2004-2006 Examination and in accordance with 26 U.S.C. §§ 7602 and 6503(j), on November 19, 2014, Revenue Agent Odell issued a summons, related to the designated summons, to Microsoft ("November 19 related summons"). A copy of the November 19 related summons is attached as Exhibit A. The November 19 related summons demanded that Microsoft produce for examination books, records, papers, and other data as described.

10. In furtherance of the 2004-2006 Examination, and in accordance with 26 U.S.C. §§ 7602 and 7603, on November 19, 2014, Revenue Agent Odell served an attested copy of the November 19 related summons on Microsoft by personal delivery to corporate officer George Zinn, Corporate Vice President and Treasurer, Worldwide Treasury Management for Microsoft,

Declaration of Senior International Advisor Eli Hoory
in Support of Petition to Enforce
Internal Revenue Service Summons

**U.S. Department of Justice**
Ben Franklin Station
P.O. Box 683
Washington, D.C. 20044-0683

2

12229101.1

as evidenced by the certificate of service included as part of Exhibit A.

11. On December 9, 2014, the date scheduled for compliance with the November 19 related summons, Microsoft appeared and provided a partial response but did not fully comply by producing all the books, records, papers, and other data as demanded in the November 19 related summons. Microsoft's partial response included some documents and a letter dated December 9, 2014. A copy of the letter is attached as Exhibit B.

12. Microsoft's failure to fully comply with the November 19 related summons continues to the date of this declaration.

13. Except for responsive documents produced on December 9, 2014, the books, records, papers, or other data sought by the November 19 related summons are not already in the IRS's possession.

14. All administrative steps required by the Internal Revenue Code for issuance of a related summons have been taken.

15. The books, records, papers, and other data sought by the November 19 related summons may be relevant to determine Microsoft's correct federal income tax liabilities for the tax years ending June 30, 2004, June 30, 2005, and June 30, 2006.

16. There is no "Justice Department referral," as that term is described in Section 7602(d)(2) of the Internal Revenue Code, in effect with respect to Microsoft for the taxable years ending June 30, 2004, June 30, 2005, and June 30, 2006.

17. The facts set forth in the paragraphs below are based on my review of documents produced to date by Microsoft for the 2004-2006 Examination, including transfer pricing reports and related documents that Microsoft produced in response to information document requests,

Declaration of Senior International Advisor Eli Hoory
in Support of Petition to Enforce
Internal Revenue Service Summons

**U.S. Department of Justice**
Ben Franklin Station
P.O. Box 683
Washington, D.C. 20044-0683

3

12229101.1

documents produced in the 2000-2003 examination cited by Microsoft in its December 9, 2014 letter, and my attendance at recent interviews of Microsoft employees, as well as discussions with IRS staff and experts whom the IRS has retained to support the examination.

18. The 2004-2006 Examination involves several unagreed international tax issues. The primary remaining areas on which the IRS needs additional information, and the focus of the designated and related summonses, are transfer pricing issues involving intangibles and relating to two regional cost sharing arrangements between Microsoft and its affiliates.

19. The IRS is authorized to allocate income and deductions among commonly controlled or owned entities as necessary to prevent tax avoidance or to clearly reflect the income of such entities. 26 U.S.C. § 482. In particular, when rights to intangible property are transferred or licensed between related entities, "the income with respect to such transfer or license shall be commensurate with the income attributable to the intangible." *Id.* "[T]he standard to be applied in every case is that of a taxpayer dealing at arm's length with an uncontrolled taxpayer." Treas. Reg. § 1.482-1(b)(1).

20. The information sought in the November 19 related summons may be relevant to the IRS's consideration of whether the transfer pricing Microsoft adopted for its United States, Canada, & Latin America ("Americas") and Asia-Pacific ("APAC") cost sharing arrangements satisfies the arm's length pricing standard under 26 U.S.C. § 482 and the regulations thereunder. This includes, but is not limited to, evaluating the relative values of the technology and non-technology intangibles that support Microsoft's Americas and APAC businesses and evaluating the historical and forecasted revenues and expenses, including the underlying assumptions on which Microsoft based its valuations.

Declaration of Senior International Advisor Eli Hoory
in Support of Petition to Enforce
Internal Revenue Service Summons

**U.S. Department of Justice**
Ben Franklin Station
P.O. Box 683
Washington, D.C. 20044-0683

4

12229101.1

21. The November 19 related summons expressly excludes documents that have previously been produced to the IRS in the 2004-2006 Examination or the previous 2000-2003 examination.

22. Microsoft's December 9, 2014 response included objections, explanations as to the location of various responsive documents, promises to produce responsive documents, statements that certain categories of requested documents have either already been produced or that Microsoft has no responsive documents, and the production of some responsive documents. Microsoft's response is deficient because it failed to produce the majority of documents as demanded. For that reason, and as detailed more fully below, Microsoft has failed to comply with the November 19 related summons.

23. In response to Request #1, Microsoft acknowledges that potentially responsive documents not previously provided to the IRS are in its possession, custody, or control, but it has failed to produce these documents. The documents sought by this request may be relevant to evaluating the transfer pricing for the APAC cost sharing arrangement, and generally relate to Microsoft's planning, structuring and/or valuation of its APAC cost sharing arrangement.

24. In response to Request #2, Microsoft acknowledges that potentially responsive documents not previously provided to the IRS are in its possession, custody, or control, but it has failed to produce these documents. The documents sought by this request may be relevant to evaluating the transfer pricing for the Americas and APAC cost sharing arrangements, and generally relate to Microsoft's planning, structuring and/or valuation of its Americas and APAC cost sharing arrangements.

25. In response to Request #3, Microsoft acknowledges that potentially responsive

Declaration of Senior International Advisor Eli Hoory
in Support of Petition to Enforce
Internal Revenue Service Summons

**U.S. Department of Justice**
Ben Franklin Station
P.O. Box 683
Washington, D.C. 20044-0683

5

12229101.1

documents not previously provided to the IRS are in its possession, custody, or control, but it has failed to produce these documents. The documents sought by this request may be relevant to evaluating the transfer pricing for the Americas and APAC cost sharing arrangements, and generally relate to Microsoft's planning, structuring and/or valuation of its Americas and APAC cost sharing arrangements.

26. Microsoft has not responded to Requests #6, #7, #8, #9, #10, and #11 but indicates it will do so in January. The documents sought in these requests may be relevant to evaluating Microsoft's planning, structuring and/or valuation of its Americas and APAC cost sharing arrangements, as well as the relative value of the different types of intangibles involved in Microsoft's Americas and APAC businesses.

27. In response to Request #12, Microsoft acknowledges that potentially responsive documents, also responsive to Request #1, may be in its possession, custody or control. As discussed in paragraph 23, since Microsoft has failed to produce the documents responsive to Request #1, it has likewise failed in regard to this request. The documents sought in Request #12 may be relevant to evaluating the benefit received by the APAC business from certain marketing expenses incurred by Microsoft's U.S. entities. This benefit may affect the transfer pricing established by the APAC cost sharing arrangement.

28. In response to Requests #13, #14, #16, and #17 Microsoft acknowledges that potentially responsive documents not previously provided to the IRS are in its possession, custody, or control, but it has failed to produce these documents. The documents sought in these requests may be relevant to evaluating the transfer pricing established by the Americas and APAC cost sharing arrangements, and generally relate to Microsoft's planning, structuring

| Declaration of Senior International Advisor Eli Hoory in Support of Petition to Enforce Internal Revenue Service Summons | **U.S. Department of Justice** Ben Franklin Station P.O. Box 683 Washington, D.C. 20044-0683 |
|---|---|

12229101.1

and/or valuation of its Americas and APAC cost sharing arrangements.

29. In response to Request #15, Microsoft responded that "there are no documents in its possession, custody or control discussing, evaluating, addressing or otherwise considering the impact of the Sun Microsystems Inc. litigation settlement and the APAC cost sharing arrangement, except for the documents produced in response to IDRs D-1037, D-1049 and IE-2122." A review of these Information Document Request ("IDR") responses reveals that the documents "that discuss, evaluate, address or otherwise consider the impact (or lack thereof) or the relationship (or lack thereof) of the cost sharing arrangement that is part of the APAC Transactions and the patent dispute" consist of a June 29, 2009 memorandum and attachment. No correspondence or contemporaneous documentation was provided by Microsoft. The documents sought may be relevant for evaluating Microsoft's valuation of intangibles at issue in its APAC cost sharing arrangement and its cost sharing of expenses incurred in connection with the patent dispute.

I declare under penalty of perjury that the foregoing is true and correct.

Executed this 24 day of December, 2014.

_____
Eli Hoory
Senior International Advisor

Declaration of Senior International Advisor Eli Hoory
in Support of Petition to Enforce
Internal Revenue Service Summons

**U.S. Department of Justice**
Ben Franklin Station
P.O. Box 683
Washington, D.C. 20044-0683

7

12229101.1