HONORABLE RICARDO S. MARTINEZ

IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>Petitioner,<br><br>v.<br><br>MICROSOFT CORPORATION, et al.,<br><br>Respondents. | NO. 2:15-cv-00102 RSM<br><br>**DECLARATION OF MICHAEL BERNARD IN SUPPORT OF MICROSOFT'S BRIEF REGARDING COMMON DEFENSES TO ENFORCEMENT OF SUMMONSES**<br><br>**NOTED FOR:** November 6, 2015 |
| UNITED STATES OF AMERICA,<br><br>Petitioner,<br><br>v.<br><br>CRAIG J. MUNDIE, et al.,<br><br>Respondents. | NO. 2:15-cv-00103 RSM |

I, Michael J. Bernard, pursuant to 28 U.S.C. § 1746, declare as follows:

1. I am U.S. Tax Counsel for Microsoft Corporation ("Microsoft") and have served in that capacity since the early 1990s. I hold a Bachelor of Science in Business Administration and a Juris Doctor degree from Creighton University. I am an attorney.

DECLARATION OF MICHAEL BERNARD - 1
(Case Nos. 2:15-cv-00102 RSM & 2:15-cv-00103 RSM)

LAW OFFICES
CALFO HARRIGAN LEYH & EAKES LLP
999 THIRD AVENUE, SUITE 4400
SEATTLE, WASHINGTON 98104
TEL (206) 623-1700   FAX (206) 623-8717

2.     I have been directly involved in the Internal Revenue Service ("IRS") audits of Microsoft's tax returns for the years ended June 30, 1990-1991, 1992-1994, 1995-1996, 1997-1999, 2000-2003, and 2004-2006. The 2004-2006 years are at issue in the summons enforcement actions pending before the Court.

3.     I previously submitted two declarations in connection with Microsoft's Motion for an Evidentiary Hearing in this consolidated case. Attached and marked as Exhibit 1 is a true and complete copy of my March 18, 2015, declaration and the accompanying exhibits. I am not including here exhibits B-F because those documents are included as attachments to this declaration, *see* ¶¶ 18-22, Exs. 3-7. Attached and marked as Exhibit 2 is a true and complete copy of my April 23, 2015, declaration and the accompanying exhibits. I affirm that the representations made in my prior declarations were, and remain, true and correct.

4.     The IRS's audit of Microsoft's 2004-2006 taxable years began in January 2007 and has focused on two cost sharing arrangements for the Americas and APAC regions entered into with subsidiaries during the years under audit.

5.     Between January 2007 and May 2011, the IRS issued 77 Information Document Requests ("IDRs") relating to the Americas and APAC cost sharing arrangements and transfer pricing. In response, Microsoft voluntarily produced approximately 8,900 pages of documents and arranged 18 consensual interviews.

6.     On May 3, 2011, the IRS examination team issued to Microsoft a thirty-day letter, which transmitted (i) a Revenue Agent's Report (95 pages of which described the factual and legal support for the proposed Americas and APAC adjustments) and (ii) four expert reports (almost 400 pages of factual, economic, and legal analyses). Microsoft responded by filing a protest brief that challenged the IRS's position.

7.     In October 2011, we learned that a new group within LB&I, Transfer Pricing Operations ("TPO"), intended to conduct additional audit field work for the purpose of the

DECLARATION OF MICHAEL BERNARD - 2
(Case Nos. 2:15-cv-00102 RSM & 2:15-cv-00103 RSM)

LAW OFFICES
CALFO HARRIGAN LEYH & EAKES LLP
999 THIRD AVENUE, SUITE 4400
SEATTLE, WASHINGTON 98104
TEL (206) 623-1700  FAX (206) 623-8717

1  TPO presenting to the IRS Appeals Division a secondary or alternative buy-in valuation to the
2  primary buy-in valuation made in the thirty-day letter. The IRS subsequently issued a letter
3  rescinding the May 3, 2011 thirty-day letter.

4      8.    While continuing to rely on the primary valuation (*see* Paragraph 6 above), the
5  IRS also engaged additional experts, including a new economist, industry specialists and a
6  software engineer, and requested additional documents to develop an alternative valuation.
7  During the extended audit, the IRS provided Microsoft with several audit Timelines. On or
8  about May 30, 2013, the IRS submitted its last Timeline, which was never subsequently
9  updated. The May 30, 2013, Timeline called for the TPO concluding the audit in late-2013 and
10 issuing a new thirty-day letter by April 1, 2014. A true and complete copy of the May 30,
11 2013, Timeline is attached as Exhibit 4 to the Declaration of Daniel Rosen in Support of
12 Microsoft's Brief Regarding Common Defenses to Enforcement of Summons.

13     9.    Between November 17, 2011, and December 31, 2013, the TPO issued an
14 additional 63 IDRs relating to the Americas cost sharing arrangement and transfer pricing. In
15 response, Microsoft voluntarily produced approximately 1.2 million pages of documents and
16 arranged 13 employee interviews.

17     10.    In December 2013, the IRS TPO advised Microsoft that—consistent with its
18 Timeline—the audit work was substantially completed, that it had quantified the alternative
19 valuations, and that it would be producing supporting reports.

20     11.    Microsoft, the IRS, and their counsel met in Washington, D.C. on January 14,
21 2014. At this meeting, the IRS made a formal presentation of its alternative valuation
22 methodology.

23     12.    On February 17, 2014, Bill Sample, Microsoft Global Vice President of Tax,
24 and I spoke with Samuel Maruca, IRS TPO Director, and Eli Hoory, Special Projects Deputy,
25 IRS TPO. Mr. Sample informed the IRS that Microsoft would not pursue settlement and

DECLARATION OF MICHAEL BERNARD - 3
(Case Nos. 2:15-cv-00102 RSM & 2:15-cv-00103 RSM)

LAW OFFICES
CALFO HARRIGAN LEYH & EAKES LLP
999 THIRD AVENUE, SUITE 4400
SEATTLE, WASHINGTON 98104
TEL (206) 623-1700   FAX (206) 623-8717

requested a thirty-day letter terminating the audit. On March 27, 2014, I reiterated to Mr. Hoory Microsoft's position, again indicating that Microsoft would not negotiate a settlement and requesting a thirty-day letter. Microsoft made clear in February and March 2014 that the significant differences in Microsoft's and the IRS's positions—which would not be materially impacted by resolution of the basic mechanical issues—made settlement impossible.

13. During subsequent status calls over the next several months, Mr. Hoory continued to assure me that the IRS would complete the extended field audit by December 31, 2014.

14. On May 12, 2014, Mr. Hoory asked me to arrange several consensual interviews of Microsoft financial personnel for purposes of the IRS TPO wrapping up the field audit.

15. Unbeknownst to Microsoft at the time, the IRS engaged the civil litigation law firm of Quinn Emanuel Urquhart & Sullivan LLP ("Quinn Emanuel") in this case pursuant to a government contract executed on May 19, 2014.

16. In July 2014, the TPO issued 12 additional IDRs increasing the number of requested interviews. By mid-August, we identified a pool of over 50 potential interviewees, from which the TPO identified 29 former or current Microsoft employees for interviews during September/October, 2014.

17. Before resigning as the IRS TPO Director in early August 2014, Mr. Maruca joined Mr. Hoory in a status call with Mr. Sample and me. Mr. Maruca advised us that the IRS would conclude the audit either by issuing a thirty-day letter or designating the case for litigation following the interviews scheduled for September/October, 2014.

18. Attached and marked as Exhibit 3 is a true and complete copy of a letter from Mr. Hoory to me dated August 28, 2014. This letter itemizes the specific individuals whom the TPO intended to interview. The letter also states:

DECLARATION OF MICHAEL BERNARD - 4
(Case Nos. 2:15-cv-00102 RSM & 2:15-cv-00103 RSM)

LAW OFFICES
CALFO HARRIGAN LEYH & EAKES LLP
999 THIRD AVENUE, SUITE 4400
SEATTLE, WASHINGTON 98104
TEL (206) 623-1700   FAX (206) 623-8717

|   |   |
|---|---|
| 1 | To follow up on our discussion on August 28th, in addition to |
| 2 | representatives from the LB&I examination team and IRS counsel, we |
| 3 | likely will have one or more contractors attend, participate and/or listen |
| 4 | in to the interviews. In addition to our economist and industry experts, |
| 5 | this may include **outside counsel** from Quinn Emanuel retained to |
| 6 | assist LB&I in its evaluation and examination of this matter. |

Exhibit 3 at 3 (emphasis added). This letter was the TPO's first disclosure to Microsoft that it had engaged outside counsel. The letter also advised that the TPO's experts and outside counsel (collectively, the "Contractors") would "participate" in the interviews.

19. Attached and marked at Exhibit 4 is a true and complete copy of my letter to Mr. Hoory, dated September 3, 2014. At page 2, I asked "whether Quinn Emanuel has been engaged in an expert capacity or to represent the IRS as trial counsel if this matter proceeds to litigation." I also requested a "complete, unredacted copy of the IRS engagement letter with Quinn Emanuel."

20. Attached and marked as Exhibit 5 is a true and complete copy of Mr. Hoory's letter to me dated September 9, 2014. At page 3, Mr. Hoory stated that "As communicated in prior discussions, the IRS has not yet made a determination on how to process the unagreed issues in the FY04-06 cycle, all options remain open, and you can anticipate a final decision after the interviews scheduled for September and October. Consistent with the procedural status of the audit, QE has not been retained for litigation support. Rather, QE's engagement is currently limited to examination support." At page 4, Mr. Hoory asserted that "[t]he IRS does not have an engagement letter with QE."

21. Microsoft subsequently reviewed the Office of Management & Budget database disclosing government contracts. That database disclosed Contract No. TIRNE-14-C-00013 as a contract between the IRS and Quinn Emanuel for "Professional Expert Witness" services.

DECLARATION OF MICHAEL BERNARD - 5
(Case Nos. 2:15-cv-00102 RSM & 2:15-cv-00103 RSM)

LAW OFFICES
CALFO HARRIGAN LEYH & EAKES LLP
999 THIRD AVENUE, SUITE 4400
SEATTLE, WASHINGTON 98104
TEL (206) 623-1700  FAX (206) 623-8717

1  This contract was executed on May 19, 2014, and had a stated "Obligation Amount" of
2  $2,185,500. Attached and marked as Exhibit 6 is a true and complete copy of my letter to Mr.
3  Hoory, dated September 10, 2014, requesting a copy of Contract No. TIRNE-14-C-00013.

4  22.    Attached and marked as Exhibit 7 is a true and complete copy of Mr. Hoory's
5  letter to me, dated September 10, 2014, and Section C (the Performance Work Statement) from
6  Contract No. TIRNE-14-C-00013. But for Section C, the IRS withheld the contract. Section C
7  refers to Quinn Emanuel's work as "Phase I" or "this phase" and does not mention any other
8  phases. Mr. Hoory represented at page 1 of this letter that "Section C contains the full and
9  unredacted work statement/scope of work for all phases of the contract (the contract has one
10 phase only)." This letter asked us to agree that the Contractors could "fully participate in the
11 interviews, including, but not limited to, asking questions," citing the temporary regulation
12 under 26 U.S.C. § 7602.

13  23.    Microsoft would not agree that the Contractors could "participate fully" in the
14 interviews, but ultimately agreed to allow the interviews to go forward under certain limiting
15 conditions. I consented to the September/October interviews based on Mr. Maruca's and Mr.
16 Hoory's representations that the IRS would conclude its audit after the interviews by the end of
17 2014 and my understanding—based on Mr. Hoory's representations and Section C of the IRS's
18 contract with Quinn Emanuel—that the IRS's contract with Quinn Emanuel did not envision
19 Quinn Emanuel serving as litigation counsel.

20  24.    Instead of closing the audit after the September/October interviews, the IRS
21 issued a designated summons and multiple related summonses to Microsoft and several current
22 and former employees. In my 25 years of experience in corporate tax audits, I am not aware of
23 a single instance in which the IRS had issued a designated summons. Most of the testimonial
24 summonses, which are the subject of this case, were for individuals from whom the IRS, in the
25 prior seven years of the audit, had not previously sought testimony. The summonses also seek

DECLARATION OF MICHAEL BERNARD - 6
(Case Nos. 2:15-cv-00102 RSM & 2:15-cv-00103 RSM)

LAW OFFICES
CALFO HARRIGAN LEYH & EAKES LLP
999 THIRD AVENUE, SUITE 4400
SEATTLE, WASHINGTON 98104
TEL (206) 623-1700   FAX (206) 623-8717

testimony from more senior Microsoft personnel than the IRS had ever sought before in the audit. In addition, unlike any prior interviews during the audit, the IRS seeks to videotape the summons interviews. Most of the requests in the documents summonses sought documents that the IRS had not previously requested from Microsoft.

25. Had I known that the IRS would not close the audit after the September/October interviews and had I known the IRS's contract with Quinn Emanuel contained provisions that 1) bind Quinn Emanuel to participate in four non-severable phases; 2) extend the contract period of performance through 2016, depending on "the litigation schedule of the government" and "the Court's schedule," and 3) require Quinn Emanuel to preserve its ability to serve as special government employees, I would not have consented to the September/October interviews.

\* \* \*

I declare under penalty of perjury that the foregoing is true and correct.

Executed on this 17th day of September, 2015.

MICHAEL J. BERNARD

By *Michael J Bernard*

Microsoft Corporation
U.S. Tax Counsel

DECLARATION OF MICHAEL BERNARD - 7
(Case Nos. 2:15-cv-00102 RSM & 2:15-cv-00103 RSM)

LAW OFFICES
CALFO HARRIGAN LEYH & EAKES LLP
999 THIRD AVENUE, SUITE 4400
SEATTLE, WASHINGTON 98104
TEL (206) 623-1700  FAX (206) 623-8717

# CERTIFICATE OF SERVICE

I hereby certify that on September 18, 2015, I electronically filed the foregoing with the Clerk of the Court using the CM/ECF system which will send notification of such filing to the following:

Hugh F. Bangasser
Hugh.bangasser@klgates.com

Philip S. Beck
Philip.beck@bartlit-beck.com

Sean W. Gallagher
Sean.gallagher@bartlit-beck.com

George E. Greer
ggreer@orrick.com

Jeremy N. Hendon
Jeremy.hendon@usdoj.gov

Amy Matchison
Amy.t.matchison@usdoj.gov

Robert B. Mitchell
Robert.mitchell@klgates.com

James M. O'Brien
James.m.o'brien@bakermckenzie.com

Mirelle R. Oldak
Mireille.oldak@bakermckenzie.com

Brian S. Prestes
brian.prestes@bartlit-beck.com

Daniel A. Rosen
Daniel.rosen@bakermckenzie.com

Stephen M. Rummage
steverummage@dwt.com

Noreene C. Stehlik
noreene.c.stehlik@usdoj.gov

Robert B. Tannenbaum
Robert.tannenbaum@bartlit-beck.com

Phillip J. Taylor
phillip.taylor@bakermckenzie.com

James E. Weaver
james.e.weaver@usdoj.gov

CALFO HARRIGAN LEYH & EAKES LLP

By: _s/ Patricia A. Eakes_
Patricia A. Eakes, WSBA #18888
999 Third Avenue, Suite 4400
Seattle, WA 98104
Tel: (206) 623-1700
Fax: (206) 623-8717
Email: pattye@calfoharrigan.com

*Attorneys for Respondent / Intervenor Microsoft Corporation*

DECLARATION OF MICHAEL BERNARD - 8
(Case Nos. 2:15-cv-00102 RSM & 2:15-cv-00103 RSM)

LAW OFFICES
CALFO HARRIGAN LEYH & EAKES LLP
999 THIRD AVENUE, SUITE 4400
SEATTLE, WASHINGTON 98104
TEL (206) 623-1700   FAX (206) 623-8717