# EXHIBIT 2

THE HONORABLE RICARDO S. MARTINEZ

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>                     Petitioner,<br><br>    vs.<br><br>MICROSOFT CORPORATION, et al.,<br><br>                   Respondents. | NO.  2:15-cv-00102 RSM<br><br>SECOND DECLARATION OF MICHAEL J. BERNARD IN SUPPORT OF MOTION FOR EVIDENTIARY HEARING<br><br>Noted for:  April 24, 2015 |

I, Michael J. Bernard, pursuant to 28 U.S.C. § 1746, declare as follows:

1. I have read the Second Declaration of Senior International Advisor Eli Hoory ("Hoory Sec. Decl.") (Dkt. 40), filed on April 14, 2015.  None of his declarations cause me to modify my original Declaration (Dkt. 37) in support of the pending motion.  In addition, several of his declarations misrepresent, mischaracterize or omit facts, and are addressed below.

2. Relying on Mr. Hoory's two declarations, the IRS claims that the agency has been transparent with Microsoft about retaining Quinn Emanuel.  (United States' Response to Motion for Evidentiary Hearing, at 9-10)  Mr. Hoory, however, does not explain why on

SECOND DECLARATION OF MICHAEL J.
BERNARD IN SUPPORT OF MOTION FOR
EVIDENTIARY HEARING - 1

Case No.:  2:15-cv-00102 RSM

LAW OFFICES
**CALFO HARRIGAN LEYH & EAKES LLP**
999 THIRD AVENUE, 44th FLOOR
SEATTLE, WASHINGTON 98104
TEL  (206) 623-1700    FAX  (206) 623-8717

September 9, 2014, he categorically denied any engagement letter with Quinn Emanuel (Declaration of Michael J. Bernard (Dkt. 37) ("Bernard Decl.") ¶¶ 16-18 and Ex. D), which the United States now mischaracterizes as a "clarification." (United States' Response, at 9) Nowhere in Mr. Hoory's September 9 letter did he "clarify" that the IRS engaged the law firm under a contract rather than an engagement letter. (Bernard Decl. Ex. D) It was only after Microsoft confronted Mr. Hoory with the contract identification number and requested a copy of the complete contract (Bernard Decl. ¶ 20-21), that Mr. Hoory produced the contract's Statement of Work. Mr. Hoory now declares that he produced this excerpt as an "accommodation" to Microsoft given unspecified Internal Revenue Manual procedures, none of which were referenced in Mr. Hoory's contemporaneous letter. (Hoory Sec. Decl. ¶ 89; Bernard Decl. Ex. F)

       3.     Mr. Hoory declares that Microsoft divided "technology" from "non-technology" intangibles in the Americas Cost Sharing Agreement (the "Americas CSA"). ("Hoory Sec. Decl. ¶6) Microsoft never has used the phrase "non-technology intangibles" in the Americas CSA and pricing documentation: the IRS first coined this phrase in presenting its alternative valuation at the January 14, 2014 conference. (Hoory Sec Decl. ¶ 37) As required by Treas. Reg. § 1.482-7A(b)(4)(iv), the Americas CSA defined the scope of the "Covered Intangibles" that were the subject of the cost-sharing arrangement as follows:

> "Covered Intangibles" shall mean and include any and all developments, improvements, inventions, patents, copyrights, rights in and to data and databases, computer programs (in source code and object code form), flow charts, pseudo-code, design and product documentation, formulae, enhancements, updates, translations, adaptions, information, specifications, designs, process technology, manufacturing requirements, quality control standards, know-how and other technical information, and technology-related other intangible property rights arising from or developed as a result of the Research Program, including those items licensed by MECSLLC from third parties (to the extent such third party rights are sub-licensable by MECSLLC), as of

SECOND DECLARATION OF MICHAEL J.
BERNARD IN SUPPORT OF MOTION FOR
EVIDENTIARY HEARING - 2

Case No.: 2:15-cv-00102 RSM

LAW OFFICES
CALFO HARRIGAN LEYH & EAKES LLP
999 THIRD AVENUE, 44th FLOOR
SEATTLE, WASHINGTON 98104
TEL (206) 623-1700    FAX (206) 623-8717

> the effective date of this agreement. By way of clarification, Existing Covered Intangibles does not include any customer or marketing-related intangibles including but not limited to trade names, trademarks, customer lists, marketing programs, marketing databases, marketing systems.

Accordingly, Microsoft included "technology-related" intangibles in the scope of the Americas CSA and excluded "marketing-related" intangibles from the scope of the Americas CSA.

4. Mr. Hoory declares that under the Americas CSA, "Microsoft and MOPR . . . treated MOPR as the economic owner of various rights to technology intangibles used in Microsoft America's retail business." (Hoory Sec. Dec. ¶ 6) Mr. Hoory implies that the parties' "treatment" has no legal significance and is not binding on the IRS. (*See also* Hoory Sec. Decl. ¶¶ 8) As a matter of law, MOPR is deemed to be the economic owner of the cost-shared intangibles for the purpose of earning the income attributable to such intangibles under 26 U.S.C. § 482 resulting from MOPR's production and sale of retail software products. *See* 26 C.F.R. §§ 1.482-4(f)(3)(B) & 2/483-7A-1(b); *Veritas Software Corp. v. Commissioner*, 133 T.C. 297, 323 (2009), non-acq. AOD 2010-005, 2010-49 I.R.B. 1 ("No buy-in payment is required for subsequently-developed intangibles.")

5. Mr. Hoory mischaracterizes MOPR's software product prices as two distinct intercompany transactions--a "technology payment by Microsoft to MOPR" and "standard costs paid by Microsoft to MOPR"--that is, a royalty and a cost reimbursement. (Hoory Sec. Decl. ¶ 9) In fact, Microsoft paid MOPR a product price on Microsoft's purchase of individual items of inventory for resale in the market. This price reflected MOPR's profit return attributable to its use of cost shared intangibles to manufacture products, but it was a product price and not a royalty and cost reimbursement.

6. Mr. Hoory declares that the audit was delayed and additional expert cost incurred because the IRS was "accommodating Microsoft's insistence that its software source be reviewed only at Microsoft's clean room facility in Redmond, Washington." (Hoory Sec.

SECOND DECLARATION OF MICHAEL J.
BERNARD IN SUPPORT OF MOTION FOR
EVIDENTIARY HEARING - 3

Case No.: 2:15-cv-00102 RSM

LAW OFFICES
**CALFO HARRIGAN LEYH & EAKES LLP**
999 THIRD AVENUE, 44th FLOOR
SEATTLE, WASHINGTON 98104
TEL (206) 623-1700   FAX (206) 623-8717

Decl. ¶ 32)  In truth, the IRS was complying with 26 U.S.C. § 7612(c), which directs the IRS to follow special measures to protect a taxpayer's strong proprietary interest in source code.  In this case, the IRS experts wanted access to the source code for Office and other core Microsoft software products.  Under 26 U.S.C. § 7612(c)(2)(B), the IRS was required to review the source code in a clean room facility in Microsoft' place of business in Redmond, Washington.

7.     Mr. Hoory characterizes the IRS' presentation of its alternative valuation as "work to date," erroneously implying that the audit was ongoing in January, 2014.  (Hoory Sec. Decl. ¶ 36)  This characterization is contradicted by the IRS's own audit Timelines (Hoory Sec. Decl., Ex. A, B & C), which call for this presentation to be made after the IRS field audit work and outside experts analyses had been concluded.  His characterization also is contradicted by his contemporaneous representations to me, particularly the following:

A.     Although Paragraph 33 references our July 23, 2013 status call, it omits our discussion of the audit's status.  I specifically asked whether the IRS would be issuing additional IDRs or conducting additional interviews.  Mr. Hoory responded that any additional IDRs would be limited to written confirmation of prior oral statements and the IRS did not plan to conduct additional interviews. Samuel Maruca, Director, Transfer Pricing Operations (the "TPO"), assured us during this call that the IRS still planned to conclude the field audit work and present its alternative valuation position to Microsoft at the end of 2013.

B.     During a December 17, 2013 status call, Mr. Hoory reaffirmed that the IRS intended to rely on its expert Ceteris' original buy-in valuation as its primary position.  Mr. Hoory advised that the IRS would present its alternative valuation model for the Americas CSA at the January 14, 2014 conference.  Mr. Hoory represented that the IRS also would give Microsoft a similar model for the

SECOND DECLARATION OF MICHAEL J.
BERNARD IN SUPPORT OF MOTION FOR
EVIDENTIARY HEARING - 4

Case No.:  2:15-cv-00102 RSM

LAW OFFICES
CALFO HARRIGAN LEYH & EAKES LLP
999 THIRD AVENUE, 44th FLOOR
SEATTLE, WASHINGTON 98104
TEL  (206) 623-1700    FAX  (206) 623-8717

1      APAC cost sharing arrangement (the "APAC CSA") several weeks after the

2      January 2014 meeting.

3    C.    Between January 14, 2014 and May 31, 2014, the IRS issued a total of only four

4      Information Document Requests.  Microsoft responded to these requests.

5      During our status calls during this period, Mr. Hoory continued to represent that

6      the IRS would complete the audit by December 31, 2014.

7    8.    Mr. Hoory implies that Microsoft's refusal to enter into settlement discussions

8 in the first quarter of 2014 and its demand for all of the IRS's expert reports at that time were

9 unreasonable.  (Hoory Sec. Decl. ¶¶ 37-44)  These declarations are misleading in two respects.

10 First, Messrs. Maruca and Hoory insisted the direct negotiations be limited to the parties

11 discussing modifications to the alternative valuation model.  They also refused to discuss the

12 parties' relative litigating hazards under *Veritas* and other 26 U.S.C. § 482 precedent.  Second,

13 the IRS had provided only certain expert reports in support of this model, and given the IRS's

14 restrictions on the scope of such settlement discussions, Microsoft requested the remaining

15 expert reports to evaluate the IRS's support for its valuation.  In light of the IRS's arbitrary

16 conditions on settlement talks and refusal to produce all of the analyses underlying its

17 valuation, I met with Mr. Hoory on March 23, 2014, and advised that Microsoft could not

18 negotiate a resolution of the case under these conditions.

19    9.    Mr. Hoory recites various facts regarding Microsoft's allegedly deficient

20 responses to the IDRs issued on or about July 11, 2014, seeking documents and interviews, as a

21 justification for the IRS's issuance of the "designated" summons on October 30, 2014.  Mr.

22 Hoory's declarations are inaccurate or misleading in the following respects.

23    A.    Mr. Hoory erroneously suggests that Microsoft produced nonresponsive

24      "syndicated research" when the IRS was seeking only Microsoft direct or

25      commissioned market research.  (Hoory Sec. Decl. ¶ 52)  In an email dated

SECOND DECLARATION OF MICHAEL J.
BERNARD IN SUPPORT OF MOTION FOR
EVIDENTIARY HEARING - 5

Case No.:  2:15-cv-00102 RSM

LAW OFFICES
**CALFO HARRIGAN LEYH & EAKES LLP**
999 THIRD AVENUE, 44th FLOOR
SEATTLE, WASHINGTON 98104
TEL  (206) 623-1700   FAX  (206) 623-8717

August 6, 2012 (a true and complete copy is attached and marked as Exhibit A),

Molly Vlahovich, Microsoft's Director, Tax Controversies, expressly cautioned

the IRS that IDR IE2145 and IDR IE2148 would result in the production of

hundreds of thousands of pages of syndicated research, for the purpose of

confirming that the IRS indeed wanted such documents.  In response, Mr. Hoory

directed Ms. Vlahovich to produce the syndicated research documents, about

which he now complains.

B.  Mr. Hoory misleadingly implies that Microsoft's caveating certain IDR

document production with a statement that a response may be supplemented to

the extent additional responsive documents are located is improper.  (Hoory

Sec. Decl. ¶ 53)  Many of the IDR requests were broad in scope, often sought

documents created between 2000 and 2006, and required responses within two

to four weeks.  On or about the due date, Microsoft produced what it had

identified as responsive.  The caveat acknowledged Microsoft's duty to

supplement, and Microsoft did supplement, responses with subsequently located

responsive documents.

C.  Mr. Hoory is critical of certain individuals whom the IRS interviewed during

September and October, 2014, as "not able to speak sufficiently to the time

frame or subject-matter areas at issue."  He gives only a single example,

however, involving a person who was not able to discuss "Microsoft's

relationship and account with some of its largest Partners" as she appeared to

"manage contract paperwork only."  (Hoory Sec. Decl. ¶ 65)  In response to the

July, 2014 IDRs, Microsoft identified for the IRS a pool of 50 employees,

including several former employees.  From this pool, the IRS selected

approximately 30 individuals to interview.  In response to one IDR, Microsoft

SECOND DECLARATION OF MICHAEL J.
BERNARD IN SUPPORT OF MOTION FOR
EVIDENTIARY HEARING - 6

Case No.:  2:15-cv-00102 RSM

LAW OFFICES
CALFO HARRIGAN LEYH & EAKES LLP
999 THIRD AVENUE, 44th FLOOR
SEATTLE, WASHINGTON 98104
TEL  (206) 623-1700    FAX  (206) 623-8717

1  identified both Partner Sales Executives ("PSEs"), who are ultimately

2  responsible for a customer business relationship, and Partner Operations

3  Managers ("POMs"), who are responsible for the contracts with the customer.

4  Ms. Vlahovich disclosed to Mr. Hoory the responsibilities of each job position.

5  Mr. Hoory opted to interview both PSEs and POMs.  He now wrongly declares

6  that Microsoft put forward a POM as an inappropriate witness.

7  D.  Mr. Hoory contrasts the 83 IDRs issued by the TPO during the 2004-2006 audit

8  between July 2012 and October 2014 (i.e., 226 IDRs less 143 IDRs issued prior

9  to July 2012) with the 350 IDRs issued by the IRS during the prior 2000-2003

10  audit, implying that Microsoft's late or incomplete 2004-2006 IDR responses

11  were without justification.  (Hoory Sec. Decl. ¶ 71-74)  This comparison is

12  misleading because Microsoft has had two major IRS audits concurrently in

13  progress since January 2012:  (1) the TPO's extended 2004-2006 audit, and (2)

14  the 2007-2009 audit (358 IDRs).  In addition, a 2012-2013 employment tax

15  audit (43 IDRs) began in December 2013, and an audit of an acquired company

16  Springboard started in May 2014 (34 IDRs), and both remain in progress.

17  Accordingly, at the same time Microsoft was answering the TPO's IDRs, it also

18  was responding to over 425 other IDRs.

19  E.  Mr. Hoory declares that the IRS issued delinquency notices and a pre-summons

20  letter with respect to five IDRs (Nos. IE2009, IE2010, IE2012, IE2016 and

21  IE2018) before issuing the "designated" summons.  (Hoory Sec. Decl. ¶ 73-74)

22  This declaration is misleading in two respects.  First, as set forth in my letter

23  dated September 19, 2014 (a true and complete copy is attached and marked as

24  Exhibit B) in response to the delinquency notices, I advised that the IRS had

25  failed to follow the Large Business and International Directive on IDRs

SECOND DECLARATION OF MICHAEL J.
BERNARD IN SUPPORT OF MOTION FOR
EVIDENTIARY HEARING - 7

Case No.:  2:15-cv-00102 RSM

LAW OFFICES
CALFO HARRIGAN LEYH & EAKES LLP
999 THIRD AVENUE, 44th FLOOR
SEATTLE, WASHINGTON 98104
TEL (206) 623-1700   FAX (206) 623-8717

1    Enforcement Process (Feb. 28, 2014)(a copy of the "Directive" is included in

2    Exhibit B) and should re-issue the IDRs.  The IRS never explained why it did

3    not follow the Directive in this case.  Second, the "designated" and "related"

4    summons propounded over 80 different document requests, far more expansive

5    than the five IDRs that were the subject of the delinquency notices and pre-

6    summons letter (copies of these IDRs also are included in Exhibit B).

7                              *   *   *

8    I declare under penalty of perjury that the foregoing is true and correct.

9    Executed on this 23rd day of April, 2015.

10                                   MICHAEL J. BERNARD

11                                   By /s/ Michael J. Bernard

12
                                     Microsoft Corporation
13                                   U.S. Tax Counsel

14

15

16

17

18

19

20

21

22

23

24

25

SECOND DECLARATION OF MICHAEL J.
BERNARD IN SUPPORT OF MOTION FOR
EVIDENTIARY HEARING - 8

Case No.:  2:15-cv-00102 RSM

LAW OFFICES
CALFO HARRIGAN LEYH & EAKES LLP
999 THIRD AVENUE, 44th FLOOR
SEATTLE, WASHINGTON 98104
TEL  (206) 623-1700   FAX  (206) 623-8717

**CERTIFICATE OF SERVICE**

I hereby certify that on March 18, 2015, I electronically filed the foregoing with the

Clerk of the Court using the CM/ECF system which will send notification of such filing to the

following: Amy Matchison, Jeremy N. Henson, Noreene C. Stehlik and the U.S. Department of

Justice; Daniel A. Rosen, James M. O'Brien and Baker & McKenzie LLP; Robert B. Mitchell,

Hugh Frederick Bangasser and K&L Gates LLP; George E. Greer and Orrick Herrington &

Sutcliffe; Stephen M. Rummage and Davis Wright Tremaine, and I hereby certify that I have

mailed by United States Postal Service the document to the following non CM/ECF

participants: N/A.


_s/ D. Yvette Chambers_
D. Yvette Chambers


SECOND DECLARATION OF MICHAEL J.
BERNARD IN SUPPORT OF MOTION FOR
EVIDENTIARY HEARING - 9

Case No.:  2:15-cv-00102 RSM

# EXHIBIT A

| | |
|---|---|
| **From:** | Molly Vlahovich (TAX) <mollyh@microsoft.com> |
| **Sent:** | Monday, August 06, 2012 2:59 PM |
| **To:** | 'Weibel Paul D' |
| **Cc:** | LeAnn Lujan (TAX) |
| **Subject:** | RE: IDR IE-2145 to IE-2148 |

Hi Paul,

Feel free to forward the email. We need to let the vendor know if we should proceed with processing as soon as possible or we may have an issue with meeting the Aug. 20th deadline.

Thanks.

**From:** Weibel Paul D [mailto:Paul.D.Weibel@irs.gov]
**Sent:** Monday, August 06, 2012 2:49 PM
**To:** Molly Vlahovich (TAX)
**Cc:** LeAnn Lujan (TAX)
**Subject:** RE: IDR IE-2145 to IE-2148

Eli's OCS indicates off-line. I sent Dan Lavassar, Bill McCarthy and Eli an e-mail asking for their availability tomorrow and Wednesday for a conference call. Do you have any objections to my forwarding your e-mail below? Paul

**From:** Molly Vlahovich (TAX) [mailto:mollyh@microsoft.com]
**Sent:** Monday, August 06, 2012 2:21 PM
**To:** Potop-Jackson Cheryl M
**Cc:** LeAnn Lujan (TAX); Michael Bernard (TAX); Weibel Paul D; Kisinger Maureen K
**Subject:** RE: IDR IE-2145 to IE-2148

Adding Maureen. We'll attempt to contact Eli directly.

IDR IE-2145: Item a) requests *any* market research studies commissioned or prepared during the 2000-2009 tax years regarding MSFT brand or one or more of Microsoft products. The business to business market research studies commissioned on MSFT products would come from IDC, Gartner and Forrester (covered in IDR IE-2148). There are business to consumer market research studies conducted that would entail running customer focus groups, surveys, etc., but those would be commissioned or prepared across business groups and there is no central repository to pull from. We do not conduct market research studies around the brand of our products.

IDR IE-2146: Item a) requests brands or marks licensed from third-parties. Marks licensed in are not tracked by our legal group, they're managed out of the business groups. The vast majority of these marks would be commissioned by business groups like Xbox, Bing, etc. These would be extremely difficult to track down.

IDR IE2148: Item 2. requests *all* industry analyst reports in the possession of the taxpayer that were created or published by IDC, Gartner or Forrester on or between 1/1/00 to 12/31/09. We hold an enterprise license subscription from these firms to receive published market research studies related to our products and we were able to pull the reports from archives. We sent the data to our vendor to be processed and they have estimated 800K to 1.1M pages of document production for this request alone.

Please let us know how you would like us to proceed.

Thanks.

---

**From:** Molly Vlahovich (TAX)
**Sent:** Friday, August 03, 2012 5:19 PM
**To:** Potop-Jackson Cheryl M
**Cc:** LeAnn Lujan (TAX); Michael Bernard (TAX); Paul Weibel D
**Subject:** IDR IE-2145 to IE-2148

Hi CP,

We had a conversation with Paul earlier in the week regarding the IDRs IE-2145 to IE-2148. After soliciting the assistance of our external vendor to determine the production volume for just item #2 of IDR IE-2148, we would like to set up a call with all parties involved to discuss further. For that item alone, the vendor has estimated 800K to 1.1M pages of document production. In order to produce the response by the due date of August 20th, we'll need to let the vendor know by this Monday. Please let us know when we can have a call this Monday with the appropriate decision makers.

Thanks.

# EXHIBIT B

Case 2:15-cv-00102-RSM   Document 5-2   Filed 02/28/15   Page 15 of 35

Microsoft Corporation    Tel 425 882 8080
One Microsoft Way        Fax 425 706 7329
Redmond, WA 98052-6399   www.microsoft.com

 Microsoft

September 19, 2014

**Eli Hoory, Esq.**
Special Projects Deputy
Transfer Pricing Operations
Mint Building
901 9th Street, NW
Washington, DC 20220

Re: **Microsoft Corporation and Subsidiaries**

This letter responds to the Information Document Request (IDR) Delinquency Notices ("Notices") issued on September 12, 2014, for IDRs IE-2209, IE-2210, IE-2212, IE-2216 and IE-2218 as attached. The Notices are inappropriate given the fact that neither the IDRs nor the Notices in question were issued in accordance with the attached IRS Large Business and International Directive on IDRs Enforcement Process ("Directive").

The IDRs do not follow Attachment 1 to the IRS Directive as outlined below.

- Item #4 – Ensure the IDR clearly states the issue that is being considered and that the IDR only requests information relevant to the stated issue.

- Item #12 – When determining the response date, ensure that the examiner or specialist commits to a date by which the IDR will be reviewed and a response provided to the taxpayer on whether the information received satisfies the IDR. Note this date on the IDR.

According to Attachment 2 under the IDR Enforcement Process section, IDRs that are issued in compliance with the requirements of Attachment 1 are subject to the Enforcement Process set forth in Attachment 2. Because the IDRs were not issued in compliance with the requirements of Attachment 1, they are not subject to the Enforcement Process outlined in Attachment 2, rendering the Notices ineffective.

We provided the initial responses to IDRs IE-2210, IE-2212 and IE-2218 according to the table below. We received no indication from the IRS as to whether the information received satisfied the IDRs in question until the issuance of the unenforceable Notices on September 12, 2014. We believe the IDR responses fully satisfy the requests.

| TYPE | IDR | IDR SUBJECT | ISSUE DATE | DUE DATE | EXTENDED DUE DATE | RESPONSE DATE | DELINQUENCY NOTICE RECEIVED |
|------|-----|-------------|-----------|----------|-------------------|---------------|------------------------------|
| IE | 2210 | BIF - Documents | 7/11/2014 | 8/1/2014 | 8/11/2014 | 8/12/2014 | 9/12/2014 |
| IE | 2212 | Budgets - Documents | 7/11/2014 | 8/1/2014 | 8/11/2014 | 9/5/2014 | 9/12/2014 |
| IE | 2218 | Open Source Strategy | 7/11/2014 | 8/1/2014 | 8/11/2014 | 8/13/2014 | 9/12/2014 |

As we discussed on Wednesday, September 17, 2014, because the IDRs and the Notices do not comply with the IRS Directive, we request that the IDRs IE-2209, IE-2210, IE-2212, IE-2216 and IE-2218 be reissued and that the IRS proceed with the Enforcement Process as deemed appropriate for these revised IDRs in accordance with the IRS Directive.

We would appreciate your response to this letter by 5:00PM PDT, Monday, September 22, 2014.

Sincerely,

*Michael J Bernard*

Michael J. Bernard
U.S. Tax Counsel

cc:     Walter Choi, IE Team Manager
        Cheryl P. Claybough, Industry Director, CTM
        Sharon R. Porter, Director, IBC
        Kenneth Wood, Acting Director, TPO

Enc.



## Large Business and International Directive
## on Information Document Requests Enforcement Process

February 28, 2014

LB&I Control No: LB&I-04-0214-004
Impacted IRM 4.46.4

| | |
|---|---|
| **MEMORANDUM FOR** | **LB&I Employees** |
| **FROM:** | Heather C. Maloy |
| | Commissioner, Large Business & International Division |
| **SUBJECT:** | Updated Guidance for Examiners on Information Document Requests Enforcement Process |

The Large Business & International (LB&I) Division has issued two Directives relating to Information Document Requests (IDRs); Directive LB&I– 04-0613-004 issued on June 18, 2013 and Directive LB&I-04-1113-009 issued on November 4, 2013 (the "Prior Directives"). These Directives reflect, in part, the best practices applicable to IDRs that are being utilized by LB&I examiners across the Division. This Directive incorporates and supersedes the Prior Directives and provides further clarification of the use of the new IDR processes.

This clarification is necessary to ensure that the procedures governing IDR issuance and enforcement are easily and clearly understood. In addition, it is important to continue to emphasize the importance of both the IRS and taxpayers engaging in robust discussions that include the issue that is the subject matter of an IDR, what information is necessary to evaluate that issue and why, what information the taxpayer has and how long it will take to provide it, and how long it will take the IRS to review the information for completeness and respond to the taxpayer.

Meaningful communication between the IRS and taxpayers in advance of an IDR being issued is essential to provide efficiencies for both parties. For example, the IRS will be better able to manage field specialists, determine reasonable estimated closing dates, and reduce unproductive time waiting for information. Similarly, taxpayers will be better able to manage their tax department resources with focused IDR requests that have reasonable time frames.

It is anticipated that when both the IRS and taxpayers engage in robust, good faith communication in advance of an IDR being issued, enforcement procedures will be needed only infrequently.

Introduction

Over the last several months, all LB&I examiners and specialists should have completed two mandatory training sessions on IDRs, one covers requirements for issuing IDRs and one covers new procedures for enforcing IDRs. This training and the IDR procedures set forth in this Directive are designed to make the IDR process as efficient and transparent as possible. These new procedures should improve our ability to gather information timely and reduce the need to enforce IDRs through summonses.

Planning and Examination Guidance

This Directive incorporates the guidance in the Directive dated June 18, 2013, given to LB&I examiners and specialists to follow when issuing an Information Document Request (IDR) during the information gathering phase of an examination. Attachment 1 to this Directive contains a summary of the Requirements for Issuing IDRs. In addition, this Directive sets forth the enforcement process that must be used when a taxpayer does not timely and completely respond to an IDR that is issued in the manner described in this Directive; that is, an IDR that is issue focused, has been discussed with the taxpayer, and contains a response date that has been discussed with the taxpayer and, in most instances, has also been mutually agreed upon. Attachment 2 to this Directive describes the IDR Enforcement Process.

There is one exception to the requirement that an IDR state an issue. An IDR that is issued at the beginning of an examination that requests basic books and records and general information about a taxpayer's business is not subject to this requirement. All other IDRs must state an issue in compliance with the requirements in Attachment 1.

The new IDR Enforcement Process involves three graduated steps: (1) a Delinquency Notice; (2) a Pre-Summons Letter; and (3) a Summons. This process is mandatory and has no exceptions. It requires LB&I managers at all levels to be actively involved early in the process and ensures that Counsel is prepared to enforce IDRs through the issuance of a Summons when necessary.

If during the discussion of an IDR, a taxpayer indicates that the requested information will not be provided without a Summons, the IDR enforcement procedures do not apply and the IRS should move directly to the issuance of a Summons.

Pursuant to this Directive, the IDR Enforcement Process is effective beginning March 3, 2014. As of that date, the process applies only to IDRs that have been issued in accordance with the requirements contained in Attachment 1. If an IDR does not meet these requirements, it must be reissued to conform to the new requirements including a new response date, at which time the enforcement procedures described in Attachment 2 will apply to that IDR. In addition, to ensure a smooth transition to these new enforcement procedures, examiners and specialists should not issue Delinquency Notices prior to April 3, 2014.

This Directive is not an official pronouncement of law and cannot be used, cited or relied upon as such.

cc:

   Division Counsel, LB&I

## Attachment 1
**LB&I Directive on Information Document Requests (IDRs)**

**Requirements for Issuing IDRs**

IDRs are an important part of the information gathering process during any examination. When issuing IDRs, LB&I examiners and specialists should follow the requirements listed below:

1.   Discuss the issue related to the IDR with the taxpayer.

2.   Discuss how the information requested is related to the issue under consideration and why it is necessary.

3.   After this consultation with the taxpayer, determine what information will ultimately be requested in the IDR.

4.   Ensure the IDR clearly states the issue that is being considered and that the IDR only requests information relevant to the stated issue.  An IDR issued at the beginning of an examination that requests basic books and records and general information about a taxpayer's business is not subject to this requirement 4.  Once this initial IDR has been issued, subsequent IDRs must state an issue in compliance with this requirement 4.

5.   Prepare one IDR for each issue.

6.   Utilize numbers or letters on the IDR for clarity.

7.   Ensure that the IDR is written using clear and concise language.

8.   Ensure that the IDR is customized to the taxpayer or industry.

9.   Provide a draft of the IDR and discuss its contents with the taxpayer.  Generally, this process should be completed within 10 business days.

10.   After this discussion is complete, determine with the taxpayer a reasonable timeframe for a response to the IDR.

11.   If agreement on a response date cannot be reached, the examiner or specialist will set a reasonable response date for the IDR.

12.   When determining the response date, ensure that the examiner or specialist commits to a date by which the IDR will be reviewed and a response provided to the taxpayer on whether the information received satisfies the IDR. Note this date on the IDR.

## Attachment 2
**LB&I Directive on Information Document Requests (IDRs)**

**IDR Enforcement Process**

IDRs that are issued in compliance with the requirements of Attachment 1 are subject to the enforcement process set forth in this Attachment 2.

This process involves three graduated steps: (1) a Delinquency Notice; (2) a Pre-Summons Letter; and (3) a Summons.  This process is mandatory and has no exceptions.  The timing of the application of the Enforcement Process is set forth below in a separate section.

**Extension Authority**

Before the Enforcement Process is triggered, an examiner or specialist has the authority to grant a taxpayer an extension of up to 15 business days before the Enforcement Process begins. This extension may be granted in the following two situations. An examiner or specialist may grant one extension with respect to the same IDR.

1. **Taxpayer Fails to Respond.** If a taxpayer fails to provide any response by the IDR due date, the examiner or specialist, should, within 5 business days of the IDR due date, discuss with the taxpayer the cause of the failure to respond and determine if an extension is warranted. If the examiner or specialist determines that the taxpayer's explanation warrants it, the examiner or specialist may grant the taxpayer an extension of up to 15 business days from the date the extension determination is made and communicated to the taxpayer.
2. **Taxpayer Provides Incomplete Response.** If a response is received but the examiner or specialist determines that it is not complete, the examiner or specialist should discuss with the taxpayer the reasons why the response is not complete and determine within 5 business days whether an extension is warranted. If the examiner or specialist determines that the taxpayer's explanation warrants it, the examiner or specialist may grant the taxpayer an extension of up to 15 business days from the time the extension determination is made and communicated to the taxpayers.

**Timing of application of IDR Enforcement Process**

The timing of the application of the IDR Enforcement Process is set forth below.

**No Response Received by Due Date**

1. If no response is received by the IDR due date and no extension is granted, the IDR enforcement process begins on the date the extension determination is communicated to the taxpayer.
2. If an extension is granted and no response is received by the extended due date, the IDR enforcement process begins as of the extended due date.

**Response Received by Due Date**

If a response is received by the due date, the IRS must determine whether the response is complete. This determination should be made on or before the date the examiner or specialist stated in the IDR.

1. **If the IDR is considered complete upon review**, the examiner or specialist must notify the taxpayer that the IDR is complete and closed.
2. **If the IDR response is not complete**, the timing of the enforcement process is as follows:
    1. **If the IDR response is not complete, and no extension is granted**, the IDR enforcement process begins on the date the extension determination is communicated to the taxpayer.
    2. **If the IDR response is not complete and an extension is granted**
        1. If no additional information is received at the end of the extension period (may be up to 15 business days), the IDR enforcement process begins at the end of the extension period.
        2. If additional information is received at the end of the extension period, this information must be reviewed for completeness. This review should be completed as soon as practical but in most cases not more than 15 business days from receipt of the response. If the IDR response is determined to be incomplete, the IDR enforcement process begins on the date the examiner or specialist notifies the taxpayer that the response remains incomplete. If the IDR is complete, the examiner or specialist should notify the taxpayer and close the IDR.

**IDR Enforcement Process**

The process has three graduated steps: (1) a Delinquency Notice; (2) a Pre-Summons Letter; and (3) a Summons. This process is mandatory and has no exceptions. It requires LB&I managers at all levels to be actively involved early in the process and ensures that Counsel is prepared to enforce IDRs through the issuance of a Summons when necessary.

**Delinquency Notice (Letter 5077)**

Once the IDR Enforcement Process applies based on the timing described in section titled "Timing of application of IDR Enforcement Process," the examiner or specialist along with their manager must complete the first phase of the enforcement process, the Delinquency Notice, by following the procedures described below:

1.    Discuss the Delinquency Notice with the taxpayer. During this discussion, ensure that the taxpayer understands the next steps in the enforcement process if the information requested in the IDR is not provided by the response date established in the Delinquency Notice.

2.    Issue the Delinquency Notice signed by the Team Manager to the taxpayer within 10 days of the application of the Enforcement Process.

3.    The Delinquency Notice should include a response date that is generally no more than 10 business days from the date of the Delinquency Notice. A Territory Manager must approve any date beyond 10 business days.

4.    Provide a copy of the Delinquency Notice and the IDR to your assigned Counsel.

**Pre-Summons Letter (Letter 5078)**

If a taxpayer does not provide a complete response to an IDR by the Delinquency Notice response date, the examiner or specialist must complete the next phase of the enforcement process, the Pre-Summons Letter, by following the procedures described below:

1.     Discuss the lack of a complete response to the Delinquency Notice with the Team Manager, Specialist Manager, the respective Territory Managers and Counsel and prepare the Pre-Summons Letter.

2.     The appropriate Territory Manager must discuss the Pre-Summons Letter with the taxpayer. During this discussion, ensure that the taxpayer understands the next steps in the enforcement process if the information requested in the IDR is not provided by the response date established in the Pre-Summons Letter.

3.     Issue a Pre-Summons Letter signed by the appropriate Territory Manager. This must be done as quickly as possible but generally no later than 10 business days after the due date of the Delinquency Notice.  Address this letter to the taxpayer management official that is at a level equivalent to the LB&I Territory Manager. This should be a level of management above the taxpayer management official that received the Delinquency Notice.

4.     Include a response date in the Pre-Summons Letter that is generally 10 business days from date of Pre-Summons letter.

5.     A Director of Field Operations (DFO) must approve any date beyond the 10 business days response period.

6.     Discuss the Pre-Summons Letter with Counsel.

7.     DFO(s) must be made aware of the Pre-Summons Letter prior to issuance.

**Summons**

If a taxpayer does not provide a complete response to an IDR by the Pre-Summons Letter response date, the examiner or specialist must complete the next phase of the enforcement process, the Summons, by following the procedures described below:

1.     Discuss the lack of response to the Pre-Summons Letter with the Team Manager, Specialist Manager, the respective Territory Managers and DFOs, and Counsel and prepare the Summons.

2.     Coordinate the issuance of the Summons with assigned Counsel.

3.     Summons procedures can be found in IRM Section 25.5.

*Page Last Reviewed or Updated: 28-Feb-2014*

| Form **4564**<br>(Rev. September 2006) | Department of the Treasury - Internal Revenue Service<br>**Information Document Request** | Request Number<br>**IDR IE-2209** | |
|---|---|---|---|

| Name of Taxpayer and Company Division or Branch)<br>Microsoft Corporation & Subs<br>1 Microsoft Way<br>Redmond, Washington 98052 | Subject<br>Americas Transactions Planning (Revised) | |
|---|---|---|
| | SAIN number<br>802-03.01 | Submitted to:<br>Vlahovich, Molly |
| | Dates of Previous Requests *(mm/dd/yyyy)* | |

*Please return Part 2 with listed documents to the requester identified below*

## Americas Transactions Planning

To the extent a request below asks for an individual to be identified, please provide the following information:

1. The individual's full legal name;

2. The title(s) or position(s) the individual held at Microsoft during the period specified in the particular request and, if still employed by Microsoft, currently holds;

3. The individual's office/division/department (or other business unit) at Microsoft during the period specified in the particular request and, if still employed by Microsoft, currently;

4. If the individual is currently employed at Microsoft, state that they are a current employee of Microsoft and provide the individual's business address. If the individual is no longer employed at Microsoft, state that the individual is no longer employed by Microsoft and provide the individual's last known address, last known telephone number and social security number; and

5. State how long the individual has been an employee and/or officer of Microsoft, providing the dates of employment and/or dates of officer status.

The following terms and abbreviations are used herein:

"FY" refers to Microsoft's fiscal and taxable years ended June 30th.

"Americas Transactions" refers to the Americas retail business cost sharing arrangement and/or the pricing of the resulting Americas retail business arrangements between various Microsoft affiliates and Microsoft Operations Puerto Rico, LLC, including, but not limited to, the transactions that were documented in, referenced by or related to the following agreements (both individually and collectively):

| Information due by: 8/01/2014 | | At next appointment ☐     Mail in ☐ | |
|---|---|---|---|
| **From:** | Name and Title of Requester<br>Paul D. Weibel, International Examiner | Employee ID number | Date *(mm/dd/yyyy)*<br>7/11/2014 |
| | Office Location:<br>915 Second Avenue<br>Seattle, Washington 98174 | | Telephone:<br>425-704-3699 |

| Form **4564** (Rev. September 2006) | Department of the Treasury - Internal Revenue Service **Information Document Request** | Request Number IE-2209 |
|---|---|---|

a.    Amended and Restated Agreement for Sharing Research and Development Costs between Microsoft Operations Puerto Rico, LLC ("MOPR"), Microsoft EMEA Cost Share LLC, MOL Corporation ("MOLC") and Microsoft Corporation with a stated effective date of July 1, 2005;

b.    Technology Licensing Agreement between MOLC and MOPR with a stated effective date of June 1, 2005;

c.    Amended and Restated Technology Licensing Agreement between MOLC and MOPR with a stated effective date of July 1, 2005;

d.    Second Amended and Restated Technology Licensing Agreement between MOLC and MOPR with a stated effective date of July 1, 2005;

e.    First Amendment to the Second Amended and Restated Technology Licensing Agreement between MOLC and MOPR with a stated effective date of July 1, 2006;

f.    Distribution Agreement between MOPR and MSLI Latam, Inc. with a stated effective date of July 1, 2005;

g.    Distribution Agreement between MOPR and Microsoft Licensing, GP with a stated effective date of July 1, 2005; and

h.    Distribution Agreement between MOPR and Microsoft Corporation with a stated effective date of July 1, 2005.

"Documents" means all writings, recordings, and photographs, as those terms are defined in Federal Rule of Evidence 1001 and includes all amendments, modifications, addenda, exhibits, schedules, and alterations to such Documents. By way of illustration, but not limitation, Documents includes notes of meetings (handwritten or otherwise), reports, board meeting minutes, committee meeting minutes, resolutions, presentations, letters, advisory opinions, memoranda, and any other similar record.

| Information due by: 8/01/2014 | At next appointment ☐ | Mail in ☐ |
|---|---|---|

| | Name and Title of Requester<br>Paul D. Weibel<br>International Examiner | Employee ID number | Date *(mm/dd/yyyy)*<br><br>7/11/2014 |
|---|---|---|---|
| **From:** | Office Location:<br>915 Second Avenue<br>Seattle, Washington 98174-1009 | | Telephone:<br>425-704-3699 |

| Form **4564** (Rev. September 2006) | Department of the Treasury - Internal Revenue Service **Information Document Request** | Request Number IE-2209 |
|---|---|---|

## Requests

NOTE: We have already received your responses to requests 2-4. We understand you are still working on your response to request #1 in the original version of this IDR. We request that you comply with revised request #1, below. Please also note the clarification of the definition of "Americas Transactions."

1. Provide all Documents that concern, relate to and/or address the objectives, planning and/or implementation of the Americas Transactions, even if contemplated but not ultimately used or relied on by the Taxpayer and/or its representatives. This request does not extend to Documents that are tax accrual work papers. To be clear, this request includes all Documents prepared by the Taxpayer, its employees and/or its representatives, including, but not limited to, all communications, written and/or electronic, by, between or among employees of the Taxpayer and/or its representatives comprising, concerning and/or relating to the Americas Transactions. Taxpayer's "representatives" include, but are not limited to, KPMG and Baker McKenzie. If privilege is asserted with respect to any documents, for each such document, please provide a detailed log identifying the document and its subject matter, the author(s), the intended recipient(s), the date of the document and the specific privilege asserted.

2. Identify the individuals at Microsoft who were directly responsible for the planning and implementation of the Americas Transactions.

3. If individuals from outside of Microsoft were involved in the planning and implementation of the Americas Transactions, for each such individual, provide their name, the entity they worked for, their position, and describe what they did with respect to the planning and implementation of the Americas Transactions.

4. For each of the agreements that constitute the Americas Transaction, listed above, identify the individuals that set the terms and drafted the provisions of the agreement.

| Information due by: 8/01/2014 | | At next appointment ☐ | Mail in ☐ |
|---|---|---|---|
| **From:** | Name and Title of Requester Paul D. Weibel International Examiner | Employee ID number | Date *(mm/dd/yyyy)* 7/11/2014 |
| | Office Location: 915 Second Avenue Seattle, Washington 98174-1009 | | Telephone: 425-704-3699 |



**Department of the Treasury
Internal Revenue Service**
915 - 2nd Avenue
Seattle, WA 98174

Date:
　12 September 2014
Taxpayer ID number:
　91-1144442
Form:
　1120
Tax period(s):
　200406-200606

IDR number:
　IE-2210
IDR date of issue:
　11 July 2014
IDR due date:
　01 August 2014
Person to contact:
　Paul Weibel
Contact telephone number:
　425-704-3699
Employee ID number:
　1000278963

Microsoft Corporation
Molly Vlahovich, Director Tax Controversies
One Microsoft Way
Redmond, WA 98052

### Delinquency Notice

Dear Ms. Vlahovich:

We sent you the enclosed Form 4564, *Information Document Request (IDR),* and you haven't provided us with all of the information we requested by the response date. This letter informs you that your response is delinquent. If you do not fully respond to the IDR by September 26, 2014, you will receive a pre-summons letter.

Send all of the information and documents we requested no later than September 26, 2014. The enclosed IDR shows the information we still haven't received.

If you have questions, please contact the person whose name and telephone number are shown above.

Thank you for your cooperation.

　　　　　　　　　　　　　Sincerely,

　　　　　　　　　　　　　*Walter Choi*

　　　　　　　　　　　　　Walter Choi
　　　　　　　　　　　　　IBC Team Manager

Enclosures:
Form 4564 IE-2210

Letter 5077 (9-2013)
Catalog Number 60771S

| Form **4564** (Rev. September 2006) | Department of the Treasury - Internal Revenue Service **Information Document Request** | Request Number **IDR IE-2210** |
|---|---|---|

| Name of Taxpayer and Company Division or Branch) Microsoft Corporation & Subs 1 Microsoft Way Redmond, Washington 98052 | Subject **Business Investment Funds - Documents** | |
|---|---|---|

| | SAIN number 802-03.01 | Submitted to: Vlahovich, Molly |
|---|---|---|

| | Dates of Previous Requests *(mm/dd/yyyy)* | |
|---|---|---|

Please return Part 2 with listed documents to the requester identified below

## Business Investment Funds - Documents

The following terms and abbreviations are used herein:

"FY" refers to Microsoft's fiscal and taxable years ended June 30th.

"BIF" refers to Microsoft's Business Investment Funds, which function as an enterprise-wide program encompassing initiatives and programs that Business Groups and the Sales, Marketing and Services Group use to provide services to customers and/or partners for free or at a reduced price, which was deployed with partners or customers in the Americas territory.

"Documents" means all writings, recordings, and photographs, as those terms are defined in Federal Rule of Evidence 1001 and includes all amendments, modifications, addenda, exhibits, schedules, and alterations to such Documents. By way of illustration, but not limitation, Documents includes, notes of meetings (handwritten or otherwise), reports, board meeting minutes, committee meeting minutes, resolutions, presentations, letters, advisory opinions, memoranda, and any other similar record.

## Requests

1) Please provide the Document called the "EPG At-A-Glance Business Investment Fund Memo," referenced at page 9 of 15 (MSTP0008836) in the Microsoft Memorandum, dated April 25, 2005, marked with Bates Numbers MSTP0008828 through MSTP0008842. See Amended Response to IDR-IE 2163 (copied of these Bates numbered documents are being provided with this IDR for ease of reference).

2) Please provide the Documents that set forth Microsoft's BIF policies in effect during FY 2000 through FY 2005. If these Documents do not exist for the years requested, please provide BIF policies in effect for the FY closest in time to the FY 2000 through 2005 timeframe for which these Documents do exist.

| Information due by: 8/01/2014 | | At next appointment ☐   Mail in ☐ | |
|---|---|---|---|
| **From:** | Name and Title of Requester Paul D. Weibel, International Examiner | Employee ID number | Date *(mm/dd/yyyy)* 7/11/2014 |
| | Office Location: 915 Second Avenue Seattle, Washington 98174 | | Telephone: 425-704-3699 |



**Department of the Treasury**
**Internal Revenue Service**
915 - 2nd Avenue
Seattle, WA 98174

Date:
  12 September 2014
Taxpayer ID number:
  91-1144442
Form:
  1120
Tax period(s):
  200406-200606

IDR number:
  IE-2212
IDR date of issue:
  11 July 2014
IDR due date:
  12 August 2014
Person to contact:
  Paul Weibel
Contact telephone number:
  425-704-3699
Employee ID number:
  1000278963

Microsoft Corporation
Molly Vlahovich, Director Tax Controversies
One Microsoft Way
Redmond, WA  98052

## Delinquency Notice

Dear  Ms. Vlahovich:

We sent you the enclosed Form 4564, *Information Document Request (IDR)*, and you haven't provided us with all of the information we requested by the response date. This letter informs you that your response is delinquent. If you do not fully respond to the IDR by September 26, 2014, you will receive a pre-summons letter.

Send all of the information and documents we requested no later than September 26, 2014. The enclosed IDR shows the information we still haven't received.

If you have questions, please contact the person whose name and telephone number are shown above.

Thank you for your cooperation.

Sincerely,

*Walter Choi*

Walter Choi
IBC Team Manager

Enclosures:
Form 4564 IE-2212

Letter 5077 (9-2013)
Catalog Number 60771S

| Form **4564** (Rev. September 2006) | Department of the Treasury - Internal Revenue Service **Information Document Request** | Request Number **IDR IE-2212** | |
|---|---|---|---|
| Name of Taxpayer and Company Division or Branch) **Microsoft Corporation & Subs** 1 Microsoft Way Redmond, Washington 98052 | | Subject **Budgets - Documents** | |
| | | SAIN number **802-03.01** | Submitted to: **Vlahovich, Molly** |
| | | Dates of Previous Requests *(mm/dd/yyyy)* | |

*Please return Part 2 with listed documents to the requester identified below*

## R&D, Sales and Marketing Budgets - Documents

To the extent a request below asks for an individual to be identified, please provide the following information:

1.  The individual's full legal name;

2.  The title(s) or position(s) the individual held at Microsoft during the period specified in the particular request and, if still employed by Microsoft, currently holds;

3.  The individual's office/division/department (or other business unit) at Microsoft during the period specified in the particular request and, if still employed by Microsoft, currently;

4.  If the individual is currently employed at Microsoft, state that they are a current employee of Microsoft and provide the individual's business address.  If the individual is no longer employed at Microsoft, state that the individual is no longer employed by Microsoft and provide the individual's last known address, last known telephone number and social security number; and

5.  State how long the individual has been an employee and/or officer of Microsoft, providing the dates of employment and/or dates of officer status.

## Terms and Abbreviations

The following terms and abbreviations are used herein:

"FY" refers to Microsoft's fiscal and taxable years ended June 30th.

"Budget" refers to the Documents that comprise the budget/spending plan/business planning tool used to evaluate and set priorities and approve funding for expenses that support the business activities and functions that are the focus of the request in question.  (Note on Time

| Information due by:  8/12/2014 | | At next appointment ☐       Mail in ☐ | |
|---|---|---|---|
| **From:** | Name and Title of Requester **Paul D. Weibel, International Examiner** | Employee ID number | Date *(mm/dd/yyyy)* **7/11/2014** |
| | Office Location: **915 Second Avenue** **Seattle, Washington 98174** | | Telephone: **425-704-3699** |

| Form **4564** (Rev. September 2006) | Department of the Treasury - Internal Revenue Service **Information Document Request** | Request Number **IE-2212** |
|---|---|---|

Period for Budget: When used in this request, "Budget" refers to the annual Budget for the FY(s) in question except in cases where Microsoft did not prepare an annual FY Budget. If Microsoft did not prepare an annual FY Budget for the subject area that is the focus of the request, "Budget" refers to the longest time frame for which Microsoft did prepare a Budget for that subject area.)

"Documents" means all writings, recordings, and photographs, as those terms are defined in Federal Rule of Evidence 1001 and includes all amendments, modifications, addenda, exhibits, schedules, and alterations to such Documents. By way of illustration, but not limitation, Documents includes, notes of meetings (handwritten or otherwise), reports, board meeting minutes, committee meeting minutes, resolutions, presentations, letters, advisory opinions, memoranda, and any other similar record.

"Business Group" refers, individually, to each of the following business groups, including predecessor business groups:[1] Information Worker, Client, Servers & Tools, and Microsoft Business Solutions.

### Requests

1) Provide the <u>research and development</u> Budgets that were considered and approved at each of the following management levels in FY 2000 through 2006:
   a. At each Business Group level:
   b. At the headquarters level for Microsoft as a whole (i.e., above the Product Groups).
   If the Documents requested do not exist for FY 2000 through 2006, provide the <u>research and development</u> Budget that were considered and approved in the FY closest in time to the FY 2000 through 2006 timeframe for which the Budget Documents exist and also identify the person at the management level in question who was responsible for reviewing and approving that FY's Budget.

---

[1] Predecessor business groups includes the divisions, groups and/or segments described in Microsoft's SEC Forms 10-K, for FY 2000 through FY 2002, as follows: (1) the business divisions for Windows® Platforms segment, the Business Productivity Applications and Developer segment, and the Consumer and Other segment, for FY 2000; and (2) the business groups or operating segments for Desktop and Enterprise Software and Services, Consumer Software, Services, and Devices, Consumer Commerce Investments, and Other for FY 2001 and FY 2002.

| Information due by: 8/12/2014 | | At next appointment ☐ | Mail in ☐ |
|---|---|---|---|
| **From:** | Name and Title of Requester Paul D. Weibel International Examiner | Employee ID number | Date *(mm/dd/yyyy)* 7/11/2014 |
| | Office Location: 915 Second Avenue Seattle, Washington 98174-1009 | | Telephone: 425-704-3699 |

| Form **4564** (Rev. September 2006) | Department of the Treasury - Internal Revenue Service **Information Document Request** | Request Number IE-2212 |
| --- | --- | --- |

2) Provide the <u>sales</u> Budgets that were considered and approved at each of the following management levels in FY 2000 through 2006:
   a. At each Business Group level:
   b. At the headquarters level for Microsoft as a whole (i.e., above the Product Groups).

   If the Documents requested do not exist for FY 2000 through 2006, provide the <u>sales</u> Budget that were considered and approved in the FY closest in time to the FY 2000 through 2006 timeframe for which the Budget Documents exist and also identify the person at the management level in question who was responsible for reviewing and approving that FY's Budget.

3) Provide the <u>marketing</u> Budgets that were considered and approved at each of the following management levels in FY 2000 through 2006:
   a. At each Business Group level:
   b. At the headquarters level for Microsoft as a whole (i.e., above the Product Groups).

   If the Documents requested do not exist for FY 2000 through 2006, provide the <u>marketing</u> Budget that were considered and approved in the FY closest in time to the FY 2000 through 2006 timeframe for which the Budget Documents exist and also identify the person at the management level in question who was responsible for reviewing and approving that FY's Budget.

| Information due by: 8/12/2014 | | At next appointment ☐ | Mail in ☐ |
| --- | --- | --- | --- |
| **From:** | Name and Title of Requester Paul D. Weibel International Examiner | Employee ID number | Date *(mm/dd/yyyy)* 7/11/2014 |
| | Office Location: 915 Second Avenue Seattle, Washington 98174-1009 | | Telephone: 425-704-3699 |



**Department of the Treasury
Internal Revenue Service**
915 - 2nd Avenue
Seattle, WA 98174

**Date:**
  12 September 2014
**Taxpayer ID number:**
  91-1144442
**Form:**
  1120
**Tax period(s):**
  200406-200606

**IDR number:**
  IE-2216
**IDR date of issue:**
  11 July 2014
**IDR due date:**
  01 August 2014
**Person to contact:**
  Paul Weibel
**Contact telephone number:**
  425-704-3699
**Employee ID number:**
  1000278963

Microsoft Corporation
Molly Vlahovich, Director Tax Controversies
One Microsoft Way
Redmond, WA 98052

**Delinquency Notice**

Dear Ms. Vlahovich:

We sent you the enclosed Form 4564, *Information Document Request (IDR),* and you haven't provided us with all of the information we requested by the response date. This letter informs you that your response is delinquent. If you do not fully respond to the IDR by September 26, 2014, you will receive a pre-summons letter.

Send all of the information and documents we requested no later than September 26, 2014. The enclosed IDR shows the information we still haven't received.

If you have questions, please contact the person whose name and telephone number are shown above.

Thank you for your cooperation.

Sincerely,

Walter Choi
IBC Team Manager

Enclosures:
Form 4564 IE-2216

| Form **4564**<br>(Rev. September 2006) | Department of the Treasury - Internal Revenue Service<br>**Information Document Request** | Request Number<br>IDR IE-2216 |
|---|---|---|

| Name of Taxpayer and Company Division or Branch)<br>Microsoft Corporation & Subs<br>1 Microsoft Way<br>Redmond, Washington 98052 | Subject<br>MSPP - Documents | |
|---|---|---|
| | SAIN number<br>802-03.01 | Submitted to:<br>Vlahovich, Molly |
| Please return Part 2 with listed documents to the requester identified below | Dates of Previous Requests *(mm/dd/yyyy)* | |

## Microsoft's Partner Program ("MSPP") - Documents

The following terms and abbreviations are used herein:

"FY" refers to Microsoft's fiscal and taxable years ended June 30th.

"Documents," means all writings, recordings, and photographs, as those terms are defined in Federal Rule of Evidence 1001 and includes all amendments, modifications, addenda, exhibits, schedules, and alterations to such Documents. By way of illustration, but not limitation, Documents includes, notes of meetings (handwritten or otherwise), reports, board meeting minutes, committee meeting minutes, resolutions, presentations, letters, advisory opinions, memoranda, and any other similar record.

"Business Unit" refers to the office, division, department, group or other organizational unit responsible for the subject area that is the focus of the request.

## Requests

1) Provide the Documents called the "Partner Drilldown Memos" listed on page 15 of 15 in Appendix F (MSTP0008842) of the Microsoft Memorandum, dated April 25, 2005, marked with Bates Numbers MSTP0008828 through MSTP0008842. See Amended Response to IDR-IE 2163 (copies of these Bates Numbered documents are being provided with this request for ease of reference).

2) For FY 2000 through 2005, provide Documents for each year reflecting a representative sampling of Partner Solution Plans (formerly known as PROMPT Agreements) entered into with partners covering the Americas territory.

| Information due by: 8/01/2014 | | At next appointment ☐    Mail in ☐ | |
|---|---|---|---|
| **From:** | Name and Title of Requester<br>Paul D. Weibel, International Examiner | Employee ID number | Date *(mm/dd/yyyy)*<br>7/11/2014 |
| | Office Location:<br>915 Second Avenue<br>Seattle, Washington 98174 | | Telephone:<br>425-704-3699 |

**Department of the Treasury
Internal Revenue Service**
IRS
915 - 2nd Avenue
Seattle, WA 98174

Date:
    12 September 2014
Taxpayer ID number:
    91-1144442
Form:
    1120
Tax period(s):
    200406-200606

Microsoft Corporation
Molly Vlahovich, Director Tax Controversies
One Microsoft Way
Redmond, WA 98052

IDR number:
    IE-2218
IDR date of issue:
    11 July 2014
IDR due date:
    01 August 2014
Person to contact:
    Paul Weibel
Contact telephone number:
    425-704-3699
Employee ID number:
    1000278963

**Delinquency Notice**

Dear Ms. Vlahovich:

We sent you the enclosed Form 4564, *Information Document Request (IDR),* and you haven't provided us with all of the information we requested by the response date. This letter informs you that your response is delinquent. If you do not fully respond to the IDR by September 26, 2014, you will receive a pre-summons letter.

Send all of the information and documents we requested no later than September 26, 2014. The enclosed IDR shows the information we still haven't received.

If you have questions, please contact the person whose name and telephone number are shown above.

Thank you for your cooperation.

Sincerely,

Digitally signed by Walter J. Choi, Team Mgr
DN: cn=Walter J. Choi, Team Mgr, o=IRS ou=LB&I IBC Team 1317,
email=walterj.choi@irs.gov, c=US
Date: 2014.09.12 12:31:44 -07'00'

Walter Choi
IBC Team Manager

Enclosures:
Form 4564 IE-2218

Letter 5077 (9-2013)
Catalog Number 60771S

| Form **4564**<br>(Rev. September 2006) | Department of the Treasury - Internal Revenue Service<br>**Information Document Request** | Request Number<br>IDR IE-2218 |
|---|---|---|

| *Name of Taxpayer and Company Division or Branch)*<br>Microsoft Corporation & Subs<br>1 Microsoft Way<br>Redmond, Washington 98052 | Subject<br>Open Source Strategy |
|---|---|

| | SAIN number<br>802-03.01 | Submitted to:<br>Vlahovich, Molly |
|---|---|---|

Dates of Previous Requests *(mm/dd/yyyy)*

*Please return Part 2 with listed documents to the requester identified below*

## Open Source Strategy

To the extent a request below asks for an individual to be identified, please provide the following information:

1. The individual's full legal name;

2. The title(s) or position(s) the individual held at Microsoft during the period specified in the particular request and, if still employed by Microsoft, currently holds;

3. The individual's office/division/department (or other business unit) at Microsoft during the period specified in the particular request and, if still employed by Microsoft, currently;

4. If the individual is currently employed at Microsoft, state that they are a current employee of Microsoft and provide the individual's business address. If the individual is no longer employed at Microsoft, state that the individual is no longer employed by Microsoft and provide the individual's last known address, last known telephone number and social security number; and

5. State how long the individual has been an employee and/or officer of Microsoft, providing the dates of employment and/or dates of officer status.

The following terms and abbreviations are used herein:

"FY" refers to Microsoft's fiscal and taxable years ended June 30th.

"Open Source" refers to software released under the GNU General Public License, BSD License, or similar licenses, such as Linux, Apache, or OpenOffice.

"Documents," means all writings, recordings, and photographs, as those terms are defined in Federal Rule of Evidence 1001 and includes all amendments, modifications, addenda, exhibits,

| Information due by: 8/01/2014 | | At next appointment ☐ | Mail in ☐ |
|---|---|---|---|
| **From:** | Name and Title of Requester<br>Paul D. Weibel, International Examiner | Employee ID number | Date *(mm/dd/yyyy)*<br>7/11/2014 |
| | Office Location:<br>915 Second Avenue<br>Seattle, Washington 98174 | | Telephone:<br>425-704-3699 |

1

| Form **4564**<br>(Rev. September 2006) | Department of the Treasury - Internal Revenue Service<br>**Information Document Request** | Request Number<br>IE-2218 |
|---|---|---|

schedules, and alterations to such Documents.  By way of illustration, but not limitation, Documents includes, notes of meetings (handwritten or otherwise), reports, board meeting minutes, committee meeting minutes, resolutions, presentations, letters, advisory opinions, memoranda, and any other similar record.[1]

**Requests**

1.  Identify, for FY 2003 through 2005, the individual(s) responsible for directing Microsoft's business response to Open Source software competition in the following segments identified at MSCS0046414:

A: Large Organizations

B: Small and Mid-Size Business

C: Application Developers

D: Original Equipment Manufacturers

E: Government

F: Education

G: Support

H: Community

The persons to be identified include, for each issue, the executive sponsor, the 'owner,' and the 'field owner,' or, to the extent the internal position descriptions or segment descriptions changed in the years requested, the equivalent personnel and segments.

2.  Provide the Documents prepared to address the needs identified in the 'Content Gap Analysis' at MSCS0046404.

---

[1] You previously provided certain Bates Numbered Documents related to implementation of Microsoft's strategy for responding to competition from Open Source software and which identify a number of initiatives to be undertaken over the following years. Copies of these Bates numbered documents are being provided in conjunction with this IDR for ease of reference.

| Information due by:  8/01/2014 | | At next appointment ☐ | Mail in ☐ |
|---|---|---|---|
| **From:** | Name and Title of Requester<br>Paul D. Weibel<br>International Examiner | Employee ID number | Date *(mm/dd/yyyy)*<br><br>7/11/2014 |
| | Office Location:<br>915 Second Avenue<br>Seattle, Washington 98174-1009 | | Telephone:<br>425-704-3699 |

Catalog Number 23145K   2   Form **4564** (Rev. 9-2006)

| Form **4564**<br>(Rev. September 2006) | Department of the Treasury - Internal Revenue Service<br>**Information Document Request** | Request Number<br>IE-2218 |
|---|---|---|

Questions 3 through 8 request Documents to the extent they are not already included in the response to question 2.

    3. Provide the Documents prepared for field sales and marketing personnel on responding to Open Source threats in the field discussed at MSCS0046416.

    4. Provide the Documents prepared to address potential governmental actions favoring Open Source software discussed at MSCS0046417.

    5. Provide the Documents relating to the incentive programs for system integrators discussed at MSCS0046411.

    6. Provide the Documents relating to the engagement of public relations firms to debunk myths about Linux and Windows discussed at MSCS0046412.

    7. Provide the Documents relating to winning mindshare and usage of Windows and Microsoft development platforms in academic curricula discussed at MSCS0046410.

    8. Provide the Documents relating to the 'Secure, Connected Infrastructure' Go to Market discussed at MSCS0046397.

Information due by: 8/01/2014      At next appointment ☐    Mail in ☐

From:

Name and Title of Requester
Paul D. Weibel
International Examiner

Employee ID number

Date (mm/dd/yyyy)
7/11/2014

Office Location:
915 Second Avenue
Seattle, Washington 98174-1009

Telephone:
425-704-3699