# EXHIBIT 5



DEPARTMENT OF THE TREASURY
INTERNAL REVENUE SERVICE
WASHINGTON, D.C. 20224

LARGE BUSINESS AND
INTERNATIONAL DIVISION

September 9, 2014

Microsoft Corporation and Subsidiaries
One Microsoft Way
Redmond, WA 98052
ATTN: Michael J. Bernard, U.S. Tax Counsel

SUBJECT: Scheduling of 200406-200606 Examination Interviews

Dear Mike:

This letter is in response to your letter of September 3, 2014, regarding scheduling of examination interviews and our follow-up conversation via phone call on September 5 on the same subject. For ease of reference, I have responded to each of the points raised in your letter in the same order.

Interview Length and Scheduling:

    I appreciate the progress thus far that has been made in scheduling the requested interviews. Based on our phone call, I understand that you have reviewed the requested interviews and estimated interview times set forth in my August 28 letter and that for current employees Company has agreed to accommodate the upper limit of the requested timeframes (notwithstanding the in-progress schedule provided via email on September 5 referring to the lower end of some of our estimated interview time ranges). As discussed, if during one or more of the consensual interviews it becomes apparent that additional time is necessary, the IRS team will request more time from you. We understand that you will consider such requests when made and inform us of whether you consensually grant an extension. I suggest that we also contemplate in advance up to 15 minutes of break time for every 2 hours of scheduled interviews without impacting the time allotted to the interview.

    With respect to scheduling thus far proposed (per the September 5 in-progress schedule), all of the suggested dates and start times proposed thus far are acceptable. As discussed, however, and depending on the timing of responses to outstanding document requests, it is possible that we may have to reschedule David Guenther's interview to permit review of documents prior to his interview.

Also, since my September 3 letter, we have received from Microsoft supplemental responses identifying additional current or former employees in various subject areas. Accordingly, we request that the following be added to the list of requested interviews to be scheduled, if possible for the week of September 22:

| Name | Anticipated Subject Area | Estimate of Time (Hours) |
|---|---|---|
| William Poole | Windows / S&M Budget | 2 |

Interview Location and Arrangements:

On our call, we discussed the Company's stated refusal to provide a speaker phone or other listening device for remote attendees. During our conversation, you explained the rationale for this refusal as follows:

1) Persons who are not in attendance do not need to listen to the interview because they can read the resulting transcript when it is published.
2) Remote attendees asking questions or speaking during the interview may present a distraction for interviewees, who you would prefer be focused on and listening and responding to persons in attendance in the interview room.
3) If remote attendees ask questions or speak, it may be difficult for the court reporter to accurately identify the person on the phone.
4) The Company may not know who is on the phone.
5) If the IRS team wishes to consult with an expert who is not present, the IRS can take a break, call the person from the break out room, and resume the interview with their input.

As discussed, and in response to your concerns, I propose the following procedures:

1) Persons calling in will be identified in writing by the IRS in advance of the interview (just as all persons physically in attendance will be identified in advance by the IRS). Further, the IRS will certify in writing that no IRS personnel or contractors, other than those identified in writing, will attend the interview remotely. In addition, I am prepared to commit now that without your prior consent remote attendees to the September and October consensual interviews will be limited to the experts identified in conjunction with our January 14th presentation to the Company.
2) Persons calling in will be under strict instructions to place their phones on mute and not speak during interviews. If the IRS interview team in attendance wishes to speak with a remote attendee prior to the end of an interview, the IRS interview team will call a break and, consistent with your point outlined in # 5, above, call the remote attendee from the break out room.

The procedures above address your stated concerns. As also discussed, there are a number of additional reasons I ask that you reconsider your position. First, in addition to cost savings, remote attendance eases the challenge of scheduling interviews, as it alleviates that need to have additional persons invest significant non-

2

interview time to travel to Redmond. Second, allowing the experts to listen in real-time time, instead of simply reading the transcript after the fact as suggested, increases the likelihood that questions will be closed out during the course of the interview by facilitating sharing of those questions during breaks. This reduces the chance that significant follow up will be required, minimizing the impact/disturbance on the interviewees' schedules. Finally, we are working with you to consensually schedule these interviews at Redmond per your stated preference. We remain hopeful of reaching an agreement on the consensual interviews with you and avoiding the necessity of conducting summons interviews. Please keep in mind that if we are forced to pursue summons interviews, it will be at the place and time of the IRS's choosing and we will dictate the attendees and the physical and technical accommodations.

Identification of IRS Attendees and Microsoft Representatives:

We will confirm additional attendees, if any, at least 2 business days in advance of the interview in question. At the moment, the following persons are anticipated to be among those attending, in person or remotely, on behalf of the IRS. This list is not exclusive. Moreover, all persons will not attend all interviews.

| IRS LB&I Employees | IRS Counsel | IRS Contractor Personnel |
|---|---|---|
| Walter Choi | Daniel Lavassar | Court Reporter (TBD) |
| Eli Hoory | William McCarthy | Jeremy Andersen (QE) |
| Heather Klein | Robert Ratchford | Daniel Frisch |
| Stephen Otton | Davis Yee | Aaron Goldberg |
| Paul Weibel | | John Gordon (QE) |
| Xu Yu | | Ove Haxthausen |
| | | Chris Kemerer |
| | | Daniel Kusnetzky |
| | | Peter Kuper |
| | | John Quinn (QE) |

Quinn Emanuel:

You have expressed a number of concerns and questions about the IRS's hiring of Quinn Emanuel (QE) to assist in the examination team's evaluation of the issues in the FY04-06 audit. In particular, you have posed a question about the scope of QE's engagement and expressed conflicts concerns based on the fact that QE represents clients in independent matters adverse to Microsoft.

With respect to your question and as stated in my original letter, QE has been hired to assist LB&I in its ongoing evaluation and examination. As communicated in prior discussions, the IRS has not yet made a determination on how to process the unagreed issues in the FY04-06 cycle, all options remain open, and you can anticipate a final decision after the interviews scheduled for September and October. Consistent with the procedural status of the audit, QE has not been retained for litigation support. Rather, QE's engagement is currently limited to examination support.

3

The IRS does not have an engagement letter with QE. QE's scope of work includes and is limited to assisting the IRS in its examination fact finding and providing their expert advice to assist the IRS in evaluating the unagreed issues under examination. It is anticipated that QE's fact-finding assistance and independent evaluation will assist the IRS in making an informed decision among the various options available to Service.

Moving on to your conflicts concerns, although we are not aware of any conflicts or ethics issues that would prevent QE from supporting the IRS examination, I believe we can adequately address your stated concerns. Based on our conversation, I understand that you have two specific concerns. First, that confidential information the QE attorneys have access to by virtue of their support of the IRS examination not be used by QE in other matters. Second, that confidential information that QE attorneys have by virtue of their work on other matters adverse to Microsoft not be used in this matter.

- All of the QE personnel supporting the IRS examination are subject to Section 6103. QE is aware of and has taken steps to comply with Section 6103, specifically safeguarding confidential taxpayer information obtained under their engagement with the IRS so that only authorized QE personnel supporting the IRS examination have access to such confidential taxpayer information.
- None of the QE attorneys or paralegals supporting the IRS examination are assigned to other matters in which QE is currently adverse to Microsoft. Furthermore, QE has taken steps to ensure that QE personnel assigned to the IRS examination are not given access to confidential information from such other matters. Should QE attorneys or paralegals supporting the IRS be asked to work on other matters adverse to Microsoft, we will notify you in advance and give you an opportunity to express your concerns.
- None of the QE attorneys or paralegals supporting the IRS examination have access to Microsoft software within the meaning of Section 7612. If Section 7612 becomes relevant at some point in the future, the IRS will take necessary steps at that time.

I am hopeful that this addresses your concerns with respect to QE. Consistent with the above list of likely interview attendees for one or more interviews, we anticipate having a QE attorney present at some of the interviews. With this in mind, <u>*please advise me no later than close of business this Thursday, September 11*</u> whether Microsoft is complying with the IRS's request that QE be present to support the IRS examination team at interviews (as well as a response to our request, above, for a conference phone with microphone capability). As you are no doubt aware, the IRS is entitled to have contractors hired to support examinations present and participating on examination summons interviews. *See* Treas. Reg. § 301.7602-1T(b)(3).

Interview Conduct

We appreciate Microsoft's interest in safeguarding its rights in the event that this matter might proceed at some point to litigation. That said, these are consensual examination interviews being conducting in lieu of examination summons interviews and

4

it is not our practice to grant blanket waivers or stipulations with respect to such fact finding interviews. With that in mind, if you have concerns about a question at an interview, we invite you to share them with the IRS team conducting the interview and we will do our best to address reasonable concerns. Depending on the volume of concerns raised, it may impact the time necessary to complete interviews.

Documents

As discussed on our call, it is anticipated that the majority of documents will be provided via hardcopy and we will accommodate your request for three (3) copies in such cases. However, as also discussed, there are some documents that are too large or not in a format that facilitates meaningful reference to a hardcopy, for example, pivot table reports that the company has provided in response to various requests. In such cases, we may use the projector to facilitate questions. In cases where the electronic documents are displayed on a projector and are too voluminous or not print-friendly, we will provide you with a CD or DVD with a digital copy of the document(s) in question.

Transcript

The IRS will provide you with a copy of the resulting transcripts and invite interviewees to provide comments should they have corrections or clarifications to offer.

\*   \*   \*

Thank you for your cooperation to date in scheduling the interviews. I look forward to resolving the open items so that we can proceed in as efficient a manner as possible. If you have any questions, please feel free to contact me at (202) 515-4315.

Sincerely,


Eli Hoory
Special Projects Deputy, Transfer Pricing Operations


cc:         Walter Choi, IE Team Manager
            Cheryl P. Claybough, Industry Director, CTM
            Sharon R. Porter, Director, IBC
            Kenneth Wood, Acting Director, TPO

5