HONORABLE RICARDO S. MARTINEZ

IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>Petitioner,<br><br>v.<br><br>MICROSOFT CORPORATION, et al.,<br><br>Respondents. | NO. 2:15-cv-00102 RSM<br><br>DECLARATION OF WILLIAM J. SAMPLE IN SUPPORT OF MICROSOFT'S BRIEF REGARDING COMMON DEFENSES TO ENFORCEMENT OF SUMMONSES<br><br>**NOTED FOR: November 6, 2015** |
| UNITED STATES OF AMERICA,<br><br>Petitioner,<br><br>v.<br><br>CRAIG J. MUNDIE, et al.,<br><br>Respondents. | NO. 2:15-cv-00103 RSM |

I, William J. Sample, pursuant to 28 U.S.C. § 1746, declare as follows:

1. I am the Corporate Vice President, Corporate Worldwide Tax, for Microsoft Corporation ("Microsoft"), a position I have held since 2006. Between 1995 and 2006, I served in various tax positions with Microsoft. Before joining Microsoft, I was the Director of Tax &

DECLARATION OF WILLIAM J. SAMPLE - 1
(Case Nos. 2:15-cv-00102 RSM & 2:15-cv-00103 RSM)

LAW OFFICES
**CALFO HARRIGAN LEYH & EAKES LLP**
999 THIRD AVENUE, SUITE 4400
SEATTLE, WASHINGTON 98104
TEL (206) 623-1700   FAX (206) 623-8717

1  Treasury Services for Lotus Development Corporation. I hold a Bachelor of Economics degree from Harvard University and a Master of Science in Taxation degree from Bentley College. I am a licensed Certified Public Accountant.

2. As the Corporate Vice President World Wide Tax, I have overall responsibility for Microsoft's tax function. Since 2006, I have supervised directly Microsoft's U.S. Tax Counsel Michael Bernard, who is responsible for U.S. income tax audits. He regularly reports to me on the status of audits. I also regularly participate in periodic status calls or conferences with the Internal Revenue Service ("IRS") management personnel.

3. The IRS's audit of Microsoft's 2004-2006 taxable years began in January 2007, eight years ago. Among the transactions reviewed by the IRS were two cost sharing arrangements (the "APAC Cost Sharing Arrangement" and the "Americas Cost Sharing Arrangement"), which Microsoft entered into with foreign affiliates during taxable years 2004 and 2006, respectively.

4. The 2004-2006 audit was conducted by agents and specialists employed by the Large Business and International Division ("LB&I").

5. On May 3, 2011, over three and one-half years ago, the IRS concluded the 2004-2006 field audit and issued a thirty-day letter with its conclusions regarding Microsoft's tax liability. The IRS supported these determinations with agent and expert reports consisting of almost 400 pages of detailed factual, economic and legal analysis.

6. In response to the thirty-day letter, Microsoft filed a Protest Brief on June 29, 2011, and I expected LB&I to forward this dispute to the IRS Appeals Division for consideration of the parties' litigating hazards and potential settlement. That did not happen.

7. In November 2011, I learned that the IRS had reassigned the transfer pricing audit to Transfer Pricing Operations ("TPO"), a new unit created within LB&I run by Samuel Maruca, the TPO Director. Mr. Maruca advised us that the TPO intended to conduct additional

DECLARATION OF WILLIAM J. SAMPLE - 2
(Case Nos. 2:15-cv-00102 RSM & 2:15-cv-00103 RSM)

LAW OFFICES
**CALFO HARRIGAN LEYH & EAKES LLP**
999 THIRD AVENUE, SUITE 4400
SEATTLE, WASHINGTON 98104
TEL (206) 623-1700   FAX (206) 623-8717

field work for the specific purpose of presenting to the IRS Appeals Division an "alternative" position. Mr. Maruca assigned Eli Hoory, a Special Projects Manager in the TPO, to manage Microsoft's extended audit.

8. The TPO and we conducted periodic status calls during the extended audit. Messrs. Hoory and Bernard participated in all these calls. Mr. Maruca and I participated in many of them. In the event I did not participate in a call, Mr. Bernard always briefed me on the call shortly afterwards.

9. On March 13, 2012, Mr. Bernard and I held a status call with Messrs. Maruca, Hoory and Alton White (examination team international manager). Messrs. Maruca and Hoory advised us that the IRS was relying on the valuations determined in the thirty-day letter as the IRS's "primary" position.

10. The IRS provided us with a final audit timeline (dated May 30, 2013), which was never subsequently updated. This timeline, *inter alia,* called for:

- "Requests for any identified and outstanding information needs (IDRs or, if applicable, interviews, etc.)" by September 15, 2013;

- The "O/E [Outside Experts] complet[ing] evaluation and report[ing] results of analysis to IRS" by October 25, 2013;

- The "IRS present[ing] conclusions to Taxpayer" by November 15, 2013; and

- The "Resolution of Issue(s) or Issuance of 30-day Letter" by April 1, 2014.

A true and complete copy of the May 30, 2013 Timeline is attached as Exhibit 4 to the Declaration of Daniel Rosen in Support of Microsoft's Brief Regarding Common Defenses to Enforcement of Summonses.

11. On July 23, 2013, Messrs. Maruca and Hoory and Agent Walter Choi held a periodic status call with us. Mr. Hoory represented to us that the audit field work was winding down, that any additional IDRs would be limited to written confirmation of prior oral

DECLARATION OF WILLIAM J. SAMPLE - 3
(Case Nos. 2:15-cv-00102 RSM & 2:15-cv-00103 RSM)

LAW OFFICES
**CALFO HARRIGAN LEYH & EAKES LLP**
999 THIRD AVENUE, SUITE 4400
SEATTLE, WASHINGTON 98104
TEL (206) 623-1700   FAX (206) 623-8717

1  statements, and that the IRS did not plan to conduct additional interviews. Mr. Maruca

2  represented to us that the IRS still planned to conclude field work and present its alternative

3  position to Microsoft at the end of 2013.

4    12. Due to the Federal government shut down in late 2013, the IRS and we agreed

5  the IRS would present its conclusions on January 14, 2014, just a couple of months after the

6  November 2013 date specified for the meeting in the May 30, 2013, timeline.

7    13. In November 2013, the IRS requested that Microsoft extend the statute of

8  limitations from June 30, 2014, to December 31, 2014, and presented me with an IRS Form

9  872 (Consent to Extend the Time to Assess Tax) memorializing the requested extension. I am

10 the corporate officer responsible for executing any Form 872 requested by the IRS. Because

11 the Form 872 grants the IRS an extension of time beyond the general statute of limitations to

12 assess additional tax against Microsoft, I critically review each extension request. I advised the

13 IRS that I would not execute this extension Form 872 until after the IRS presentation in

14 January 2014.

15   14. During a December 17, 2013, status call, Mr. Hoory reaffirmed that the IRS

16 would continue to rely on the valuation detailed in the May 2011 thirty-day letter and

17 supporting reports as its primary position and would present its alternative valuations for the

18 Americas Cost Sharing Arrangement at the January 2014 conference. Mr. Hoory also told us

19 he would give us an alternative valuation model for the APAC Cost Sharing Arrangement

20 within several weeks after the January meeting.

21   15. Based on the plain language of the May 30, 2013, audit timeline and the TPO's

22 oral representations, I understood that the IRS had completed its analysis and was presenting

23 its alternative valuation to us on January 14, 2014.

24   16. I attended the January 14, 2004, meeting in Washington, D.C. The IRS team

25 consisted of Mr. Maruca, Mr. Hoory, Thomas Vidano (Deputy Division Counsel, LB&I),

DECLARATION OF WILLIAM J. SAMPLE - 4
(Case Nos. 2:15-cv-00102 RSM & 2:15-cv-00103 RSM)

LAW OFFICES
CALFO HARRIGAN LEYH & EAKES LLP
999 THIRD AVENUE, SUITE 4400
SEATTLE, WASHINGTON 98104
TEL (206) 623-1700   FAX (206) 623-8717

Robert Ratchford (LB&I Special Trial Attorney), and two members of the LB&I examination team.  Mr. Hoory presented the IRS's alternative valuations.

17.     At the January 2014 presentation, Messrs. Maruca and Hoory urged Microsoft to enter into direct settlement negotiations with them before the case would proceed to the IRS Appeals Division. Their request was presaged in the IRS's May 30, 2013, audit timeline, which envisioned a couple of months for a "Dialogue with Taxpayer on Issues--Determine if Room for Resolution." Messrs. Maruca and Hoory insisted, however, that the direct negotiations be limited to the parties' discussing modifications to the TPO's buy-in/pricing valuation model. They refused to discuss the parties' relative litigating hazards under *VERITAS Software Corp. v. Commissioner*, 133 T.C. 297 (2009) *non-acq'd*, AOD 2010-005, 2010-49 I.R.B. 1, and other 26 U.S.C. § 482 precedent. I found the TPO's restrictions on the scope of the direct settlement discussions unreasonable, but initially authorized Mr. Bernard to explore negotiations with Mr. Hoory.

18.     In mid-February 2014, Mr. Bernard and I participated in a conference call with Messrs. Maruca and Hoory. I informed the IRS that Microsoft would not pursue settlement and requested a thirty-day letter terminating the audit.

19.     Based on my understanding that the IRS had completed its analysis, as envisioned by the IRS audit timeline and as orally represented to us by Messrs. Maruca and Hoory, and that the audit would be brought to a close by the end of 2014, I agreed to extend the statute of limitations until December 31, 2014, and executed the corresponding Form 872 on February 28, 2014. Attached as Exhibit 1 is a true and complete copy of the Form 872 I signed on February 28, 2014.

20.     Mr. Bernard and Mr. Hoory had several calls between January and March, but we continued to be frustrated by the IRS's restrictions on the items eligible for negotiation. I had Mr. Bernard meet with Mr. Hoory in Washington, D.C. on March 27, 2014, to (a) advise

DECLARATION OF WILLIAM J. SAMPLE - 5
(Case Nos. 2:15-cv-00102 RSM & 2:15-cv-00103 RSM)

LAW OFFICES
**CALFO HARRIGAN LEYH & EAKES LLP**
999 THIRD AVENUE, SUITE 4400
SEATTLE, WASHINGTON 98104
TEL (206) 623-1700   FAX (206) 623-8717

Mr. Hoory that Microsoft would not negotiate a settlement given the IRS's limitations on the direct settlement discussions, and (b) ask Mr. Hoory to complete the audit during 2014 and forward the case to the IRS Appeals Division for settlement consideration. While Microsoft and the IRS discussed basic mechanical issues relating to the IRS's valuation methodology for the next few months, Microsoft did not participate in any negotiations to settle the audit after March 27th.

21. I was not aware that the IRS had had any interactions with Quinn Emanuel Urquhart & Sullivan, LLP regarding the audit until the IRS disclosed on August 28, 2014, that it had retained Quinn Emanuel as outside counsel. In January, 2015, I first learned the IRS's contract with Quinn Emanuel contained provisions that 1) bind Quinn Emanuel to participate in four non-severable phases; 2) extend the contract period of performance through 2016, depending on "the litigation schedule of the government" and "the Court's schedule," and 3) require Quinn Emanuel to preserve its ability to serve as special government employees in a trial of this case.

22. Had I known that the IRS had had discussions with Quinn Emanuel regarding retaining trial lawyers in connection with the audit, I would not have agreed to extend the statute of limitations on February 28, 2014.

\* \* \*

I declare under penalty of perjury that the foregoing is true and correct.

Executed on this 1⁄th day of September, 2015.

WILLIAM J. SAMPLE

By /s/ WJS

Microsoft Corporation
Corporate Vice President Worldwide Tax

DECLARATION OF WILLIAM J. SAMPLE - 6
(Case Nos. 2:15-cv-00102 RSM & 2:15-cv-00103 RSM)

LAW OFFICES
CALFO HARRIGAN LEYH & EAKES LLP
999 THIRD AVENUE, SUITE 4400
SEATTLE, WASHINGTON 98104
TEL (206) 623-1700   FAX (206) 623-8717

# CERTIFICATE OF SERVICE

I hereby certify that on September 18, 2015, I electronically filed the foregoing with the Clerk of the Court using the CM/ECF system which will send notification of such filing to the following:

| | |
|---|---|
| Hugh F. Bangasser<br>Hugh.bangasser@klgates.com | Mirelle R. Oldak<br>Mireille.oldak@bakermckenzie.com |
| Philip S. Beck<br>Philip.beck@bartlit-beck.com | Brian S. Prestes<br>brian.prestes@bartlit-beck.com |
| Sean W. Gallagher<br>Sean.gallagher@bartlit-beck.com | Daniel A. Rosen<br>Daniel.rosen@bakermckenzie.com |
| George E. Greer<br>ggreer@orrick.com | Stephen M. Rummage<br>steverummage@dwt.com |
| Jeremy N. Hendon<br>Jeremy.hendon@usdoj.gov | Noreene C. Stehlik<br>noreene.c.stehlik@usdoj.gov |
| Amy Matchison<br>Amy.t.matchison@usdoj.gov | Robert B. Tannenbaum<br>Robert.tannenbaum@bartlit-beck.com |
| Robert B. Mitchell<br>Robert.mitchell@klgates.com | Phillip J. Taylor<br>phillip.taylor@bakermckenzie.com |
| James M. O'Brien<br>James.m.o'brien@bakermckenzie.com | James E. Weaver<br>james.e.weaver@usdoj.gov |

CALFO HARRIGAN LEYH & EAKES LLP

By:   *s/ Patricia A. Eakes*
    Patricia A. Eakes, WSBA #18888
    999 Third Avenue, Suite 4400
    Seattle, WA  98104
    Tel:  (206) 623-1700
    Fax:  (206) 623-8717
    Email:  pattye@calfoharrigan.com

*Attorneys for Respondent / Intervenor Microsoft Corporation*

DECLARATION OF WILLIAM J. SAMPLE - 7
(Case Nos. 2:15-cv-00102 RSM & 2:15-cv-00103 RSM)

LAW OFFICES
**CALFO HARRIGAN LEYH & EAKES LLP**
999 THIRD AVENUE, SUITE 4400
SEATTLE, WASHINGTON 98104
TEL (206) 623-1700   FAX (206) 623-8717