The Honorable Ricardo S. Martinez

IN THE UNITED STATES DISTRICT COURT FOR THE
WESTERN DISTRICT OF WASHINGTON

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | Case No. 2:15-cv-00102 RSM |
| Petitioner, | ) | |
| | ) | **DECLARATION OF IRS SENIOR** |
| v. | ) | **INTERNATIONAL ADVISOR ELI** |
| | ) | **HOORY IN SUPPORT OF UNITED** |
| MICROSOFT CORPORATION, *et al*. | ) | **STATES' RESPONSE TO** |
| | ) | **MICROSOFT'S BRIEF REGARDING** |
| Respondents. | ) | **PRIVILEGED DOCUMENTS STILL** |
| | ) | **IN DISPUTE** |
| UNITED STATES OF AMERICA, | ) | |
| Petitioner, | ) | Case No. 2:15-cv-00103-RSM |
| | ) | |
| v. | ) | |
| | ) | |
| CRAIG J. MUNDIE, *et al*. | ) | |
| | ) | |
| Respondents. | ) | |

I, Eli Hoory, pursuant to 28 U.S.C. § 1746, declare as follows:

1.      I am a Senior International Advisor in Treaty and Transfer Pricing Operations

Declaration of Senior International Advisor
Eli Hoory

**U.S. Department of Justice**
Ben Franklin Station
P.O. Box 683
Washington, D.C. 20044-0683

1

14490235.1

1  ("TTPO"), a unit in the Large Business & International Division (LB&I) of the Internal Revenue

2  Service ("IRS").

3      2.      I submit this declaration in support of the United States' Response to Microsoft's

4  Brief Regarding Privileged Documents Still in Dispute.

5      3.      The IRS is conducting an examination of the federal income tax liabilities of

6  Microsoft Corporation and Subsidiaries ("Microsoft") for the taxable years ending June 30,

7  2004, June 30, 2005, and June 30, 2006 (the "2004-2006 Examination" or "Examination").

8      4.      The IRS has not determined the amount of deficiencies with respect to

9  Microsoft's 2004-2006 tax years.  The IRS has not issued a statutory notice of deficiency with

10  respect to Microsoft's 2004-2006 tax years.  Microsoft has not filed a Tax Court petition.

11      5.      The facts set forth in the paragraphs below are based on my work for TTPO with

12  respect to the 2004-2006 Examination.  This includes my review of documents produced by

13  Microsoft, KPMG LLP ("KPMG") and Ernst & Young ("EY") during the Examination, my

14  review of documents the IRS created in connection with the Examination, my attendance at

15  meetings and calls with Microsoft tax personnel and at interviews of Microsoft employees, and

16  discussions with IRS staff and experts whom the IRS has retained to support the Examination.

17      6.      It is my understanding that, as of July 1, 2005, Microsoft Operations Puerto Rico,

18  LLC ("MOPR") purported to acquire certain technology rights to Microsoft software products,

19  including flagship Windows and Microsoft Office software products, sold through retail channels

20  in the Americas region of the world.  MOPR purported to obtain these rights, including

21  reproduction and distribution rights, through execution of a Technology License Agreement

22  ("TLA") with a Nevada-based affiliate of Microsoft called MOL Corporation ("MOLC").  The

23  Declaration of Senior International Advisor            **U.S. Department of Justice**
Eli Hoory                                   **Ben Franklin Station**
                                            **P.O. Box 683**
                                          **Washington, D.C. 20044-0683**

14490235.1

1  first TLA between MOPR and MOLC was signed on or about May 31, 2005, with an effective

2  date of June 1, 2005.  The TLA was apparently later amended and restated on or about June 30,

3  2005 to be effective as of July 1, 2005, and it was again amended on November 18, 2005 and

4  then again on June 28, 2006.  The pricing in the TLA changed with each successive version.

5         7.      Although the TLA purported to license to MOPR an ability to create "derivative

6  works" of Microsoft products, that license grant was limited to works that responded to "the

7  particular needs of each MOPR customer," and it is my understanding the MOPR's only

8  customers during the relevant time period were Microsoft and certain related Microsoft entities

9  incorporated or formed in the United States ("U.S. Affiliated Distributors").

10         8.      Because the TLA expressly excluded all "customer or marketing-related

11  intangibles," such as the Microsoft name or related trade names and trademarks, it is my

12  understanding that MOPR had no independent ability to distribute Microsoft products in the

13  Americas.  Instead, MOPR was dependent on distribution agreements with U.S. Affiliated

14  Distributors before MOPR could "distribute" the very Microsoft software products it was

15  purportedly licensed to distribute.

16         9.      Under the TLA (as amended on or about November 18, 2005), MOPR was to pay

17  MOLC a buy-in royalty computed as a percentage of "allocable revenue" from sales of Microsoft

18  products by the U.S. Affiliated Distributors on a sliding scale, starting at 44.23% for the first

19  year, and then falling to 21.72% for the ensuing four years, and then 2.56% for four additional

20  years.  By the later amendment dated June 28, 2006, this buy-in sliding scale was changed and

21  accelerated, specifying higher royalties in the second and third years, followed by reduced

22  royalties in later years.

23  Declaration of Senior International Advisor             **U.S. Department of Justice**
    Eli Hoory                                       Ben Franklin Station
                                                      P.O. Box 683
                                                      Washington, D.C. 20044-0683

14490235.1

1    10.    I understand that, as of July 1, 2005, MOPR entered into Distribution Agreements

2    with U.S. Affiliated Distributors of Microsoft, with each U.S. Affiliated Distributor licensing

3    Microsoft's trademarks to MOPR, but only for the limited purpose of reproducing copies of

4    Microsoft's software products for delivery to the same U.S. Affiliated Distributor.  The

5    agreements typically had a term of one year, with renewal options.  The first Distribution

6    Agreements were signed in May 2005, with an effective date of June 1, 2005, then amended to

7    become effective as of July 1, 2005, and then terminated on or about November 11, 2005.  New

8    Distribution Agreements, also effective July 1, 2005, were entered into, apparently replacing the

9    agreements that were terminated in November 2005.   The pricing in the Distribution

10   Agreements changed between the versions terminated in November 2005 and the new

11   agreements that apparently replaced them.

12    11.    Under Distribution Agreements in effect from July 1, 2005 through June 30, 2006

13   (the agreements that apparently replaced the versions terminated in November 2005), MOPR

14   received a sales price equal to its "standard cost," plus 53.68% percent of revenues obtained by

15   the U.S. Affiliated Distributors for the Microsoft software products sold.  Prior versions of the

16   Distribution agreements did not specify a sales price, instead providing that MOPR would

17   receive "an arm's-length amount as negotiated . . . from time to time."

18    12.    I understand that, as of July 1, 2005, MOPR also entered into a Research

19   Agreement (a cost sharing arrangement) with affiliates of Microsoft, whereby MOPR purported

20   to obtain certain rights in future technology and became obligated to share in certain future

21   research costs associated with that technology.  But as was the case with respect to the TLA,

22   MOPR did not obtain rights to any customer or marketing intangibles, such as Microsoft's name

23   Declaration of Senior International Advisor            **U.S. Department of Justice**
     Eli Hoory                                             Ben Franklin Station
                                                           P.O. Box 683
                                                           Washington, D.C. 20044-0683

4

14490235.1

1  or related trade names, leaving MOPR unable to distribute Microsoft software products outside

2  of Distribution Agreements with the U.S. Affiliated Distributors.

3      13.     I understand that professionals with KPMG collaborated closely with Microsoft

4  employees in modeling the prices set in the above agreements so that, after June 30, 2007, the

5  anticipated inflows of funds to MOPR under Distribution Agreements would substantially

6  exceed anticipated outflows of funds to MOLC or other Microsoft affiliates under the TLA and

7  the Research Agreement.  As reflected in the KPMG pricing model (as finalized in February

8  2007), MOPR expected excess of inflows expressed in as a percentage of expected Americas

9  retail business revenues were as follows for the initial ten year period starting July 1, 2005:

| Fiscal Year | Expected Inflow Payments to MOPR from U.S. Affiliated Distributors | | Expected Outflow Payments by MOPR under Arrangement | | Net Expected Inflows (Outflows) To (From) MOPR. |
|---|---|---|---|---|---|
| | Technology Transfer Price Royalty | Routine Return for Puerto Rico COGS | Buy-In Royalty | R&D Cost Sharing Payments | |
| 2006 | 53.68% | 1.30% | 44.23% | 11.90% | (1.15%) |
| 2007 | 53.15% | 1.30% | 41.67% | 11.90% | 0.88% |
| 2008 | 52.82% | 1.30% | 33.16% | 11.90% | 9.06% |
| 2009 | 52.71% | 1.30% | 9.38% | 11.90% | 32.73% |
| 2010 | 52.70% | 1.30% | 3.49% | 11.90% | 38.61% |
| 2011 | 52.72% | 1.30% | 2.56% | 11.90% | 39.56% |
| 2012 | 52.72% | 1.30% | 2.56% | 11.90% | 39.56% |
| 2013 | 52.73% | 1.30% | 2.56% | 11.90% | 39.57% |
| 2014 | 52.73% | 1.30% | 2.56% | 11.90% | 39.57% |
| 2015 | 50.93% | 1.30% | 0.00% | 11.90% | 40.33% |

Declaration of Senior International Advisor
Eli Hoory

U.S. Department of Justice
Ben Franklin Station
P.O. Box 683
Washington, D.C. 20044-0683

5

14490235.1

1     14.     Microsoft retained Duff & Phelps to value MOPR in connection with Microsoft's

2  financial reporting of its restructuring.  Using projections supplied by Microsoft (and used by

3  KPMG in the KPMG pricing model), Duff & Phelps valued MOPR at approximately $30.4

4  billion, on account of the anticipated excess of cash inflows over outflows under the agreements

5  described above.  The Duff & Phelps valuation is dated as of April 2006, but effectively the

6  valuation is as of the start of the fiscal year (July 1, 2005) because it uses the same technology

7  transfer price royalty revenue, buy-in royalty revenue, and R&D cost sharing payment

8  projections as the KPMG model from July 1, 2005 through the end of the overlapping time

9  period addressed in both the KPMG model and Duff & Phelps valuation.  These projections and

10  the Duff and Phelps valuation imply that MOPR was enriched by $30.4 billion in a single day:

11  July 1, 2005.  A copy of the Duff and Phelps valuation, provided to the IRS by Microsoft during

12  the Examination, is attached as **Exhibit 45**.  It appears that the Duff & Phelps valuation may

13  have understated the actual value of MOPR as of 2006 because Duff & Phelps assumed that

14  MOPR would likely shut down as soon MOPR's 2006-2020 tax holiday was scheduled to end.

15     15.     Based on my review of information gathered thus far in the Examination, it

16  appears that the transfer of rights under the TLA and Research Agreement may have been

17  illusory in nature, serving no material economic purpose except to shift income to Puerto Rico

18  for tax purposes, given the nature of the rights and obligations set out in the agreements between

19  MOPR and Microsoft (and Microsoft's affiliates).  This is especially so in light of the "round

20  trip" nature of the arrangement.  By that I mean that Microsoft's retail software products were

21  primarily created in the United States, and under the MOPR arrangement described above, the

22  products were primarily sold to customers in the United States by the U.S. Affiliated

23  Declaration of Senior International Advisor                     **U.S. Department of Justice**
Eli Hoory                                                       Ben Franklin Station
P.O. Box 683
Washington, D.C. 20044-0683

1    Distributors.  The Microsoft products left the country only for a reproduction operation that

2    Microsoft and KPMG considered "routine," yet sales revenues generated inside the United States

3    by Microsoft's United States affiliates were materially shifted outside of the United States for tax

4    purposes.

5          16.      I understand that, through a grant negotiated with the government of Puerto Rico,

6    MOPR received a tax holiday and paid income tax to Puerto Rico on earnings from sale of

7    Microsoft products in the Americas at a reduced rate of between 0% and 2%, depending on the

8    type of product sold.

9          17.      As reflected in an Intercompany Cash Management and Payables Netting Services

10    Agreement signed on or about May 31, 2005, I understand that Microsoft contemplated that

11    MOPR would "loan" back the funds it received from U.S. Affiliated Distributors to a Microsoft

12    affiliate called Microsoft Global Finance Limited, an Irish company residing in Bermuda.  I

13    understand that income from such loans would be taxed by Puerto Rico at 2%.

14          18.      I understand that the TLA and Research Agreement had unusual provisions that

15    would be triggered if buy-in royalties under the TLA were increased by 300% or more, on

16    account of, for example, an IRS adjustment or judicial order.  Under the Research Agreement,

17    cost share payments would be reversed and paid back to MOPR, and the licensed technology

18    rights would revert to the original owner.  The TLA terms would also be modified to reflect an

19    "arm's length royalty rate" for the licensed technology.

20          19.      I understand that the financial modeling underlying the pricing reflected in the

21    TLA and Distribution Agreements assigns a relative weight to the value of non-routine

22    intangible property (technology) transferred to MOPR of approximately 78%, and, by contrast,

23    Declaration of Senior International Advisor                 **U.S. Department of Justice**
       Eli Hoory                                             **Ben Franklin Station**
                                                               **P.O. Box 683**
                                                            **Washington, D.C. 20044-0683**

14490235.1

1  assigns a relative weight to the value of non-routine intangible property (customer and

2  trademarks intangibles) not transferred to MOPR of approximately 22%. This technology/non-

3  technology weighting varies substantially from earlier weighting assigned in earlier Microsoft

4  agreements for other regions of the world.

5      20.     When this unreasonable technology/non-technology weighting (resulting in an

6  over-allocation of sales revenue to MOPR where it is not subject to U.S. income tax) is

7  combined with other suspect assumptions modeled by KPMG and Microsoft (such as assigning

8  an unreasonably short life-span to the software technology transferred to MOPR through the

9  TLA, resulting in truncated "buy-in" flow of royalties from MOPR to MOLC), as well as

10  considerations referred to above, it would appear that the Americas Transaction was designed

11  and implemented for the purpose of avoiding tax.

12      21.     Effective April 3, 2004, Microsoft and its Asian affiliate, Microsoft Asia Island

13  Limited, a Bermuda corporation (MAIL), entered into a cost sharing arrangement covering

14  Microsoft products, including flagship Windows and Microsoft Office software products, sold

15  through retail channels in the Asia-Pacific region of the world (the "APAC cost sharing

16  arrangement"). As part of the arrangement, Microsoft entered into a Technology License

17  Agreement with MAIL to transfer all of its intangible property rights in the APAC retail

18  channel—*both* technology rights and non-technology rights—to MAIL. The APAC Technology

19  License Agreement purported to compensate Microsoft for all of the rights it transferred through

20  a buy-in royalty payable by MAIL to Microsoft. EY worked closely with Microsoft to set the

21  pricing of the APAC buy-in royalty.

22      22.     It is my understanding that Microsoft's APAC buy-in royalty calculation was

23  Declaration of Senior International Advisor            **U.S. Department of Justice**
Eli Hoory                                       Ben Franklin Station
P.O. Box 683
Washington, D.C. 20044-0683

8

14490235.1

1  based, in part, on the premise that approximately 96 percent of non-technology intangibles at

2  issue in the APAC cost sharing arrangement were not owned by Microsoft immediately prior to

3  April 3, 2004, but instead were owned by a Microsoft subsidiary incorporated in Singapore.

4  Although Microsoft was the registered owner of most trademarks in the APAC region, the

5  modeling used to derive a buy-in price for MAIL assumed that Microsoft owned only about four

6  percent of non-technology intangibles (including trademarks) for the APAC retail channel.

7  Because the model assumed that Microsoft's ownership of non-technology intangibles was

8  relatively small (4%)—despite Microsoft being the registered owner of most trademarks for the

9  Asia region—the buy-in royalty payable by MAIL to Microsoft was significantly less than it

10  would have otherwise been if more non-technology intangibles had been attributed to Microsoft.

11        23.     I understand that Microsoft's claim of 4% ownership with respect to Asia-Pacific

12  marketing intangibles just prior to entering the APAC Cost Sharing arrangement may be based

13  on (1) a significant reorganization in 1999 involving Microsoft and its Japanese affiliates; (2) the

14  creation of a subsidiary in Singapore that began operations on or about January 1999; and (3)

15  Microsoft's characterization of subsequent APAC retail operations between January 1999 and

16  April 2, 2004.  I understand that the accounting firm of Arthur Andersen assisted Microsoft with

17  the 1999 reorganization.

18        24.     I understand that Kevin Fay, who was a Senior Attorney at Microsoft during the

19  time period at issue, was also the Director of MAIL.

20        25.     During the course of discussions with Microsoft and Microsoft's counsel

21  concerning collection of electronically stored information responsive to outstanding summons

22  requests, the IRS proposed a list of custodians whose records would be searched by Microsoft in

23  Declaration of Senior International Advisor          **U.S. Department of Justice**
Eli Hoory                            **Ben Franklin Station**
                                          **P.O. Box 683**
                                        **Washington, D.C. 20044-0683**

14490235.1

1    order to locate electronically stored information responsive to the summonses.  The proposed

2    custodians included Michael Boyle (Microsoft Corporate Vice President and Tax Counsel during

3    the tax years under audit) and Christopher Liddell (Microsoft Senior Vice President and Chief

4    Financial Officer during some of the years under audit).  Microsoft and its counsel subsequently

5    informed the IRS that it had no records for either proposed custodian.

6        26.    I attach as **Exhibit 1** a copy of an email from Charles Ha, counsel for KPMG, to

7    me dated November 13, 2014.

8        27.    I attach as **Exhibit 2** a letter dated November 13, 2014 that was attached to the

9    email identified above as Exhibit 1.

10       28.    I attach as **Exhibit 3** a privilege log attached as Exhibit B to the letter identified

11   above as Exhibit 2.

12       29.    I attach as **Exhibit 4** a copy of an email from Charles Ha, counsel for KPMG, to

13   me dated March 30, 2015.

14       30.    I attach as **Exhibit 5** a letter dated March 30, 2015 that was attached to the email

15   identified above as Exhibit 4.

16       31.    I attach as **Exhibit 6** a privilege log attached to the letter identified above as

17   Exhibit 5.

18       32.    I attach as **Exhibit 7** a copy of a document obtained from Microsoft through the

19   Examination that appears to constitute an email from Hoon Kim to Glenn Cogswell dated August

20   27, 2003, along with attachments to that email.  The Bates range for this document is

21   MSTP1253444-61.  The page with the Bates number MSTP1253445 is an excel spreadsheet;

22   however, I have simply included a marker for that page.

23   Declaration of Senior International Advisor          U.S. Department of Justice
     Eli Hoory                                            Ben Franklin Station
                                                          P.O. Box 683
                                                          Washington, D.C. 20044-0683

14490235.1

33.     I attach as **Exhibit 8** a copy of a document obtained from KPMG through the examination that appears to constitute an email dated July 21, 2004 with an attached slide presentation.  The Bates range for this document is KPMG_MS IRS 0022035-53.

34.     I attach as **Exhibit 9** a copy of a document obtained from KPMG through the Examination that appears to constitute an email chain, with the top email in the chain reflecting a date of August 4, 2004.  The Bates range for this document is KPMG_MS IRS 0009683-85.  I attach an excerpt of the document consisting of page KPMG_MS IRS 0009683.

35.     I attach as **Exhibit 10** a copy of a document obtained from KPMG through the Examination that appears to constitute an email chain, with the top email in the chain reflecting a date of August 4, 2004.  The Bates range for this document is KPMG_MS IRS 0009663-66.

36.     I attach as **Exhibit 11** a copy of a document obtained from KPMG through the Examination that appears to constitute an email chain, with the top email in the chain reflecting a date of December 10, 2004.  The Bates number for this document is KPMG_MS IRS 0009726.

37.     I attach as **Exhibit 12** a copy of a document obtained from KPMG through the Examination that appears to constitute an email dated December 21, 2004 with an attached slide presentation.  The Bates range for this document is KPMG_MS IRS 0022072-86.

38.     I attach as **Exhibit 13** a copy of a document obtained from KPMG through the Examination that appears to constitute an engagement letter dated August 31, 2004.  The Bates range for this document is KPMG_MS IRS 0002798-811.

39.     I attach as **Exhibit 14** a copy of a document obtained from KPMG through the Examination that appears to constitute an email chain, with the top email in the chain reflecting a date of November 8, 2004.  The Bates range for this document is KPMG_MS IRS 0015778-80.

Declaration of Senior International Advisor                    U.S. Department of Justice
Eli Hoory                                                       Ben Franklin Station
                                                                P.O. Box 683
                                                                Washington, D.C. 20044-0683

14490235.1

40. I attach as **Exhibit 15** a copy of a document obtained from KPMG through the Examination that appears to constitute an email chain, with the top email in the chain reflecting a date of February 8, 2005. The Bates number for this document is KPMG_MS IRS 0020854.

41. I attach as **Exhibit 16** a copy of a document obtained from KPMG through the Examination that appears to constitute a draft work plan for the Americas Cost Share Project. The Bates range for this document is KPMG_MS IRS 0006878-81.

42. I attach as **Exhibit 17** a copy of a document obtained from KPMG through the Examination that appears to constitute an email dated January 26, 2005, with four spreadsheets attached. The Bates range for the full document is KPMG_MS IRS 0010053-57. I have not attached all of the spreadsheets. Instead, I have attached certain excerpted portions of spreadsheets with Bates numbers KPMG_MS IRS 0010054 and KPMG_MS IRS 0010057.

43. I attach as **Exhibit 18** a copy of a document obtained from KPMG through the Examination that appears to constitute an email dated December 17, 2004, with two spreadsheets attached. The Bates range for the full document is KPMG_MS IRS 0010041-43. I have not attached all of the spreadsheets. Instead, I have attached certain excerpted portions of the spreadsheet with Bates number KPMG_MS IRS 0010042.

44. I attach as **Exhibit 19** a copy of a document obtained from KPMG through the Examination that appears to constitute an email dated October 11, 2005, with two documents attached. The Bates number for this document is KPMG_MS IRS 0015406-08. One of the attachments is a spreadsheet, which has been printed out.

45. I attach as **Exhibit 20** a copy of a document obtained from KPMG through the Examination that appears to constitute an email chain, with the top email in the chain reflecting a

Declaration of Senior International Advisor
Eli Hoory

U.S. Department of Justice
Ben Franklin Station
P.O. Box 683
Washington, D.C. 20044-0683

12

14490235.1

1  date of March 28, 2005. The Bates range for this document is KPMG_MS IRS 0019734-35.

2      46.    I attach as **Exhibit 21** a copy of a document obtained from Microsoft through the

3  Examination that appears to constitute an email dated April 12, 2005, with an attached

4  document. The Bates range for this document is MSTP1495396-418.

5      47.    I attach as **Exhibit 22** a copy of a document obtained from KPMG through the

6  Examination that is entitled Microsoft Pre-Planning Meeting with a date of March 31, 2005. The

7  Bates range for this document is KPMG_MS IRS 0015151-52.

8      48.    I attach as **Exhibit 23** a copy of a document obtained from KPMG through the

9  Examination that is entitled Microsoft Planning Meeting, Puerto Rico Manufacturing Project

10  with a date of March 29, 2005. The Bates range for this document is KPMG_MS IRS 0016283-

11  88.

12      49.    I attach as **Exhibit 24** a copy of a document obtained from KPMG through the

13  Examination that is entitled Microsoft – Puerto Rico Cost Sharing Structure with a date of

14  April 1, 2005. The Bates range for this document is KPMG_MS IRS 0006539-44.

15      50.    I attach as **Exhibit 25** a copy of a document obtained from KPMG through the

16  Examination that is appears to be an engagement letter dated April 29, 2005. The Bates range

17  for this document is KPMG_MS IRS 0004806-17.

18      51.    I attach as **Exhibit 26** a copy of a document obtained from KPMG through the

19  Examination that appears to constitute an email chain, with the top email in the chain reflecting a

20  date of March 9, 2005. The Bates range for this document is KPMG_MS IRS 0008099-8110.

21      52.    I attach as **Exhibit 27** a copy of a document obtained from KPMG through the

22  Examination that appears to constitute an email dated May 10, 2005, with an attached document.

23  Declaration of Senior International Advisor                    **U.S. Department of Justice**
   Eli Hoory                                                       Ben Franklin Station
                                                                   P.O. Box 683
                                                                   Washington, D.C. 20044-0683

14490235.1

1    The Bates range for this document is KPMG_MS IRS 0021861-73.

2    53.    I attach as **Exhibit 28** a copy of a document obtained from KPMG through the

3 Examination that appears to constitute an email dated May 12, 2005, with an attached document.

4 The Bates range for this document is KPMG_MS IRS 0022685-97.

5    54.    I attach as **Exhibit 29** a copy of a document obtained from KPMG through the

6 Examination that appears to constitute an email dated April 26, 2005, with an attached

7 document. The Bates range for this document is KPMG_MS IRS 0003554-65.

8    55.    I attach as **Exhibit 30** a copy of a document obtained from KPMG through the

9 Examination that appears to constitute an email dated April 29, 2005, with attachments, one of

10 which is an excel spreadsheet that has been printed out. The Bates range for this document is

11 KPMG_MS IRS 0023315-25.

12    56.    I attach as **Exhibit 31** a copy of a document obtained from KPMG through the

13 Examination that appears to constitute an email chain, with the top email in the chain reflecting a

14 date of April 25, 2006. The Bates range for this document is KPMG_MS IRS 0021205-06.

15    57.    I attach as **Exhibit 32** a copy of a document obtained from KPMG through the

16 Examination that appears to constitute an email dated February 1, 2006, with a "zip" attachment,

17 that, from the sequence of Bates numbers and contents of those documents, appears to include a

18 process narrative document, followed by a process flow diagram, followed by an excel

19 spreadsheet, which has been printed out. The Bates range for this document is KPMG_MS IRS

20 0009459-72.

21    58.    I attach as **Exhibit 33** a copy of a document obtained from KPMG through the

22 Examination that appears to constitute an email chain, with the top email in the chain reflecting a

23 Declaration of Senior International Advisor        **U.S. Department of Justice**
Eli Hoory                                  **Ben Franklin Station**
                                                **P.O. Box 683**
                                                **Washington, D.C. 20044-0683**

14490235.1

1    date of April 11, 2006. The Bates range for this document is KPMG_MS IRS 0023073-76.

2           59.    I attach as **Exhibit 34** a copy of a document obtained from KPMG through the

3    Examination that appears to constitute an email dated February 2, 2006, with two attachments.

4    One of the attachments is an excel spreadsheet which has been printed out. The Bates range for

5    this document is KPMG_MS IRS 0009646-48.

6           60.    I attach as **Exhibit 35** a copy of a document obtained from KPMG through the

7    Examination that appears to constitute a meeting agenda with a date of May 8, 2006. The Bates

8    range for this document is KPMG_MS IRS 0023397-408.

9           61.    I attach as **Exhibit 36** a copy of a document obtained from KPMG through the

10   Examination that appears to constitute an email dated September 27, 2005. The Bates number

11   for this document is KPMG_MS IRS 0010917.

12          62.    I attach as **Exhibit 37** a copy of a document obtained from KPMG through the

13   Examination that appears to constitute an email dated February 16, 2006, with an attachment.

14   The Bates range for this document is KPMG_MS IRS 0019270-71.

15          63.    I attach as **Exhibit 38** a copy of a document obtained from KPMG through the

16   Examination that appears to constitute an email dated September 27, 2005, with an attached draft

17   memorandum. The Bates range for this document is KPMG_MS IRS 0010677-702.

18          64.    I attach as **Exhibit 39** a copy of a document obtained from Microsoft through the

19   Examination that appears to constitute an email chain, with the top email in the chain reflecting a

20   date of September 13, 2005. The Bates range for this document is MSTP9013402-03.

21          65.    I attach as **Exhibit 40** a copy of a document obtained from KPMG through the

22   Examination that appears to constitute an email chain, with the top email in the chain reflecting a

23   Declaration of Senior International Advisor                    **U.S. Department of Justice**
     Eli Hoory                                                      Ben Franklin Station
                                                                    P.O. Box 683
                                                                    Washington, D.C. 20044-0683

14490235.1

1   date of November 16, 2005.  The Bates range for this document is KPMG_MS IRS 0014869-72.

2   The top email appears to attach a Word document.  I have not attached the Word document.

3        66.     I attach as **Exhibit 41** a copy of a document obtained from KPMG through the

4   Examination that appears to constitute a draft memorandum.  The Bates range for this document

5   is KPMG_MS IRS 0003049-55.

6        67.     I attach as **Exhibit 42** a copy of a document obtained from KPMG through the

7   Examination that appears to constitute an email chain, with the top email in the chain reflecting a

8   date of April 22, 2005.  The Bates range for this document is KPMG_MS IRS 0008184-86.

9        68.     I attach as **Exhibit 43** a copy of a document obtained from KPMG through the

10   Examination that appears to constitute an email chain, with the top email in the chain reflecting a

11   date of May 13, 2005.  The Bates range for this document is KPMG_MS IRS 0007846-47.

12        69.     I attach as **Exhibit 44** a copy of a document obtained from KPMG through the

13   Examination that appears to constitute an email chain, with the top email in the chain reflecting a

14   date of September 2, 2005.  The Bates range for this document is KPMG_MS IRS 0022356-59.

15        70.     As noted above, I attach as **Exhibit 45** a copy of a Duff and Phelps report

16   document obtained from Microsoft through the Examination.  The document is a copy of Exhibit

17   15 submitted into evidence at an evidentiary hearing in this case on August 25, 2015.  The

18   redactions were made in advance of that hearing by counsel for Microsoft.

19        71.     I attach as **Exhibit 46** a copy of a document obtained from Microsoft through the

20   Examination that appears to constitute an Annual Performance Review for 2006 of an individual

21   with the job title of Vice President, MS Operations.  The Bates range for this document is

22   MSTP1524045-55.  I attach an excerpt from the document consisting of pages MSTP1524045

23   Declaration of Senior International Advisor          **U.S. Department of Justice**
      Eli Hoory                                   Ben Franklin Station
                                                     P.O. Box 683
                                                     Washington, D.C. 20044-0683

14490235.1

1   and MSTP1524048.  The attached pages contain redactions.

2       72.    I attach as **Exhibit 47** a copy of a document obtained from KPMG through the

3   Examination that appears to constitute an email dated January 2, 2007.  The Bates number for

4   this document is KPMG_MS IRS 0004819.

5       73.    I attach as **Exhibit 48** a copy of a document obtained from KPMG through the

6   Examination that appears to constitute a memorandum dated February 24, 2007.  The Bates

7   number for this document is KPMG_MS IRS 0000263-72.

8       74.    I attach as **Exhibit 49** a copy of a document obtained from KPMG through the

9   Examination that appears to constitute an email dated October 25, 2005, with three attached

10  excel spreadsheets.  The Bates range for the full document is KPMG_MS IRS 0003930-33.  I

11  have not attached all of the spreadsheets.  Instead, I have attached certain excerpted portions of

12  the spreadsheet with Bates number KPMG_MS IRS 0003931.

13      75.    I attach as **Exhibit 50** a copy of a document obtained from Ernst & Young

14  through the Examination that appears to constitute a memorandum dated April 8, 1999.  The

15  Bates range for this document is EY-MC-WP-APAC-001140-58.

16      76.    I attach as **Exhibit 51** a copy of a document obtained from Microsoft through the

17  Examination that appears to constitute an email dated December 4, 2003, with attachments.  The

18  Bates range for this document is MSTP1253319-51.

19      77.    I attach as **Exhibit 52** a copy of a document obtained from KPMG through the

20  Examination that appears to constitute an email dated April 18, 2007.  The Bates number for this

21  document is KPMG_MS IRS 0021642.

22      78.    I attach as **Exhibit 53** a copy of a document obtained from KPMG through the

23  Declaration of Senior International Advisor        **U.S. Department of Justice**
Eli Hoory        Ben Franklin Station
P.O. Box 683
Washington, D.C. 20044-0683

14490235.1

1  Examination that appears to constitute an email dated April 20, 2007.  The Bates number for this

2  document is KPMG_MS IRS 0021646-49.

3       79.    I attach as **Exhibit 54** a copy of a document obtained from KPMG through the

4  Examination that appears to constitute an email chain with the top email in the chain dated

5  January 11, 2006, with an attached excel spreadsheet and, apparently, a text file.  The Bates

6  number for this document is KPMG_MS IRS 0004017-19.  The attached excel spreadsheet has

7  been printed out.  I have not attached the text file, whatever it may be.

8       80.    I attach as **Exhibit 55** a copy of a document obtained from KPMG through the

9  Examination that appears to constitute an email chain with the top email in the chain dated

10  March 2, 2005.  The Bates range for this document is KPMG_MS IRS 0020842-43.

11       81.    I attach as **Exhibit 56** a copy of a document obtained from KPMG through the

12  Examination that appears to constitute an email chain, with the top email in the chain reflecting a

13  date of October 21, 2005.  The Bates range for this document is KPMG_MS IRS 0003934-41.  I

14  attach an excerpt from the document, consisting of page KPMG_MS IRS 0003934.

15       82.    I attach as **Exhibit 57** a copy of a document obtained from KPMG through the

16  Examination that appears to constitute an email chain, with the top email in the chain reflecting a

17  date of January 21, 2005.  The Bates range for this document is KPMG_MS IRS 0023296-97.

18       83.    I attach as **Exhibit 58** a copy of a document obtained from KPMG through the

19  Examination that appears to constitute an email chain, with the top email in the chain reflecting a

20  date of March 30, 2005, and with an attachment entitled MS Puerto Rico Restructuring -- "Early

21  Adoption" & Continued Sec. 936 Credit.  The Bates range for this document is KPMG_MS IRS

22  0008272-91.

23  Declaration of Senior International Advisor        **U.S. Department of Justice**
    Eli Hoory                                Ben Franklin Station
                                                  P.O. Box 683
                                                  Washington, D.C. 20044-0683

14490235.1

I declare under penalty of perjury that the foregoing is true and correct.

Executed this 12 day of October, 2016.

Eli Hoory
Senior International Advisor

Declaration of Senior International Advisor
Eli Hoory

**U.S. Department of Justice**
Ben Franklin Station
P.O. Box 683
Washington, D.C. 20044-0683

19

14490235.1