UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

| | |
|---|---|
| UNITED STATES OF AMERICA, | Case No. C15-102RSM |
| Petitioner, | ORDER DENYING MOTIONS FOR LEAVE TO FILE AMICUS BRIEFS |
| v. | |
| MICROSOFT CORPORATION, et al., | |
| Respondents. | |

This matter comes before the Court on Motions for leave to participate as *amicus curiae* filed by: the Chamber of Commerce of the United States of America (the "Chamber"), Dkt. #152; the Software Finance and Tax Executives Council, National Foreign Trade Council, Financial Executives, Information Technology Industry Council and National Association of Manufacturers (together, the "Amici Group 1"), Dkt. #155; and the Silicon Valley Tax Directors Group, the Semiconductor Industry Association, the Computing Technology Industry Association, the Information Technology Industry Council, and TechNet (together, the "Amici Group 2"), Dkt. #165.

On September 7, 2016, the Court entered a Stipulation setting page limits and a revised briefing schedule for "Briefing Specific Production Requests Still in Dispute." *See* Dkt. #137. This Order allows Microsoft and the Government 24 pages each for briefing, with Microsoft

ORDER DENYING MOTIONS FOR LEAVE TO FILE AMICUS BRIEFS - 1

1
2
3
granted an additional 12 pages on Reply. *Id.* at 3. Microsoft's opening brief was due on September 12, 2016, and the Government was granted 30 days to respond, with Microsoft granted 15 days to reply. *See* Dkt. #137.

4
5
6
7
8
On September 12, 2016, Microsoft filed its opening Brief Regarding Privileged Documents Still in Dispute. Dkt. #140. 30 days later, the Government filed its Response. Dkt. #147. The instant Motions for leave to file amicus briefs were filed two weeks later. Microsoft opposes none of these amicus briefs; they are all opposed by the Government.

9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28
The Chamber, Amici Group 1, and Amici Group 2 each filed their respective Motions on the same day, October 27, 2016. Dkts. #152, #155, #165. These Motions are brought "[p]ursuant to Federal Rule of Civil Procedure 7(b)," under the Court's "inherent authority," or at the Court's "broad discretion." *See id.* The Chamber argues that "[t]he issues and policy implications of this case are deeply concerning to the Chamber and its members, and the Chamber is uniquely situated to address the government's arguments." Dkt. #152 at 4. Amici Group 1 argues that they can offer additional important viewpoints on the matter and that "the United States advocates for an interpretation of the term 'promotion' in Code section 7525(b)(2) that is so broad and overreaching that, if accepted, it would cause a chilling effect and vitiate the open and candid communications that need to occur so taxpayers can obtain accurate tax advice…" Dkt. #155 at 3. Amici Group 2 argues that they have an interest in the outcome of this case because they have member companies that "frequently seek tax legal advice regarding cost sharing and related tax legal issues… [and] rely on the tax practitioner privilege of Internal Revenue Code § 7525…" Dkt. #165 at 3. Amici Group 2 argues that they "have reviewed the briefs filed to date in this case and believe the Court would benefit from [their] perspective on the complexity of cost sharing arrangements and U.S. international tax

ORDER DENYING MOTIONS FOR LEAVE TO FILE AMICUS BRIEFS - 2

1
2
rules, and the crucial role the tax practitioner privilege plays in enabling technology companies

to obtain effective assistance from their tax advisors." *Id*. at 3-4.

3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28
On November 7, 2016, the Government filed a single Response to all three Motions.

The Government argues that the proposed amicus briefs, "together totaling 36 pages, serve no

purpose other than to bolster positions taken by Microsoft and KPMG, and, when combined

with the Microsoft and KPMG filings, effectively sidestep the page limits to which Microsoft

stipulated for this round of briefing." Dkt. #179 at 1. The Government argues that the parties

have so far conformed to the strict page limits set forth by the Court, *supra*, but that this was at

the exclusion of more detailed analysis and that the Government has more to say in oral

argument. *Id*. at 2. The Government argues that the amicus briefs "advocate for positions

asserted by Microsoft," and have a "divide-and-conquer strategy that implies some

coordination among the filers." *Id*. at 2-3. The effect of this is to "expand the page limits for

advocacy in support of Microsoft's privilege claims by thirty-six pages." *Id*. at 3. The

Government, like the proposed amici, acknowledges that "Ninth Circuit precedent affords a

federal district court 'broad discretion' to permit amici briefing. *Id.* (citing, *inter alia*,

*Microsoft Corp. v. United States Dept. of Justice*, No. C16-0538JLR. 2016 WL 4506808, at *9

(W.D. Wash. Aug. 29, 2016)). The Government argues that "[i]n evaluating the utility of amici

brief, the Court has considered in the past the following two factors: (1) whether the amici have

'unique information' or a unique perspective regarding an issue; or (2) whether the legal issues

involved have potential ramifications beyond the parties directly involved. *Id*. at 4 (citing

*Skokomish Indian Tribe v. Goldmark*, No. C13–5071JLR, 2013 WL 5720053, at *1 (W.D.

Wash. Oct. 21, 2013)). The Government first argues that "no 'unique' information unavailable

to Microsoft and KPMG is presented in the proffered briefs, and no unique 'perspective' is

ORDER DENYING MOTIONS FOR LEAVE TO FILE AMICUS BRIEFS - 3

1

2

3

provided or needed to resolve this discovery dispute." *Id*. The Government next argues that the instant Motions are untimely. *Id*. at 4-5 (citing *Microsoft Corp. v. United States Dept. of Justice*, 2016 WL 4506808, at *9; Federal Rule of Appellate Procedure 29(e)).

4

5

6

7

8

9

10

11

12

13

Only the Chamber filed a Reply brief. The Chamber acknowledges that "the Court may allow or deny additional briefing from the government as it sees fit..." Dkt. #181 at 1. The Chamber argues that the Government's complaint of additional pages in support of Microsoft would be standard practice for cases with amicus briefing, but the Chamber does acknowledge that it "sought to avoid duplication" with the other proposed amici. *Id*. at 2. The Chamber does not argue that its brief was untimely, but argues that it could not have filed its brief until after the Government's brief, and that therefore the use of Federal Rule of Appellate Procedure 29(e) "is entirely inapt." *Id*. at 3.

14

15

16

17

18

19

20

21

22

23

24

25

The Court has reviewed the arguments of the proposed amici and the Government. Because the instant Motions were all filed on the same date, avoid overlapping issues, and because the Chamber acknowledges coordinating with the other proposed amici, the Court generally agrees with the Government's view that these proposed briefs were intended to "effectively sidestep the page limits." The Court further finds that the proposed amici do not have sufficiently unique perspectives or unique information to warrant granting leave to greatly expand the briefing, and are simply attempting to bolster Microsoft's existing positions. The Court agrees with the Government that Microsoft and KPMG have more than adequate counsel and resources to advocate on their own behalf. Given all of this, under the Court's broad discretion, it will deny leave to file the proposed amicus briefs.

26

27

28

Having reviewed the relevant briefing and the remainder of the record, the Court hereby finds and ORDERS that the Motions for leave to participate as *amicus curiae* filed by the

ORDER DENYING MOTIONS FOR LEAVE TO FILE AMICUS BRIEFS - 4

Chamber, Dkt. #152, the Amici Group 1, Dkt. #155, and the Amici Group 2, Dkt. #165, are

DENIED.


        DATED this 14 day of November, 2016.



                                        _____
                                        RICARDO S. MARTINEZ
                                        CHIEF UNITED STATES DISTRICT JUDGE

ORDER DENYING MOTIONS FOR LEAVE TO FILE AMICUS BRIEFS - 5